# EXHIBIT K

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 2 of 12 PageID #: 470

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 1)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
TO PERMIT INSPECTION OF PREMISES

Nestlé Purina PetCare Company )
)
      v. ) Civil Action No. 14-cv-00859 (RWS)
)
Blue Buffalo Company Ltd. )
)

To:   James Makowski
       c/o Carmine Zarlenga
       MAYER BROWN LLP
       1999 K Street NW
       Washington, DC 20006

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE SCHEDULE A ATTACHED HERETO.**

| Place: | Date and Time: |
|---|---|
| Adeel Mangi c/o Walter Cohen<br>Obermayer Rebmann Maxwell & Hippel LLP<br>Harrisburg, PA<br>200 Locust Street, Suite 400<br>Harrisburg, PA 17101-1508 | August 15, 2014, 5:00 pm |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: August 5, 2014

          *CLERK OF COURT*           OR

  _____       /s/ Steven A. Zalesin
    *Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) **Blue Buffalo Company Ltd.**, who issues or requests this subpoena, are:

    STEVEN A. ZALESIN
    PATTERSON BELKNAP WEBB & TYLER LLP
    1133 AVENUE OF THE AMERICAS
    NEW YORK, NY 10036
    (212) 336-2000 / sazalesin@pbwt.com

7202674v.3

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 3 of 12 PageID #: 471

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **14 Civ. 00859**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

This subpoena for (*name of individual and title, if any*) _____

was received by me on (*date*) _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

7202674v.3

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*

   **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

   **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;

     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

     **(iv)** subjects a person to undue burden.

   **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

   **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

   **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

   **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

   **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

   **(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*

   **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

     **(i)** expressly make the claim; and

     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt**. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DEFINITIONS/INSTRUCTIONS

1. "Blue Buffalo" means Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all persons acting or purporting to act on Blue Buffalo's behalf.

2. "Nestlé Purina" means Nestlé Purina PetCare Company, including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all persons acting or purporting to act on Nestlé Purina's behalf.

3. "You" means James V. Makowski, Windsor Laboratories, and anyone acting or purporting to act on behalf of James V. Makowski or Windsor Laboratories.

4. "Communication" or "communications" means any type of oral, written or electronic contact between two or more persons in which information, thoughts or opinions in any form are exchanged, imparted or received.

5. The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, voice mail, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

6. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be

Case: 4:14-cv-00859-RWS Doc. #: 40-11 Filed: 08/20/14 Page: 6 of 12 PageID #: 474

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

      7.      "Concerning" means relating to, referring to, describing, evidencing or constituting.

      8.      If You believe that production of documents is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Provide responsive documents to all parts of the Request to which You do not object.

      9.      If You cannot produce responsive documents to any of these Requests in full, produce documents to the extent possible, specifying the reasons for Your inability to produce documents in full and provide responsive documents to the remainder.

      10.      In producing documents responsive to these Requests, furnish all information that is available to You, including documents in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

      11.      If a responsive document was, but no longer is, within Your possession, custody, or control, please state in detail:

      (a)      the type of document and the author(s), sender(s), recipient(s) and copyee(s) of the document;
      (b)      a summary of the contents of the document;
      (c)      what disposition was made of such document;
      (d)      the date of such disposition;
      (e)      whether the original or a copy thereof is within the possession, custody or control of any other person; and
      (f)      if the answer to (e) is affirmative, the identity of such

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 7 of 12 PageID #: 475

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

person.

12. If You have no documents responsive to a particular category, You shall so state in writing.

13. These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

14. You shall take immediate steps to preserve all documents responsive to this request, including electronic data that may exist on backup and/or other archived electronic computerized data compilations. These measures include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.

15. The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Case: 4:14-cv-00859-RWS   Doc. #:  40-11   Filed: 08/20/14   Page: 8 of 12 PageID #: 476

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

## DOCUMENT REQUESTS

1. All documents concerning your engagement in or about February 2014 to analyze the ingredients in Blue Buffalo or Nestlé Purina pet foods, including but not limited to contracts or agreements with Nestlé Purina; draft reports; and correspondence or communications concerning your engagement.

2. All documents concerning the "Microscopic Analysis" of Windsor Laboratories dated January 6, 2014 (hereinafter the "January 2014 Analysis"), including but not limited to contracts or agreements with Nestlé Purina to perform the work reflected in the January 2014 Analysis; draft reports; final reports; and correspondence concerning your engagement to perform this January 2014 Analysis.

