# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BLUE BUFFALO COMPANY LTD., <br><br> Plaintiff, <br><br> v. <br><br> NESTLÉ PURINA PETCARE COMPANY and JOHN DOES 1-10, <br><br> Defendants. | Case No. 4:14-cv-00920 – SNL |

**FIRST SET OF EXPEDITED REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS FROM PLAINTIFF BLUE BUFFALO COMPANY LTD. TO <u>DEFENDANT NESTLÉ PURINA PETCARE COMPANY</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Blue Buffalo Company Ltd. ("Blue Buffalo") directs the following requests for production of documents and things to Defendant Nestlé Purina Petcare Company ("Nestlé Purina") and requests that, within 5 business days of the Court's order permitting service of these expedited requests or such other time as the parties may agree or the Court may order, Nestlé Purina produce responsive documents for inspection and copying at the offices of Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, New York 10036.

6976551v.5

**DEFINITIONS AND INSTRUCTIONS**

1.  "Blue Buffalo" means Blue Buffalo Company Ltd.

2.  "Nestlé Purina" or "You" means Nestlé Purina Petcare Company and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, attorneys, accountants, and all persons or entities acting or purporting to act under the control of Nestlé Purina.

3.  The "Nestlé Purina Complaint" means the Amended Complaint filed May 12, 2014 by Nestlé Purina in the matter of *Nestlé Purina Petcare Company v. The Blue Buffalo Company Ltd.*, Case No. 14-cv-00859 (E.D. Mo.) (ECF No. 9).

4.  The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal rules of Civil Procedure.  The term includes, without limitation, any written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, voice mail, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

5.  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

6.  The terms "production code" or "lot number" refer to a series of letters and numbers inkjet printed onto the surface of Blue Buffalo product bags either at the top or the bottom of the bag in the format reflecting in the following illustrative example:  BEST IF USED BY NOV 29 11 T LS 1730.

2

7. If You believe that production of documents is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Provide responsive documents to all parts of the Request to which You do not object.

8. If You cannot produce responsive documents to any of these Requests in full, produce documents to the extent possible, specifying the reasons for Your inability to produce documents in full and provide responsive documents to the remainder.

9. In producing documents responsive to these Requests, furnish all information that is available to You, including documents in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

10. If a responsive document was, but no longer is, within Your possession, custody, or control, please state in detail:

    (i) the type of document and the author(s), sender(s), recipient(s) and copyee(s) of the document;

    (ii) a summary of the contents of the document;

    (iii) what disposition was made of such document;

    (iv) the date of such disposition;

    (v) whether the original or a copy thereof is within the possession, custody or control of any other person; and

    (vi) if the answer to (v) is affirmative, the identity of such person.

11. Pursuant to Fed. R. Civ. P. 34(b), You shall produce responsive documents as they have been kept in the usual course of business or shall organize and label them to correspond to the enumerated requests of this demand. If You have no documents responsive to a particular category, You shall so state in writing.

12. These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

13. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Request most broad.

14. "And" and "or" when used herein shall be construed conjunctively or disjunctively as necessary to make each Request inclusive rather than exclusive.

15. The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

**EXPEDITED DOCUMENT REQUESTS**

DOCUMENT REQUEST NO. 1

All reports, summaries, results and analyses concerning the "investigation and scientific testing by an independent laboratory completed in April 2014" of Blue Buffalo products referenced in the Nestlé Purina Complaint.

DOCUMENT REQUEST NO. 2

All reports, summaries, results and analyses concerning any testing of Blue Buffalo products conducted by Nestlé Purina, or by third parties at Nestlé Purina's behest, within the past 12 months concerning the presence or absence of chicken or poultry by-product meal, corn, grains, rice, rice hulls, artificial preservatives or any other ingredients or substances in Blue Buffalo products, including any such testing not referenced in the Nestlé Purina Complaint.

DOCUMENT REQUEST NO. 3

To the extent not reflected in documents produced in response to Requests 1 and 2 above, documents sufficient to show, with regard to the testing referenced in Requests 1 and 2:

(i) The names of the laboratories that conducted the testing, and the individuals at those laboratories who directed the testing;

(ii) the dates of the testing;

(iii) the testing protocols or methodologies used;

(iv) the testing apparatus used;

(v) the sampling methodology used;

(vi) the number of product samples tested;

(vii) the identity of each product sample tested by brand name and lot number/production code corresponding to each test result;

5

6976551v.5

(viii) the date and location of purchase for each product sample corresponding to each test result; and

(ix) a complete dataset of all results, including any statistical analyses of the results.

Dated:  June 2, 2014

/s/ Steven A. Zalesin

Steven A. Zalesin
Adeel A. Mangi
Sean H. Murray
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
Facsimile: 212-336-2222

Martin Flumenbaum
Robert Atkins
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212-373-3000
Fax: 212-757-3990

Gerard T. Carmody
David H. Luce
CARMODY MACDONALD P.C.
120 S. Central Avenue
Suite 1800
St. Louis, MO 63105
Telephone: 314-854-8600
Fax: 314-854-8660

Of counsel:

Richard MacLean, Esq.
Blue Buffalo Company, Ltd.

6

6976551v.5