# EXHIBIT 8

# Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

August 1, 2014

Steven A. Zalesin
(212) 336-2110
szalesin@pbwt.com

By Email Attachment

Richard Assmus, Esq.
Mayer Brown LLP
1999 K Street NW
Washington, DC 20006

Re:   *Nestlé Purina PetCare Company v. Blue Buffalo Company Ltd.*,
      **4:14-cv-00859 (RWS)**

Dear Richard:

We write in response to your letter dated July 31, 2014.

First, we are disappointed by Nestlé Purina's response, which runs contrary to both the letter and the spirit of the parties' expedited discovery agreement. Nestlé Purina's production is deficient for the reasons detailed in my letter of July 28. From the documents that have been produced, it appears Nestle Purina's case is predicated on Dr. Makowski's bald claim that he looked at samples of unknown origin that he did not purchase, compared them to an undisclosed set of reference images, purported to identify materials using an unverifiable methodology, and then made extrapolations based on undisclosed statistical calculations. If Nestlé Purina has additional support for its claims and Dr. Makowski's analysis, as you suggest it does, then why it is refusing to disclose that information per the parties' agreement?

Second, we note that Nestlé Purina has carefully ignored our direct question seeking an explanation pursuant to Paragraph 13 of the Protective Order as to how the "Expert Report of James V. Makowski" and other documents produced on July 23, 2014 constitute Confidential Information. To be clear, we do not accept this designation and intend to challenge it. We are seeking your position in advance of doing so. Please tell us what your basis is for this designation.

Third, as an interim measure, without resolving our objections to the confidentiality designation and without prejudice to our position on this issue as detailed above, we have sought your permission to disclose the documents to a specific list of individual employees at Blue Buffalo. We agree that those individuals will use such information in good faith for the purposes of this lawsuit per your request. It is not clear what you mean by Purina having "the right" to disclose "similar" Blue Buffalo testing. We will, however, certainly take a consistent position and anticipate, at a minimum, agreeing to allow your technical employees to

7213236v.2

August 1, 2014
Page 2

review any similar testing by Blue Buffalo, provided you tell us in advance of any such disclosure (a) what documents you plan to share and (b) who you plan to share them with.

        Please confirm by close of business today your agreement that we can proceed to share the documents at issue with the previously listed Blue Buffalo employees, and please respond on the other issues as soon as possible.

    Sincerely,

    /s/ Steven A. Zalesin

    Steven A. Zalesin


cc:    Carmine Zarlenga, Esq.
        Kristine M. Young, Esq.
        David A. Roodman, Esq.

7213236v.2