# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY,<br><br>　　　　Plaintiff/ Counterclaim Defendant,<br><br>v.<br><br>THE BLUE BUFFALO COMPANY LTD.,<br><br>　　　　Defendant/ Counterclaim Plaintiff<br><br>v.<br><br>BLUE STATE DIGITAL INC.,<br>PRCG/HAGGERTY LLC and JOHN DOES 1-8<br><br>　　　　Counterclaim Defendants. | Case No. 4:14-cv-00859-RWS |

## BLUE BUFFALO COMPANY LTD.'S MOTION FOR
## LEAVE TO FILE AN AMENDED ANSWER WITH COUNTERCLAIM

Plaintiff Blue Buffalo Company Ltd. ("Blue Buffalo") moves for leave to file an Amended Answer with Counterclaim pursuant to Fed. R. Civ. P. 13(h), 15(a)(2), and 20(a)(2) and the Court's July 17, 2014 Case Management Order.

Blue Buffalo's Proposed Amended Answer with Counterclaim is attached as Ex. 1 hereto.[1]  Blue Buffalo seeks through this amendment to add as defendants two recently identified advertising agencies that assisted Nestlé Purina with its challenged advertising campaign against Blue Buffalo and seeks to substitute those names for John Doe 9 and John Doe

---

[1] Blue Buffalo's Proposed Amended Answer responds to Nestlé Purina's First Amended Complaint.  Yesterday, September 18, 2014, Nestlé Purina filed a motion to file a Second Amended Complaint.  In the event that motion is granted, Blue Buffalo will serve a responsive pleading at an appropriate time.

7297311v.3

10 in its Counterclaim.  In addition, while Blue Buffalo's original Answer and Counterclaim denied knowledge or information to answer certain allegations relating to Nestlé Purina's "independent testing" because it had not yet been produced, Blue Buffalo now amends its Answer and Counterclaim to reflect that Nestlé Purina has now disclosed the purported testing, and that that testing does not support the allegations in Nestlé Purina's advertising or in its Amended Complaint.

Blue Buffalo forwarded its motion papers to Nestlé Purina the day before this filing and asked if Blue Buffalo could represent that the motion was unopposed.  Nestlé Purina stated that it was not in a position to consent to the addition of these defendants and was still evaluating the issue.

## BACKGROUND FACTS

In May 2014, Nestlé Purina launched a marketing campaign and initiated this action.  Nestlé Purina claimed that "independent testing" showed Blue Buffalo products contained poultry by-products and corn contrary to its advertising, and that products Blue Buffalo markets as "grain-free" contain grains.  The centerpiece of Nestlé Purina's advertising campaign is the PetFoodHonesty.com website, which Nestlé Purina promotes through social media, including Facebook and Twitter.

On May 14, 2014, Blue Buffalo filed a Complaint in 4:14-cv-00920-SNLJ, alleging that Nestlé Purina's advertising campaign constitutes false advertising and defamation, among others claims.  In addition to Nestlé Purina, Blue Buffalo named as Defendants John Does 1-10 the advertising agencies that assisted Nestlé Purina in creating its smear campaign against Blue Buffalo.  On June 2, 2014, Blue Buffalo answered Nestlé Purina's Amended Complaint in this action, and reasserted its false advertising and defamation claims against

2

Nestlé Purina as counterclaims by reference to its Complaint in 4:14-cv-00920-SNL. Dkt. No. 21.

On June 4, 2014, the Court ordered Blue Buffalo's Complaint transferred and consolidated with Case 4:14-cv-00859-RWS. Dkt. No. 22

At the time Blue Buffalo filed its original Answer and claims against Nestlé Purina, it had no information concerning Nestlé Purina's purported testing and did not know the identities of its advertising agencies. On July 23, 2014, Blue Buffalo received from Nestlé Purina documents reflecting the testing that formed the basis for Nestlé Purina's advertising and for this action. As set forth in the Declaration of Dr. Vinayak P. Dravid [Dkt. No. 60], those documents confirmed that Nestlé Purina's testing provided no basis for Nestlé Purina's claims against Blue Buffalo.

Last week, on September 12, 2014, Blue Buffalo received Nestlé Purina's Responses to the Blue Buffalo Company's First Set of Interrogatories. *See* Ex. 2. Among other things, those responses indicated that PRCG/Haggerty LLC had "designed and built the PetFoodHonesty.com webpage and assisted in connection with public relations" and that Blue State Digital had "assisted Purina with developing content for social media posts to Purina's Facebook and Twitter Accounts."

## **DISCUSSION**

Leave to amend pleadings is freely given, Fed. R. Civ. P. 15(a)(2), and "should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). The Court entered a Case Management Order on July 17, 2014 directing that "[a]ll motions for joinder of additional parties or amendment of pleadings shall be filed no later than September 19, 2014." *See* Dkt. No. 37.

3

7297311v.3

Blue Buffalo seeks to amend its Answer with Counterclaims based on the newly-discovered information from Nestlé Purina's interrogatory responses identifying the relevant advertising agencies.  In particular Blue Buffalo seeks to identify two of the John Doe external advertising agencies that orchestrated the Nestlé Purina advertising campaign that is the subject of Blue Buffalo's Counterclaim and to incorporate additional specific pleadings with regard to these two entities.  *See* Ex. 1 Counterclaim ¶¶ 1, 12-13, 33, 38, 41.  Blue Buffalo also updates its pleading to reflect the fact that Nestlé Purina's independent testing has now been produced.  *See id.* Answer ¶¶ 1-2, 19, Counterclaim ¶¶ 8, 47.

Given the Court Order on consolidation, Blue Buffalo's Proposed Amended Answer with Counterclaim also includes the full text of its Counterclaim (rather than a cross reference to its Complaint in 4:14-cv-00920-SNL).

Granting leave to amend in order to identify the proper parties promotes the interest of justice by incorporating these parties into the litigation and furthers judicial efficiency by avoiding piecemeal claims.

## **CONCLUSION**

For the reasons set forth above, Blue Buffalo requests that this Court enter an Order permitting Blue Buffalo to file the attached Proposed Amended Answer with Counterclaim in accordance with Fed. R. Civ. P. 15(a)(2) and the Court's July 17, 2014 Case Management Order.

Dated: September 19, 2014

                Respectfully submitted,

                     /s/ Adeel A. Mangi

Steven A. Zalesin, *Lead Counsel* (admitted *pro hac vice*)
Adeel A. Mangi (admitted *pro hac vice*)
Vivian R.M. Storm (admitted *pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036-6710
Telephone: 212-336-2000
Facsimile: 212-336-2222

Martin Flumenbaum (admitted *pro hac vice*)
Robert Atkins (admitted *pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212-373-3000
Fax: 212-757-3990

Gerard T. Carmody, # 24769
David H. Luce, # 36050
Sarah J. Bettag, # 60849
CARMODY MACDONALD P.C.
120 S. Central Avenue
Suite 1800
St. Louis, MO 63105
Telephone: 314-854-8600
Fax: 314-854-8660

Of counsel:

  Richard MacLean, Esq.
  Blue Buffalo Company, Ltd.

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2014, I caused the foregoing to be served by means of Notice of Electronic Filing.


By: /s/ Vivian Storm

7297311v.3