# EXHIBIT G

# MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

October 7, 2014

VIA ELECTRONIC MAIL

**Richard M. Assmus**
Direct Tel +1 312 701 8623
Direct Fax +1 312 706 9125
rassmus@mayerbrown.com

Adeel A. Mangi
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036

Re:  *Nestlé Purina PetCare Co. v. Blue Buffalo Co. Ltd.*, No. 4:14-cv-00859 (RWS) (E.D. Mo)

Dear Adeel:

We write to follow up on and confirm issues discussed in our second meet and confer telephone call on October 3rd.

It is our understanding that the parties have no outstanding issues at this time regarding any document request that is not discussed below. If that understanding is incorrect, please let me know immediately. Purina reserves the right to raise further objections to the way in which Blue Buffalo responds to Purina's document requests once Blue Buffalo begins producing documents. As discussed during our October 3rd meet and confer, Purina has made two productions to date and will make a third production of documents this week. Please let us know when Blue Buffalo will begin its document production.

**Blue Buffalo's Interrogatories to Purina**

*Interrogatory 3 (Testing Information)*

Purina agreed to provide you with a response to Interrogatory 3, which is attached. Please contact me if you have any concerns regarding the narrative we have provided.

*Interrogatory 4 (Identity of Certain Individuals)*

The parties agreed that their previously exchanged letters set forth their respective positions but no agreement was reached with respect to Purina's response to Interrogatory No. 4.

**Blue Buffalo's Documents Requests to Purina**

*Request 10 (Launch of Beyond Product)*

Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

711418908

Adeel A. Mangi
October 7, 2014
Page 2

*Request 11 (Petfoodhonesty.com)*

As stated in my October 2nd letter, Purina agrees to produce content removed from Purina's social media pages due to violation of Purina's community guidelines. We have not yet confirmed whether such documents exist, and will advise you further upon the completion of that investigation.

*Request 12 (Purina.com)*

As indicated in my October 2nd letter, Purina will produce responsive documents to the extent that they are not publically available and reference Blue Buffalo or the allegations in this lawsuit. Purina does not agree with the statement in your October 2nd letter regarding this request. Purina does not agree to withdraw the limitation from its written response excluding documents that do not relate to or reference Blue Buffalo or the allegations in this lawsuit.

*Request 31 (Purina Pricing)*

Purina has agreed to produce basic pricing information for its ProPlan products in response to this request. Purina does not agree to a reciprocal exchange of pricing information as set forth in your September 12th and October 2nd letters. However, Purina is considering its position on pricing information and will advise you if our position has changed.

*Request 45 (Advertising Expenditures)*

Purina does not agree to the narrowed scope of this request as proposed in your October 2, 2014 letter. Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers.

*Request 46 (Advertisement Content)*

Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers. Among other reasons, the contents of Purina's advertisements are not related to the parties' allegations.

*Request 47 (Purina Grain-Free or By-Product Free Products)*

Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers.

*Request 54 (Grain or Gluten Allergy Research)*

Purina agrees to amend its written response to Document Request 54 to confirm that Purina will not dispute in this lawsuit that grains and glutens can cause allergic reactions in some dogs and cats.

711418908

Adeel A. Mangi
October 7, 2014
Page 3

### Request 57(ii) (Consumer/Customer Comments re Purina Ingredients)

Purina will agree to produce documents responsive to the narrowed version of this request set forth in your October 2nd letter.

### Request 60 (Purina's Use of Heat During Manufacturing)

As I stated we would do during our October 3rd meet and confer, Purina has considered again its allegations related to the cold formed process and continues to object to Request 60 for the requests for the reasons stated in its response to these requests, in my subsequent letters and during our meet and confers. Purina's use of heat in the manufacturing of is products has nothing to do with the allegations in Paragraph 32 of Purina's First Amended Complaint. Those allegations are that Blue Buffalo's advertisements falsely imply: (1) that the cold form process is the only way to preserve vitamins and minerals in pet foods and (2) Blue Buffalo does not use heat as high as 350 degrees in the manufacture of its own food. Nothing about Purina's use of heat during its manufacturing processes bears on either of these allegations.

### Requests 59, 61, 63-70 & 72 (Purina Manufacturing, Procurement, Quality Control Processes)

Purina will not agree to the compromise proposed in your October 2nd letter regarding the reciprocal withdrawal of requests relating to the parties' procurement, quality control and manufacturing. Blue Buffalo documents regarding these issues are directly relevant to the allegations in this lawsuit. Purina will not produce documents responsive to these requests as originally written or as modified by your October 2nd letter. Purina continues to object to these requests for the reasons stated in its response to these requests, in my subsequent letters and during our meet and confers. Among other reasons, documents responsive to these requests are not related to the parties' allegations. Purina's quality control procedures are not at issue and we do not find convincing your argument that Blue Buffalo should be permitted to measure its own quality control lapses against Purina's.

