Case: 4:14-cv-00859-RWS   Doc. #: 91-3   Filed: 10/21/14   Page: 1 of 10 PageID #: 2159

# EXHIBIT C

Case: 4:14-cv-00859-RWS   Doc. #:  91-3   Filed: 10/21/14   Page: 2 of 10 PageID #: 2160

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 1)

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR
TO PERMIT INSPECTION OF PREMISES

| | |
|---|---|
| Nestlé Purina PetCare Company | ) |
|  | ) |
| v. | ) Civil Action No. 14-cv-00859 (RWS) |
|  | ) |
| Blue Buffalo Company Ltd. | ) |
|  | ) |

To:   Wilbur-Ellis Co.
      c/o Simon Frankel
      Covington & Burling LLP
      One Front Street
      San Francisco, CA 94111-5356

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE SCHEDULE A ATTACHED HERETO.**

| Place: | Date and Time: |
|---|---|
| Vivian Storm c/o Michelle Childers<br>Drinker Biddle & Reath LLP<br>50 Fremont St., 20th Floor<br>San Francisco, CA  94105-2235 | October 31, 2014, 9:30 a.m. |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: October 16, 2014

          *CLERK OF COURT*                              OR

    _____          _____/s/ Vivian R.M Storm_____
     *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) **Blue Buffalo Company Ltd.**, who issues or requests this subpoena, are:

VIVIAN R.M. STORM
PATTERSON BELKNAP WEBB & TYLER LLP
1133 AVENUE OF THE AMERICAS
NEW YORK, NY 10036
(212) 336-2000 / vstorm@pbwt.com

Civil Action No. **14 Civ. 00859**

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)*

This subpoena for (*name of individual and title, if any*) _____

was received by me on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

7311892v.2

Case: 4:14-cv-00859-RWS   Doc. #:  91-3   Filed: 10/21/14   Page: 4 of 10 PageID #: 2162

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

   **(i)** fails to allow a reasonable time to comply;

   **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   **(iv)** subjects a person to undue burden.

**(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

   **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

   **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:

**(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   **(i)** expressly make the claim; and

   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt**. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Case: 4:14-cv-00859-RWS   Doc. #: 91-3   Filed: 10/21/14   Page: 5 of 10 PageID #: 2163

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 1)

# SCHEDULE A

# DEFINITIONS/INSTRUCTIONS

1. "Blue Buffalo" means Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all entities or persons acting or purporting to act on Blue Buffalo's behalf.

2. "Custom Ag" means the entity known as Custom Ag or Custom Agriculture, including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all entities or persons acting or purporting to act on Custom Ag's behalf

3. "Diversified Ingredients" means Diversified Ingredients, Inc., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all entities or persons acting or purporting to act on Diversified Ingredients' behalf.

4. "Nestlé Purina" means Nestlé Purina PetCare Company, including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents, and all entities or persons acting or purporting to act on Nestlé Purina's behalf.

5. "You" or "Wilbur-Ellis" means Wilbur-Ellis Company, including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates,

7311892v.2

Case: 4:14-cv-00859-RWS   Doc. #: 91-3   Filed: 10/21/14   Page: 6 of 10 PageID #: 2164

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

and other organizational or operating units and present or former officers, directors, employees, or agents, and all persons acting or purporting to act on Wilbur-Ellis's behalf.

6. "Poultry Products" means chicken meal, turkey meal, poultry meal, chicken by-product meal, turkey by-product meal, poultry by-product meal, feather meal, hydrolyzed feathers, and any blends of these ingredients.

7. "Communication" or "communications" means any type of oral, written or electronic contact between two or more persons in which information, thoughts or opinions in any form are exchanged, imparted or received.

8. The term "document" is used in the broadest sense consistent with Rule 34(a) of the Federal Rules of Civil Procedure. The term includes, without limitation, any communication, written, recorded, transcribed, taped, photographic or graphic matter, any electronically, magnetically or digitally stored information, including, without limitation, voice mail, electronic mail, software, source code, object code or hard or floppy disc files, any other tangible things, and all copies of any of the foregoing that are different in any way from the original.

9. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive; use of a singular noun shall be construed to include the plural noun and use of a plural noun shall be construed to include the singular noun; the use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the requested documents that which might otherwise be construed to be outside its scope.

10. "Concerning" means relating to, referring to, describing, evidencing or constituting.

