# EXHIBIT B

```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

NESTLE PURINA PETCARE COMPANY,     )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )
                                   ) No 4:14-CV-859 RWS
BLUE BUFFALO COMPANY, LTD.,        )
                                   )
     Defendant.                    )

                          MOTION HEARING
              BEFORE THE HONORABLE RODNEY W. SIPPEL
                  UNITED STATES DISTRICT JUDGE
                       SEPTEMBER 8, 2014
```

APPEARANCES:
For Plaintiff:          Carmine R. Zarlenga, III, Esq.
                        MAYER BROWN LLP
                        1999 K Street, N.W.
                        Washington, DC  20006

                        David A. Roodman, Esq.
                        Emma C. Harty, Esq.
                        BRYAN CAVE LLP
                        211 North Broadway, Suite 3600
                        St. Louis, MO  63102

For Defendant:          Steven A. Zalesin, Esq.
                        PATTERSON AND BELKNAP
                        1133 Avenue of the Americas
                        New York, NY  10036

                        David H. Luce, Esq.
                        CARMODY MACDONALD P.C.
                        120 South Central, Suite 1800
                        Clayton, MO  63105

REPORTED BY:            SHANNON L. WHITE, RMR, CRR, CSR, CCR
                        Official Court Reporter
                        United States District Court
                        111 South Tenth Street, Third Floor
                        St. Louis, MO  63102
                        (314) 244-7966

PRODUCED BY COURT REPORTER COMPUTER-AIDED TRANSCRIPTION

```
                                                                11
 1              MR. ZALESIN:  He did.  So that's the issue with the
 2    deposition.  And it's a fact issue.  And if they want to
 3    designate him at the end of the case as an expert and try to
 4    qualify him as an expert and have him testify in that
 5    capacity, we have no objection to that in principle.  If we
 6    have to -- if he gives us a second report and it's
 7    substantially and substantively the same as the first report
 8    and we don't need to depose him again, we're not going to go
 9    back and retrace our steps.  We're not trying to create extra
10    work for anyone.  We're trying to get at the facts that lie at
11    the core of this dispute.  So that's the issue of the
12    deposition.
13              THE COURT:  Let's stay with the deposition, and we'll
14    solve this.
15              MR. ZALESIN:  Okay.
16              THE COURT:  And then we'll talk about the
17    confidentiality designation which is, I take it --
18              MR. ZALESIN:  Okay.  The only thing I would add on
19    the deposition, Your Honor, is we have had -- they have
20    essentially admitted to us and to you that this is relevant
21    factual discovery.  They've produced all these documents.  It
22    was in the lead up to we filed a motion for expedited
23    discovery.  We ultimately negotiated a resolution of that by
24    which they agreed to produce their testing, but they never
25    took the position that this is not appropriate fact discovery
```