# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:14-cv-00859 |
| THE BLUE BUFFALO COMPANY LTD., | ) |
| Defendant. | ) |

**PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO THE BLUE BUFFALO COMPANY LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Nestlé Purina PetCare Company ("Purina") hereby requests that Defendant The Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant" or "You") produce for inspection and copying the following documents at the offices of Defendant's counsel, or by such other means and at such other time and place as may be agreed upon by the parties, and that said production be made within 30 days of the date of service of this request.  These Requests for Production are deemed continuing in nature as permitted by Rule 26(e) of the Federal Rules of Civil Procedure and are to be supplemented promptly upon Defendant's acquisition of further or additional documents or things.

Plaintiff's requests for documents and things shall be responded to in accordance with the Definitions and Instructions attached hereto as Appendices A and B, respectively.

711204743

## REQUESTS FOR PRODUCTION

**Request No. 106:** All documents and communications related to Your engagement and/or relationship with Dr. Dravid, including, but not limited to documents and communications:

(a) related to any testing, review, analysis and/or critique of Dr. James V. Makowski ("Dr. Makowski") or the work that Dr. Makowski has performed related to the above-captioned matter, including, but not limited to the Expert Report of James V. Makowski dated July 23, 2014 that was produced to You (PUR_000207-52);

(b) related to Your engagement with Dr. Dravid in connection with the above-captioned matter, including, but not limited to, any agreements between You and Dr. Dravid and any communications related thereto;

(c) related to any testing, review, analysis and/or critique of the Blue Buffalo Products or any of Purina's products, including, but not limited to lab notebooks and draft reports;

(d) related to Dr. Dravid's Declaration, including, but not limited to all documents and communications that Dr. Dravid relied on in support of his Declaration;

(e) related to Dr. Dravid's educational background and alleged qualifications to act as an expert in the above-captioned matter, including, but not limited to copies of all professional degrees, certificates or the like earned by Dr. Dravid and copies of all academic and/or professional publications authored, co-authored or contributed to by Dr. Dravid, including those referenced in his Declaration;

(f) substantiating Dr. Dravid's criticisms of Dr. Makowski's product testing techniques; and

(g) supporting any of Your claims or defenses in the above-captioned matter.

**Request No. 107:** All documents and communications substantiating the results of Your True Blue Test as well as Your advertised claims that:

(a) the Blue Buffalo Products contain no chicken/poultry by-product meals;

(b) the Blue Buffalo Products contain no corn, wheat or soy;

(c) the Blue Buffalo Products contain no artificial preservatives, colors or flavors;

(d) the Blue Buffalo Products provide pets with "superior nutrition" as compared to competitor products;

711204743

(e) the Blue Buffalo Products contain "only the finest natural ingredients";

(f) the Blue Buffalo Products that are labeled as "grain free" do not contain any grains, including corn, rice, rice hulls or wheat;

(g) "big name" pet food companies are actively concealing the truth about the ingredients in their products;

(h) the Blue Buffalo Products are human grade, including using the slogan "Love them like family, feed them like family" or similar slogans; and

(i) applying heat to pet foods and/or manufacturing products using anything other than a "cold formed" process reduces the vitamin, mineral and/or nutrient quality of the food.

**Request No. 108:** All documents and communications related to the ingredients, manufacturing specifications and/or other instructions and/or guidelines that You provide to any party that plays any role in the formulation, manufacture and/or creation of the Blue Buffalo Products, including, but not limited to, Manufacturers, Blenders, Brokers, Co-Packers, Distributors and/or Suppliers (including, but not limited to, Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and Diversified Ingredients).

**Request No. 109:** All documents and communications related to any certifications, assurances, confirmations or the like and the policies and procedures therefore that Your Manufacturers, Blenders, Brokers, Co-Packers, Distributors and/or Suppliers (including, but not limited to, Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and Diversified Ingredients) have provided to You confirming and/or certifying compliance with any specifications, instructions, guidelines, requirements or the like that You provided related to the formulation, manufacture and/or creation of the Blue Buffalo Products, including, but not limited to, compliance with formulations, manufacturing processes or ingredient purchase requirements.

**Request No. 110:** All documents and communications supporting Your contention that there is no established bright-line test for identifying the presence or absence of by-products in pet food products.