3. All documents concerning the July 23, 2014 Expert Report of James V. Makowski, including the report of Windsor Laboratories dated April 21, 2014 beginning at page 6 of the July 23, 2014 Expert Report of James V. Makowski, or the January 2014 Analysis, including any drafts or notes.

4. True and accurate copies of all labels and packaging from each product sample corresponding to each test result contained in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

5. All documents concerning the sampling methodology used to select the samples corresponding to each test result contained in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

6. All documents concerning the "known standards" and "reference library of known ingredients" referenced in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

7202674v.3

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 9 of 12 PageID #: 477

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 5)

      7.      All documents concerning the criteria used to identify the ingredients listed in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

      8.      All photographs You took or images You recorded in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis, including all documents concerning the scale of any such photographs or images.

      9.      All slides you created in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

      10.      All documents concerning the definition or meaning of the phrase "raw chicken or poultry feather" as used in the July 23, 2014 Expert Report of James V. Makowski.

      11.      All documents concerning the particles You identified in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis, including any notes, lists, or descriptions of such particles.

      12.      All documents concerning the technique You used to "estimate[] the proportion of each component by visually estimating the percentage of each type of particle viewed through the microscope" in connection with the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

      13.      All documents concerning the amounts of egg shell, raw feather and leg scale, and the amount of grain in products labeled grain-free that you observed in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

      14.      All documents concerning any extrapolation techniques You used to calculate ingredient percentages from the particles You identified in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014

7202674v.3

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 10 of 12 PageID #: 478

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 6)

Analysis, including (1) any standards concerning the expected composition of particular ingredients, and (2) the method You used to determine the composition of the kibble and bits overall from Your visual estimate of the individual "fractions" You prepared.

15. All documents concerning any statistical analysis You used to calculate ingredient percentages from the particles You identified in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

16. All documents concerning any error analysis or estimation You used in connection with the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

17. All documents concerning the chemical analysis reflected at PUR_000337, including the testing protocols and methodologies used to conduct the analysis and what if any use You made of the chemical analysis.

18. All documents concerning any chemical or biologic analysis, including DNA, protein, mass spectroscopy, mass spectrometry, polymer chain reaction, Raman microscopy, or similar analysis You performed or consulted concerning the analysis described in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

19. Documents sufficient to identify any abbreviations or codes used in Your "Nestle Petcare Study" Notebook dated March 2014.

20. Documents sufficient to explain the relationship between the numbers in Your "Nestle Petcare Study" Notebook dated March 2014 and the results reported in the July 23, 2014 Expert Report of James V. Makowski.

7202674v.3

Case: 4:14-cv-00859-RWS   Doc. #: 40-11   Filed: 08/20/14   Page: 11 of 12 PageID #: 479

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 7)

21. All documents concerning the identities of the samples included in the "Microscopic Analysis" of Windsor Laboratories dated January 6, 2014, including documents concerning how you obtained these samples.

22. All documents concerning any work that You performed for Nestlé Purina that is not reflected in the July 23, 2014 Expert Report of James V. Makowski, including but not limited to contracts or agreements with Nestlé Purina; photographs; slides; draft reports; final reports; and correspondence concerning any such work.

23. All documents reflecting communications between You and Nestlé Purina.

24. All documents reflecting communications between You and Christopher Purschke, Mark Rogers, or Dawn Weilbacher.

25. All documents concerning peer review, or professional society or related guidelines for the sample preparation protocols used in connection with the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

26. All documents concerning peer review, or professional society or related guidelines for the microscopy interpretation in the July 23, 2014 Expert Report of James V. Makowski or the January 2014 Analysis.

27. Copies of all speeches that You have given on the topic of microscopy, including but not limited to speeches given at workshops conducted by the FDA and the National Institutes of Health.

28. All documents and communications concerning courses that You have taught on microscopy, including but not limited to courses taught at the Association of American Feed Control Officials, the American Association of Cereal Chemists, and the American Soybean Association.

Case: 4:14-cv-00859-RWS   Doc. #:  40-11   Filed: 08/20/14   Page: 12 of 12 PageID #: 480

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 8)

29. Documents sufficient to show all of your academic degrees and fields of concentration related to those degrees, including your "Ph.D. from the University of Delaware in Genetics" and Your "Ph.D. in Curriculum & Instruction/ Science Education" from the University of Delaware.

7202674v.3