### Request 62 (Ingredients in Purina's Products)

As discussed during our October 3rd meet and confer, Purina is willing to produce the product formulas for the four Purina products Dr. Makowski tested, subject to a global resolution on the issue of the parties' production of their product formulas. Purina does not agree to produce all of its product formulas. Any other documents responsive to this request are irrelevant to the parties' allegations in this matter. There are no allegations that Purina's products contain ingredients that are not reflected on the products' labels. Furthermore, the extent of Purina's product line would make any such production burdensome.

### Request 74 (Purina Product Recalls)

Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers. Purina does not agree to produce any

711418908

Adeel A. Mangi
October 7, 2014
Page 4

responsive documents. Among other reasons, documents regarding recalls of Purina's products are not related to the parties' allegations. Purina's products are not on trial, and indeed Blue Buffalo's counterclaims against Purina do not relate to Purina's products.

*Request 79 (Board of Director/Management Meeting Minutes)*

As indicated in my October 2nd letter, Purina is willing to produce Board of Directors meeting minutes. Purina will not produce any other responsive documents other than those documents Purina has agreed to produce in its original response to this request for the reasons stated in that response, in my subsequent letters and during our meet and confers.

*Request 81 (Purina Labels/Packaging)*

Purina continues to object to this request for the reasons stated in its response to this request, in my subsequent letters and during our meet and confers. Purina does not agree to produce any responsive documents. Purina's products are not on trial in this case.

**Purina's Documents Requests to Blue Buffalo**

*General Objection 7 (Blue Buffalo Product Formulae)*

Blue Buffalo has objected to producing the exact formulae and amount of ingredients in its dry food products. Purina hereby confirms that it seeks only those formulations for the Blue Buffalo products Dr. Makowski tested. Blue Buffalo instead proposes to produce documents sufficient to show ingredient amounts in ranges of percentages or with the same groups of ingredients batched together. We do not believe this information will be sufficient.

*General Objection 8 (Scope)*

Purina understands that Blue Buffalo continues to object to producing any documents about Blue Buffalo's ingredients other than the use or exclusion of poultry by-product meal or corn in Blue Buffalo's dry food products, the use or exclusion of rice or rice hulls in Blue Buffalo's grain-free dry food products or the nutrient profile of LifeSource Bits. In particular, this objection implicates Purina's Document Request Nos. 7, 9, 10, 11, 16, 17, 22, 24, and 50.

*General Objection 14 (Date)*

Purina understands that Blue Buffalo will produce documents prepared, created, written, send, date or received on or after May 6, 2009.

*Requests 1 & 2 (Employee Lists and Organizational Charts)*

Purina confirms that it agrees to the narrowing of these requests as outlined in your September 12, 2014 letter and that it will produce a reciprocal scope of documents.

711418908

Adeel A. Mangi
October 7, 2014
Page 5

*Request 4 (Blue Buffalo Ownership/Structure)*

We understand that Blue Buffalo intends to provide us with a final answer as to whether it will produce documents responsive to this request. Your letter of today's date agrees to produce only its certificate of incorporation and its top three shareholders is not sufficient, and we consider this ripe for a motion to compel.

*Request 5 (Board of Director/Management Meeting Minutes)*

Purina does not agree to narrow this request to seek only Board of Directors meeting minutes. We understand that Blue Buffalo intends to stand on its objections to this request and will only produce those responsive documents as set forth in its original written response.

*Request 6 (Blue Buffalo Pricing)*

Purina understands that Blue Buffalo will produce the sub-set of documents responsive to this request as outlined in Blue Buffalo's original written response and as clarified in your September 12, 2014 letter.

*Request 8 (Claimed Health Benefits of LifeSource Bits)*

Purina understands that Blue Buffalo will produce documents and communications related to the substantiation and accuracy of the claims made in the portions of Blue Buffalo's website cited in Paragraphs 28, 32-34 of Purina's First Amended Complaint.

*Request 13 (Cold Formed Process)*

Purina proposed a narrower request in my October 2nd letter to you. During our October 3rd meet and confer you indicated that Blue Buffalo would consider the proposal and respond in writing. I also note that Blue Buffalo's response to Purina's Interrogatory No. 6, which asks Blue Buffalo to describe in detail the cold formed process, is a complete refusal to provide any information related to the process, including the highest temperature to which each LifeSource Bit is exposed during the manufacturing process. Blue Buffalo claims that this information is not relevant to any of the allegation in this lawsuit and that it calls for the disclosure of proprietary and trade secret information. As explained in my previous letters and during our meet and confers, this information is directly relevant to Purina's allegation that LifeSource Bits do not provide the nutrition Blue Buffalo claims they do and that the cold formed process is not superior to other methods by which vitamins can be preserved during the manufacturing process. To the extent that the information Purina seeks constitutes trade secret information, the Protective Order in this case that the parties negotiated protects the information from disclosure to anyone employed by Purina.