7311892v.2

Case: 4:14-cv-00859-RWS   Doc. #: 91-3   Filed: 10/21/14   Page: 7 of 10 PageID #: 2165

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

11. If You believe that production of documents is privileged or otherwise excluded from discovery, You are requested to specify the basis of the privilege or other grounds for exclusion and to provide all other appropriate information as required by Rule 26(b)(5) of the Federal Rules of Civil Procedure. Provide responsive documents to all parts of the Request to which You do not object.

12. If You cannot produce responsive documents to any of these Requests in full, produce documents to the extent possible, specifying the reasons for Your inability to produce documents in full and provide responsive documents to the remainder.

13. In producing documents responsive to these Requests, furnish all information that is available to You, including documents in the possession of Your agents, employees, or attorneys, or otherwise subject to Your custody or control.

14. If a responsive document was, but no longer is, within Your possession, custody, or control, please state in detail:

> (a) the type of document and the author(s), sender(s), recipient(s) and copyee(s) of the document;
> (b) a summary of the contents of the document;
> (c) what disposition was made of such document;
> (d) the date of such disposition;
> (e) whether the original or a copy thereof is within the possession, custody or control of any other person; and
> (f) if the answer to (e) is affirmative, the identity of such person.

15. If You have no documents responsive to a particular category, You shall so state in writing.

16. These definitions and instructions, and the requests set forth below, apply equally to all forms of electronic communications, including e-mails, and to all other tangible things.

7311892v.2

Case: 4:14-cv-00859-RWS   Doc. #:  91-3   Filed: 10/21/14   Page: 8 of 10 PageID #: 2166

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 4)

17. You shall take immediate steps to preserve all documents responsive to this request, including electronic data that may exist on backup and/or other archived electronic computerized data compilations. These measures include, but are not limited to, discontinuation of all data destruction and backup tape recycling policies applicable to such documents.

18. The Requests should be deemed continuing and the responses to them must be supplemented pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

19. The relevant time period for the Requests is May 6, 2009 to present.

Case: 4:14-cv-00859-RWS   Doc. #:  91-3   Filed: 10/21/14   Page: 9 of 10 PageID #: 2167

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 5)

## DOCUMENT REQUESTS

1. All documents concerning the litigation captioned *Nestlé Purina PetCare Co. v. The Blue Buffalo Co. Ltd.*, No. 4-14-CV-00859 (E.D. Mo.).

2. All documents concerning the mislabeling, misbranding or adulteration of Poultry Products sold by Wilbur-Ellis.

3. All documents concerning any instance in which Poultry Products You sold directly or indirectly to Blue Buffalo or Nestlé Purina deviated from the specifications provided by Blue Buffalo, Nestlé Purina or entities acting on their behalf, including Diversified Ingredients or Custom Ag.

4. Document sufficient to show how Wilbur-Ellis defines a "blend" or "blended" meal product.

5. Documents sufficient to show the amount of each Poultry Product You sold directly or indirectly to Blue Buffalo or Nestlé Purina.

6. Documents sufficient to show the amount of each Poultry Product You sold directly or indirectly to Blue Buffalo or Nestlé Purina that was mislabeled, misbranded, adulterated or deviated from customer specifications and the dates of any such sales.

7. Documents sufficient to show (i) the identities of any customers other than Blue Buffalo or Nestlé Purina to whom Wilbur-Ellis sold product that was mislabeled, misbranded, adulterated or deviated from customer specifications; and (ii) the amount of each Poultry Product sold directly or indirectly to each such customer that was mislabeled, misbranded, adulterated or deviated from customer specifications and the dates of any such sales.

7311892v.2

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 6)

8. Documents sufficient to show Your policies, procedures, or practices to ensure that Poultry Products You sell are not contaminated, adulterated, mislabeled, misbranded, and do not otherwise deviate from customer specifications.

9. All documents concerning any investigation or inquiry into the inclusion of non-disclosed ingredients in any Poultry Products sold by Wilbur-Ellis, or to the mislabeling, misbranding or adulteration of any Poultry Products sold by Wilbur-Ellis.

10. All contract and agreements between You and Diversified or Custom Ag concerning Poultry Products.

11. All communications between You and Nestlé Purina concerning Your sales of Poultry Products to Blue Buffalo, Diversified, or Custom Ag.

7311892v.2