**Request No. 111:** All documents that constitute or relate to communications of or to Joe Conti, Your Director of Regulatory Affairs, including but not limited to, telephone records, emails (including drafts thereof), notes (handwritten or otherwise), memoranda, and work papers related to:

(a) Your Advertising or promotion of the Blue Buffalo Products;

(b) any labels or packaging used on or in connection with the Blue Buffalo Products;

(c) the formulations and/or ingredient content of the Blue Buffalo Products, including, but not limited to, all documents and communications related to any chicken/poultry meal and/or chicken/poultry by-product meal used in the Blue Buffalo Products;

(d) the Feed and Pet Food Joint Conference that took place in Omaha, Nebraska from October 7 – 9, 2014; and

(e) any conversations between Mr. Conti and any representative of Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and/or Diversified Ingredients related to the ingredients purchased for use in connection with and/or used in connection with the Blue Buffalo Products.

**Request No. 112:** All documents and communications between You and Your Manufacturers, Blenders, Brokers, Co-Packers, Distributors and/or Suppliers (including, but not limited to, Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and Diversified Ingredients), that were prepared, created, written, sent, dated, or received up to and including the date You serve responses and/or objections to these documents requests, related to:

(a) Your Advertising or promotion of the Blue Buffalo Products;

-4-

711204743

(b)  any labels or packaging used on or in connection with the Blue Buffalo Products; and

(c)  the formulations and/or ingredient content of the Blue Buffalo Products, including, but not limited to, all documents and communications related to any chicken/poultry meal and/or chicken/poultry by-product meal used in the Blue Buffalo Products.

**Request No. 113:** All documents and communications related to shipments You received from Your Manufacturers, Blenders, Brokers, Co-Packers, Distributors and/or Suppliers (including, but not limited to, documents from Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and/or Diversified Ingredients) related to the ingredients purchased for use in connection with and/or used in connection with the Blue Buffalo Products.

**Request No. 114:** . All documents and communications, including but not limited to, telephone records, emails (including drafts thereof), notes (handwritten or otherwise), memoranda, and work papers related to the "Pet Parent Resource Center" referenced on Your website <http://bluebuffalo.com/about-us/whats-new-at-blue/wilbur-ellis-texas-plant/>. This request includes, but is not limited to, documents and communications containing, reflecting, summarizing, or analyzing consumer questions, comments, concerns, inquiries, reactions, and interpretations, and all documents and communications related to any of Your responses thereto.

**Request No. 115:** All documents concerning communications between You and Michael Peterson concerning Blue Buffalo or Leonard Brennan, including any documents concerning Blue Buffalo or Leonard Brennan that Michael Peterson provided to You.

**Request No. 116:** All documents concerning the quality control procedures Wilbur-Ellis Company, American By-Products, Inc., Darling International Inc., DarPro, or Diversified Ingredients use in connection with their procurement, production, rendering, blending, or storage

711204743

of chicken meal, turkey meal, poultry meal, chicken by-product meal, turkey by-product meal, or poultry by-product meal, including any inspections, tests, audits, or assays of these ingredients.

**Request No. 117:** All documents concerning mislabeling, misbranding, adulteration, or deviation from customer specifications of chicken meal, turkey meal, poultry meal, chicken by-product meal, turkey by-product meal, or poultry by-product meal sold by Wilbur-Ellis Company, American By-Products, Inc., Darling International Inc., DarPro, or Diversified Ingredients, or any supplier, broker or blender that provides these ingredients for use in the Blue Buffalo Products.

**Request No. 118:** All documents concerning communications between You and Neil Vary, Marjorie McCutcheon, or Pascal Veys.

**Request No. 119:** All documents concerning Your use of agricultural or feed microscopy.

**Request No. 120:** All documents and communications between You and any governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) related to:

(a) Your Advertising or promotion of the Blue Buffalo Products;

(b) any labels or packaging used on or in connection with the Blue Buffalo Products; and

(c) the formulations and/or ingredient content of the Blue Buffalo Products, including, but not limited to, all documents and communications related to any chicken/poultry meal and/or chicken/poultry by-product meal used in the Blue Buffalo Products.

**Request No. 121:** All documents and communications related to any Naturox or Lecithin used in the Blue Buffalo Products.

711204743

**Request No. 122:** All documents and communications related to Your policies or procedures related to receiving gifts from Manufacturers, Blenders, Brokers, Co-Packers, Distributors and/or Suppliers (including, but not limited to, documents from Wilbur-Ellis, Pilgrim's Pride, Darling International Incorporated, American By-Products and/or Diversified Ingredients).