We are considering your offer to provide manufacturing specifications. Please advise us of the nature of the information that would be included in such documents.

711418908

Adeel A. Mangi
October 7, 2014
Page 6

<u>Requests 16, 17, 22, 24 (Blue Buffalo Suppliers, Manufacturers, Distributors, Co-Packers, Brokers and Blenders)</u>

Purina proposed a narrowing of these requests as reflected in my October 2nd letter. During our October 3rd meet and confer, you indicated that Blue Buffalo would consider the narrowed request and then inform Purina if it would produce responsive documents or continue to limit its production as set forth in its original written responses. We are considering your offer in your letter of today's date.

<u>Request 19 (Amount of Meal or By-Product Meal Used)</u>

Purina understands that Blue Buffalo continues to object to producing documents and communications sufficient to show the amount of chicken/poultry meal and/or chicken/poultry by-product meal used in Blue Buffalo's dry food products each year since May 6, 2009 and will not produce such documents. We do not believe that annual data, as you offered today, will be sufficient.

<u>Request 21 (Payments Between Blue Buffalo, Diversified Ingredients and Leonard Brennan)</u>

Purina understands that Blue Buffalo Purina continues to object to producing documents responsive to this request, except as set forth in its original written response.

<u>Request 29 (Blue Buffalo Advertisements)</u>

Purina proposed a limitation to this request in my October 2nd letter to you. You indicated during our October 3rd meet and confer that Blue Buffalo would consider this proposal and respond in writing. Your letter of today's date does not appear to respond on this point.

<u>Request 34 (Blue Buffalo Business Plans Referencing Purina)</u>

You indicated during our October 3rd meet and confer that you will discuss this request and Purina's rationale for it with your client and respond to us in writing whether Blue Buffalo will agree to produce additional responsive documents beyond those outlined in its original written response.

You have offered to produce limited documents subject to redactions. We will need to understand how extensive those redactions would be and how they would be logged to consider this proposal. In the absence of such information, we consider this issue ripe for a motion to compel.

<u>Request 35 (Blue Buffalo Sales Information)</u>

Purina understands that Blue Buffalo will produce documents sufficient to show separately by year total dollar sales of Blue Buffalo dry food products by SKU and total unit sales of Blue Buffalo dry food products by SKU from May 6, 2009 to the present. As we explained during the

711418908

Mayer Brown LLP

Adeel A. Mangi
October 7, 2014
Page 7

October 3rd meet and confer, this proposal is acceptable, but Purina intends to serve additional document requests related to its damages theory that may call for additional pricing information.

*Request 42 (Blue Buffalo Heat Processing Protocols)*

Purina understands that Blue Buffalo continues to object to this request and will not produce responsive documents.

*Requests 48 & 49 (NAD-Related Documents)*

Purina understands that Blue Buffalo continues to object to these requests and will not produce responsive documents. Blue Buffalo also refuses to answer even the narrow question posed by Purina's Interrogatory Nos. 10 and 11 which seek information regarding Blue Buffalo's decision to comply or not comply with the NAD's decisions in Case No. 4892. As explained in my previous letters and during our meet and confers, this information is directly relevant to Purina's allegations in this matter and must be produced.

*Request 50 (Blue Buffalo Product Recalls)*

Purina will not narrow this request. Purina understands that Blue Buffalo continues to object to this request and will only produce responsive documents as set forth in its original written response. Those documents are ones that relate to any recalls because of the presence of poultry by-product meal or corn, of grain in Blue Buffalo's grain-free products. According to Blue Buffalo's October 3rd response to Purina's Interrogatory No. 9, there has never been such a recall. However, as set forth in my previous letters and as discussed during our meet and confers, these documents are relevant to Purina's allegations that Blue Buffalo's products contain ingredients that Blue Buffalo claims they do not contain and are necessary to rebut Blue Buffalo's defense that their specifications do not call for the inclusion of ingredients such as by-product meal, corn, and artificial preservatives and flavorings.

We understand Blue Buffalo is standing on its objection.

*Request 54 (Retails Locations for Blue Buffalo Products)*

Blue Buffalo has agreed to produce documents sufficient to show retail locations to which it has directly shipped its products. Purina agrees to this limitation, subject to Blue Buffalo's agreement to state whether it indirectly ships its products to retail locations and, if so, the identities of the individuals or entities responsible for that shipping.

*   *   *

711418908

Adeel A. Mangi
October 7, 2014
Page 8

As I mentioned last week, Purina is amenable to further discussing any of these issues by phone in advance of the October 10th filing deadline for motions to compel.

Sincerely,

Richard M. Assmus

cc:   Carmine Zarlenga
      David Roodman

711418908