**Request No. 123:** All documents and communications related to or constituting Leonard Brennan's personnel file including, but not limited to, performance evaluations.

Dated: October 31, 2014

NESTLÉ PURINA PETCARE COMPANY

*[signature]*

Carmine R. Zarlenga, 386244DC *(Lead attorney)*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3227
Facsimile: (202) 263-5227
czarlenga@mayerbrown.com

Richard M. Assmus *(pro hac vice)*
Kristine M. Young *(pro hac vice)*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
rassmus@mayerbrown.com
kyoung@mayerbrown.com

David A. Roodman, 38109MO
BRYAN CAVE LLP
211 North Broadway #3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
daroodman@bryancave.com

*Counsel for Nestlé Purina PetCare Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a true and correct copy of the foregoing Plaintiff's Third Set of Requests for Production of Documents and Things to The Blue Buffalo Company Ltd. to be served upon counsel of record on October 31, 2014 by electronic mail to the addresses indicated below.

Patterson Belknap Webb & Tyler LLP
Attn: Steven A. Zalesin
1133 Avenue of the Americas
New York, NY 10036-6710
Email: sazalesin@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Adeel A. Mangi
1133 Avenue of the Americas
New York, NY 10036-6710
Email: aamangi@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Sean H. Murray
1133 Avenue of the Americas
New York, NY 10036-6710
Email: smurray@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Vivian Storm
1133 Avenue of the Americas
New York, NY 10036-6710
Email: vstorm@pbwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Martin Flumenbaum
1285 Avenue of the Americas
New York, NY 10019-6064
Email: mflumenbaum@paulweiss.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Robert Atkins
1285 Avenue of the Americas
New York, NY 10019-6064
Email: ratkins@paulweiss.com

Carmody MacDonald P.C.
Attn: David H. Luce
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: dhl@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Gerard T. Carmody
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: gtc@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Sarah J. Bettag
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: sjb@carmodymacdonald.com

By: /s/ Richard McAsnus

711204743

# APPENDIX A

## DEFINITIONS

A. "Advertisements" means any advertising or promotional material, including without limitation advertising plans or strategies, in-store point-of-sale materials, product labels, radio or television commercials, billboards, print advertising, television and movie product placement, direct mail and e-mail, and all online, internet, native, social media or other electronic content, whether generated by Blue Buffalo or by any party with Blue Buffalo's sponsorship or support.

B. "Blender" means any person or entity, including Wilbur-Ellis and American By-Products, Inc., who is responsible for combining any two or more ingredients to create any mixture, such as poultry/chicken meal and poultry/chicken by-product meal, that has been used or is currently used in any Blue Buffalo Product.

C. "Blue Buffalo," "Defendant," "You" and "Your" means defendant The Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents and all persons acting or purporting to act on Blue Buffalo's behalf.

D. "Blue Buffalo Products" means any and all pet food products, pet treat products, litter products and the like, sold or offered for sale by Blue Buffalo currently or since January 1, 2007.

E. "Broker" means any person or entity responsible for purchasing or otherwise procuring any ingredient that has been or is currently being used in any Blue Buffalo Product.

F. "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation conversations, discussions, letters,

711204743

correspondence, memoranda, meetings, notes, speeches, cable, facsimile, telex, telephone call, electronic mail message or other transfer of information, whether written, oral or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

G.  "Competitor" means any person or entity other than Blue Buffalo that manufactures, distributes, offers for sale or sells pet food, pet treats, pet products or any products related to the same, including Purina.

H.  "Co-packer" means any person or entity that is currently or in the past has been responsible for compiling and/or packaging Blue Buffalo Products for sale.

I.  "Declaration" means the declaration of Dr. Vinayak P. Dravid that was filed under seal with the Court in the above-captioned matter (Case No. 4:14-cv-859-RWS) in support of Blue Buffalo's Reply Memorandum of Blue Buffalo Company Ltd. In Support of its Cross-Motion to Compel Dr. Makowski's Deposition by Defendant The Blue Buffalo Company Ltd. on September 6, 2014 at Dkt. No. 60 and the Exhibit thereto.

J.  "Distributor" means any person or entity who supplies any ingredient included in the Blue Buffalo Products to any manufacturer or any other person or entity or any person or entity who supplies the Blue Buffalo Products to any retailer or other point-of-sale.

K.  "Document" is defined as having the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation all handwritten, typed, printed, graphic, digital, and/or computer-stored matter such as correspondence, memoranda, notes, desk calendars, logs, drafts, work papers, blueprints, drawings or sketches, minutes or recordings of meetings, speeches, presentations, conversations or telephone calls (whether recorded in writing, mechanically or electronically), records, studies, analyses, reports,

forecasts, schedules, surveys, invoices, receipts, check stubs, CD-ROMs, computer data, any retrievable data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earnings, statements of net worth, credit reports, statements of operations, audit reports, financial summaries, statements of lists or assets, figures, statistics, agreements, government filings, inquires, reports, contracts, expense reports, photographs, slides, videos, communications (including without limitation electronic mail and web site information), and information or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally or otherwise). "Document" also means an authentic copy where the original is not in Blue Buffalo's possession, custody or control and every copy of a document where the copy is not an identical duplicate of the original.

L.    "Entity" means legal or business entity of any kind and includes, without limitation, corporations, partnerships, trusts, associations and organizations, or any other form of business or any legal, governmental or business unit.

M.    "Identify" when used with reference to a natural person means to give, to the extent known, the person's full name, present or last-known address, and the present or last known place of employment. "Identify" when used with reference to any other type of person, means to give the person's full name (including any assumed or business name), address(es) and form of organization (i.e., corporation, partnership, unincorporated association, etc.). Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

N.  "Manufacturer" means any person or entity who is responsible for creating any Blue Buffalo Product and/or assembling any Blue Buffalo Product into the form in which it is sold to consumers.

O.  "Person" means any natural person or any business, legal or governmental entity or association.

P.  "Purina" means plaintiff Nestlé Purina PetCare Company, including all of its officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries and affiliates.

Q.  "Supplier" means any person or entity from whom Blue Buffalo purchases or has purchased any of the ingredients used in the Blue Buffalo Products, including Diversified Ingredients and Darling International Incorporated.

R.  "Things" means all physical items that are not considered documents and shall have the broadest interpretation of that term in Rule 34(a) of the Federal Rules of Civil Procedure.

S.  The terms "relate," "refer," "reflect," "concern," and "pertain" mean discussing, evidencing, mentioning, memorializing, describing, constituting, containing, analyzing, studying, reporting on, commenting on, recommending, concerning, reflecting, summarizing, referring to, pertaining to, supporting, refuting, and/or purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, support, refute, and/or in any way be relevant, in whole or in part.

T.  The term "any" shall be understood in either its most or least inclusive sense as it will bring within the scope of discovery requests all responses that might otherwise be construed to be out of its scope.

U. The use of a singular form of any word includes the plural and vice versa.

V. The connectives "and" and "or" shall be construed both disjunctively and conjunctively so as not to exclude any information otherwise within the scope of any discovery request.

711204743

## APPENDIX B

## INSTRUCTIONS

A.     Unless otherwise noted, these requests require production of documents and things that were prepared, created, written, sent, dated, or received on or after January 1, 2007.

B.     The following requests are intended to be construed as broadly as their language permits.  They are to be construed independently, except when such construction limits their scope.  Any ambiguity should be resolved by selecting the broadest construction possible.  If any request or term in these requests is ambiguous or unclear to you, please contact the undersigned counsel as soon as possible so the request can be clarified so as to avoid unnecessary delay in discovery.  If an objection is made to part of a request, then that part shall be specified and an answer or production given for the remaining parts.

C.     If any responsive document has been lost or destroyed, identify: (i) the author; (ii) the date of loss or destruction; (iii) the reason for loss or destruction; (iv) the identity of those directing the destruction, if any; and (v) the substance of the document.

D.     If Blue Buffalo objects to the scope or breadth of any request, Blue Buffalo is directed to (i) respond within the scope or breadth of production that Blue Buffalo contends is proper and (ii) define the scope or breadth in which Blue Buffalo has responded.  Any limited response does not preclude Plaintiff from seeking additional discovery of the full scope or breadth of the request.

E.     Produce all documents which exist or have been maintained in electronic form in the electronic media required to be accessed and read by appropriate electronic equipment or, if necessary, written identification of the electronic equipment or software needed to access the electronic data.

711204743

F.  These requests seek all documents, objects, or other tangible things described in the categories below which are in Blue Buffalo's possession, custody or control.

711204743