# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

NESTLE PURINA PETCARE COMPANY,

       Plaintiff/ Counterclaim Defendant,

      - v. -

BLUE BUFFALO COMPANY LTD.,

       Defendant/ Counterclaim Plaintiff.

Case No. 4:14-cv-00859 RWS

**RESPONSES AND OBJECTIONS OF DEFENDANT AND COUNTERCLAIM
PLAINTIFF BLUE BUFFALO COMPANY LTD. TO NESTLE PURINA PETCARE
COMPANY'S FIRST SET OF REQUESTS FOR THE
<u>PRODUCTION OF DOCUMENTS AND THINGS</u>**

        Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant/Counterclaim

Plaintiff Blue Buffalo Company Ltd. ("Blue Buffalo") hereby responds and objects to Plaintiff/

Counterclaim Defendant Nestlé Purina PetCare Company's First Set of Requests for Production of

Documents and Things as follows:

<u>**GENERAL OBJECTIONS**</u>

        1.      Blue Buffalo objects to the extent the Requests purport to impose obligations on

Blue Buffalo that exceed the requirements of the Federal Rules of Civil Procedure, the Local

Rules, and any other relevant rules of practice.

        2.      Blue Buffalo objects to the Requests to the extent they seeks documents that are not

in Blue Buffalo's possession or custody or under its control, including documents that are in the

possession or custody or under the control of any other entity or individual.  Blue Buffalo will

7198124v.3

produce only documents that are stored at its headquarters in Wilton, Connecticut or that are in the possession of its employees.

3.      Blue Buffalo objects to the Requests to the extent they are vague, ambiguous, overly broad or unduly burdensome, lack reasonable particularity, seek irrelevant information or information not reasonably calculated to lead to the discovery of admissible evidence, go beyond the subject matter of this action, or call for an interpretation on the part of Blue Buffalo.  In order to provide a response in good faith, Blue Buffalo has made such interpretations where necessary and has responded accordingly.

4.      Blue Buffalo objects to the Requests to the extent they call for the production of documents or other disclosure of information protected by the attorney-client privilege, the work product doctrine or any other applicable privilege, immunity or doctrine.  Inadvertent disclosure of such documents or information shall not constitute a waiver of any privilege, immunity or doctrine with respect to the subject matter thereof or the information contained therein and shall not waive the right of Blue Buffalo to object to the use of any such information or document (or the information contained therein) during any pending or subsequent proceeding.  Any document inadvertently produced should be returned immediately to Blue Buffalo upon request.

5.      Blue Buffalo objects to the Requests to the extent that their contents are duplicative.  Blue Buffalo will not produce multiple copies of documents or things.

6.      Blue Buffalo objects to the Requests to the extent that they seek information or documents that are obtainable from another source, including any public source, that is more convenient, less burdensome, or less expensive.

7.      Blue Buffalo objects to the Requests insofar as they call for the production of documents containing trade secrets.  Blue Buffalo expressly reserves the right to redact trade secret information from documents produced in response to these requests.

8.      Blue Buffalo objects to the Requests to the extent that they seek documents about Blue Buffalo's ingredients other than the use or exclusion of poultry by-product meal or corn in Blue Buffalo's dry food products; the use or exclusion of rice or rice hulls in Blue Buffalo's grain-free dry food products; or the nutrient profile of LifeSource Bits (referred to hereafter as "the Challenged Claims").

9.      Blue Buffalo objects to Appendix A, Part B, to the extent that "Blender" is defined to include blenders of any ingredients other than those related to the Challenged Claims.

10.     Blue Buffalo objects to Appendix A, Part D, to the extent that "Blue Buffalo Products" is defined to include Blue Buffalo products other than Blue Buffalo's dry food products. Except as specifically set forth below, Blue Buffalo will only produce documents related to its dry food products.

11.     Blue Buffalo objects to Appendix A, Part E, to the extent that "Broker" is defined to include brokers of any ingredients other than those related to the Challenged Claims.

12.     Blue Buffalo objects to Appendix A, Part I, to the extent that "Distributor" is defined to include distributors of any ingredients other than those related to the Challenged Claims, and to the extent that it is defined to include "any person or entity who supplies the Blue Buffalo Products to any retailer or other point-of-sale."

13.     Blue Buffalo objects to Appendix A, Part P, to the extent that "Supplier" is defined to include suppliers of any ingredients other than those related to the Challenged Claims.

14.     Blue Buffalo objects to Appendix B, Part A and to any individual request that seeks documents prepared, created, written, sent, dated, or received before May 6, 2013.  Blue Buffalo will only produce documents that were prepared, created, written, sent, dated, or received on or after May 6, 2013, which is a one year period prior to the filing of the Complaint and encompasses the period of time when Plaintiff carried out the testing at issue.

15.     Blue Buffalo objects to the Requests to the extent that they call for the production of documents, including electronically stored information, according to technical specifications that exceed or differ from those previously agreed to by the parties.

16.     In accordance with the Joint Scheduling Plan, Blue Buffalo objects to the Requests to the extent that they call for the logging of privileged documents created on or after May 6, 2014.  *See* Joint Scheduling Plan, at III(c)(ii).  Blue Buffalo will only log privileged documents created before May 6, 2014.

17.     In providing these responses or any documents or information, Blue Buffalo does not admit or concede the relevance, materiality, authenticity, or admissibility in evidence of any such responses, information, or documents.  All objections to the use, at trial or otherwise, of any information provided in response to the Request are expressly reserved.

18.     All individual responses to the Requests are made on the express reservation of all applicable previous objections, court rulings, agreements and understandings limiting the Requests and are made pursuant to the foregoing General Objections and any specific objections set forth below.  The foregoing General Objections shall be deemed to apply to each and every individual request.

19.     The collection of documents in response to the Requests is ongoing.  The responses below are based on information presently known to Blue Buffalo and its attorneys and documents

4

gathered to date.  Blue Buffalo reserves the right to amend, supplement, modify or correct its responses as necessary and to produce such additional documents as may be discovered at any time.  These responses are given without prejudice to using or relying on at trial subsequently discovered information or documents or information or documents omitted from these responses, and Blue Buffalo reserves the right to produce additional documents, facts and evidence at trial and to object on appropriate grounds to introduction of any evidence included in these responses.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>Request No. 1:</u>**

Documents sufficient to show all full and part-time employees of Blue Buffalo and contractors of Blue Buffalo since May 6, 2009, including: (i) the name of each employee or contractor; (ii) the title(s) of each employee or contractor; (iii) the dates between which each employee or contractor held their respective titles; (iv) whether each employee or contractor is a current employee; and (v) contact information for all former employees and contractors, including but not limited to home address work address, telephone numbers (mobile and otherwise) and email addresses.

**<u>Response to Request No. 1:</u>**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Blue Buffalo further objects to the term "contractors" to the extent that it includes law firms retained by Blue Buffalo.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged employee lists and organizational charts in its possession located after a reasonable search showing current and former employees who work or worked in product formulation, quality control, marketing, procurement, or product supply for Blue Buffalo's dry food products since May 6, 2013.

In addition, subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search and sufficient to show contractors that Blue Buffalo engaged to perform work in areas relevant to the advertising claims at issue in this litigation since May 6, 2013.

5

Blue Buffalo will not provide contact information for all former employees or contractors, but will meet and confer with Nestlé Purina regarding the need for contact information for particular employees or contractors.

**Request No. 2:**

True and accurate copies of Your employee lists and organizational charts sufficient to show all of your employees since May 6, 2009.

**Response to Request No. 2:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged employee lists and organizational charts in its possession located after a reasonable search showing current and former employees who work or worked in product formulation, quality control, marketing, procurement, or product supply for Blue Buffalo's dry food products since May 6, 2013.

**Request No. 3:**

True and accurate copies of Your annual financial statements for the years 2009 to present.

**Response to Request No. 3:**

Subject to and without waiving the foregoing, Blue Buffalo will produce its audited financial statement for Fiscal Year 2013.

**Request No. 4:**

Documents sufficient to show the ownership and structure of Blue Buffalo, including, without limitation, business organization documents and other company records, the operating agreement, the certificate of formation and any amendments to the foregoing.

**Response to Request No. 4:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, vague, and ambiguous and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks to identify the owners of shares of Blue Buffalo, "business organization documents and other company records" or the operating agreement.

Subject to and without waiving the foregoing, Blue Buffalo will produce Blue Buffalo's certificate of incorporation.

6

**Request No. 5:**

All minutes, recordings, summaries or reports of meetings, whether formal or informal, of the members of each board of directors of Blue Buffalo, each committee or subgroup of each board, the members of each committee and any group or subgroup of management employees of Blue Buffalo within the past ten (10) years discussing: (i) the Blue Buffalo Product ingredients or formulations; (ii) the marketing or advertising of the Blue Buffalo Products; (iii) any audits, quality control checks or other similar measures taken to evaluate the ingredient content and/or quality of the Blue Buffalo Products; (iv) any pending or threatened litigation, administrative actions (including NAD proceedings) or like claims related to the Blue Buffalo Products; (v) comparisons between the Blue Buffalo Products and any competitor products; (vi) any of Purina's products; (vii) any of Blue Buffalo's ingredient suppliers, distributors, co-packers, blenders or brokers; or (viii) Blue Buffalo's direct or indirect donations to any charitable organizations, including the Blue Buffalo Foundation for Pet Cancer Research.

**Response to Request No. 5:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents within the past ten (10) years.  Blue Buffalo will produce documents in response to this Request from May 6, 2013 to the present as set forth below.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request to the extent that it calls for disclosure of trade secrets, including the exact amount of each ingredient in its products.

(i)

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search to the extent that they relate to the Challenged Claims.

(ii)

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to the marketing and advertising of Blue Buffalo's dry food products to the extent that they relate to the Challenged Claims.

(iii)

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to audits, quality control checks, or other similar measures taken to evaluate the ingredient content and/or quality of the Blue Buffalo Products and concerning the Challenged Claims.

(iv)

Blue Buffalo objects to the phrase "any pending or threatened litigation, administrative actions (including NAD proceedings) or like claims" as vague and ambiguous and overbroad and unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to pending or threatened litigation related to the Challenged Claims.

(v)

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to comparisons between Blue Buffalo's dry food products and competitor products related to the Challenged Claims.

(vi)

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to the differentiation between Nestlé Purina's products and Blue Buffalo's products based on the Challenged Claims.

(vii)

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged minutes of meetings of the board of directors, and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession,

8

located after a reasonable search and related to ingredient suppliers, blenders of ingredients, distributors of ingredients, or brokers and concerning the Challenged Claims.

> (viii)

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence in seeking documents related to Blue Buffalo's donations to any charitable organizations.

**Request No. 6:**

All documents and communications related to the pricing of the Blue Buffalo Products since May 6, 2009, including but not limited to price lists, price schedules, price changes, price announcements, price quotations, proposals or bids, rebate offers or programs or discount sheets.

**Response to Request No. 6:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Blue Buffalo objects to this Request as vague and ambiguous to the extent that it seeks documents related to "price quotations, proposals or bids, rebate offers or programs or discount sheets."

Subject to and without waiving the foregoing, Blue Buffalo will produce existing documents in its possession, located after a reasonable search sufficient to show its price lists, price schedules, price changes, price announcements, and discounts from list prices for Blue Buffalo's dry food products since May 6, 2013.  Blue Buffalo will not produce documents and communications related to "price quotations, proposals, or bids."

**Request No. 7:**

All documents and communications related to Your advertised claims that the Blue Buffalo Products provide pets with "superior nutrition" as compared to those of competitors, including those that You relied upon related to such claims.

**Response to Request No. 7:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents about Blue Buffalo's use of "superior nutrition" other than those documents related to the presence or absence of poultry by-product meal.

Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products provide "superior nutrition" as compared to those of competitors.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing documents and communications in its possession located after a reasonable search and related to the use or exclusion of poultry by-product meal in Blue Buffalo's dry food products.

**Request No. 8:**

All documents and communications related to Your advertised claims (such as on Your website, in Your television commercials and the like) that Blue Buffalo's LifeSource Bits offer health benefits and specific nutritional values for pets (including those that You relied upon related to such claims), including:

(a)      "joint health";

(b)      "healthy heart and eyes";

(c)      aiding "growth and development";

(d)      "healthy bones and tissue";

(e)      "endurance and fat metabolism"; and

(f)      "healthy skin and coat."

**Response to Request No. 8:**

Blue Buffalo objects to the phrase "the like" as vague and ambiguous and overbroad and unduly burdensome.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing documents and communications in its possession, located after a reasonable search and related to

10

the substantiation and accuracy of the claims made in the excerpt of Blue Buffalo's website in Paragraph 33 of Nestlé Purina's amended complaint.

**Request No. 9:**

All documents and communications related to the quality, nutritional value, formulations and/or ingredient contents of any competitor products referenced in Blue Buffalo's advertising (whether by company name or generically), including any comparison of (i) any two or more competitor's products; or (ii) any competitor product with any Blue Buffalo Product.

**Response to Request No. 9:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing documents and communications in its possession, located after a reasonable search and related to the quality, nutritional value, formulations and/or ingredient contents of any competitor's dry food products referenced in Blue Buffalo's advertising (whether identified by company name or generically) based on the use or exclusion of poultry by-product meal, corn, or grain, and the nutrients in LifeSource Bits.

**Request No. 10:**

All documents related to any audit, test, sampling or quality control procedures performed (including the results thereof) to test or monitor the quality of the Blue Buffalo Products and ingredient contents thereof, including, but not limited to: (i) the presence or absence of chicken/poultry by-product meal or other by-product meals; (ii) the presence or absence of grain; (iii) the vitamin, mineral or antioxidant content of the LifeSource Bits any special health benefits to pets derived therefrom; (iv) the use of "only the finest natural ingredients"; or (v) the presence or absence of artificial preservatives, colors or flavors.

**Response to Request No. 10:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents about Blue Buffalo's use of "only the finest natural ingredients" and "the presence of absence of artificial preservatives, color, or flavors" other than those documents related to the presence or absence of poultry by-product meal.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing documents in its possession located after a reasonable search and related to any audits, tests, sampling, or quality procedures performed to test or monitor: (i) the presence or absence of chicken/poultry by-product meal or other by-product meals in Blue Buffalo's dry food products; (ii) the presence or absence of grain in Blue Buffalo's grain-free dry food products; and (iii) the vitamin, mineral, or antioxidant content of LifeSource Bits.

**Request No. 11:**

All documents and communications related to the development, creation and maintenance of Blue Buffalo's "True Blue Test" that is accessible on Your website at (http://www.bluebuffalo.comidog-food-comparison/true-blue-test), including all documents and communications related to the information used to generate the test results.

**Response to Request No. 11:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and relating to the substantiation for or accuracy of the "True Blue Test" as it relates to its claims about whether Blue Buffalo's dry food products and competitors' dry food products contain poultry by-products, corn, or wheat.

**Request No. 12:**

All documents and communications related to the formulations and/or ingredient content of the Blue Buffalo Products, including the LifeSource Bits.

**Response to Request No. 12:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request to the extent that it calls for disclosure of trade secrets, including the exact content of each ingredient in Blue Buffalo's products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing, responsive and non-privileged documents in its possession located after a reasonable search and

sufficient to identify the ingredients used in its dry food products.  Blue Buffalo will also produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and related to the Challenged Claims.

**Request No. 13:**

Documents and communications sufficient to describe the "cold formed" process used to formulate and manufacture Your LifeSource Bits.

**Response to Request No. 13:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Blue Buffalo further objects to this Request to the extent that it calls for disclosure of trade secrets.

**Request No. 14:**

All documents and communications related to any testing or studies performed related to the nutritional value or health benefits resulting from feeding animals the Blue Buffalo Products, including all documents and communications related to the results thereof.

**Response to Request No. 14:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to the nutritional value or health benefits of Blue Buffalo's dry food products based on the Challenged Claims.

**Request No. 15:**

All documents and communications related to any testing or studies performed related to the nutritional value or health benefits resulting from feeding animals LifeSource Bits specifically, including all documents and communications related to the results thereof.

**Response to Request No. 15:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search.

13

7198124v.3

**Request No. 16:**

All documents and communications between You and Your suppliers, manufacturers, distributors, co-packers, brokers and blenders related to the ingredients purchased for use in connection with and/or used in connection with the Blue Buffalo Products, including, but not limited to:

(a)     All agreements related to the process in which the Blue Buffalo Products (including the LifeSource Bits) are manufactured;

(b)     All agreements related to the ingredients used in connection with the manufacture of the Blue Buffalo Products;

(c)     All documents and communications between You and Pilgrim's Pride Corporation;

(d)     All documents and communications between You and Wilbur-Ellis and/or American By-Products, Inc.;

(e)     All documents and communications between You and Darling International Incorporated;

(f)     All documents and communications related to the purchase of poultry/chicken meal and/or poultry/chicken by-product meal; and

(g)     All documents and communications between Leonard Brennan or persons under his supervision and any supplier of any ingredient used in connection with any Blue Buffalo Product, including chicken/poultry meal, chicken/poultry by-product meal, grains (including rice and rice hulls), preservatives and any ingredient used to give any Blue Buffalo Product a specific color or flavor.

**Response to Request No. 16:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, vague, ambiguous, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all documents and communications" without regard to the substance of those documents or communications.

(a)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged contracts in its possession, located after a reasonable

14

search and related to the process in which Blue Buffalo's dry food products, including LifeSource bits, are manufactured.

(b)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged contracts in its possession, located after a reasonable search and relating to the purchase of poultry meal for use in Blue Buffalo's dry food products, or to the extent they exist, related to agreements concerning poultry by-product meal or corn for use in in Blue Buffalo's dry food products; or rice or rice hulls for use in Blue Buffalo's grain-free dry food products.

(c)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's procurement of poultry meal from Pilgrim's Pride Corporation, and any documents and communications related to whether or not Blue Buffalo purchased poultry by-product meal from Pilgrim's Pride Corporation.

(d)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's procurement of poultry meal from Wilbur-Ellis and/or American By-Products, and any documents and communications related to whether or not Blue Buffalo purchased poultry by-product meal from Wilbur-Ellis and/or American By-Products.

(e)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's procurement of poultry meal from Darling Ingredients Incorporated, and any documents and communications related to whether or not Blue Buffalo purchased poultry by-product meal from Darling Ingredients Incorporated.

(f)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's procurement of poultry meal, and any documents and communications related to whether or not Blue Buffalo purchased poultry by-product meal.

(g)     Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's procurement of poultry meal, and any communications between Leonard Brennan or persons under his supervision and any supplier of any ingredient used in connection with any Blue Buffalo Product dry food product related to whether or not Blue Buffalo purchased poultry by-product meal or corn for Blue Buffalo's dry food products or rice or rice hulls for Blue Buffalo's grain-free dry food products.

7198124v.3

**Request No. 17:**

All documents and communications sufficient to identify all of Your suppliers, manufacturers, distributors, co-packers, brokers and blenders.

**Response to Request No. 17:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show whether or not Blue Buffalo has distributors, suppliers or brokers that provide poultry by-product meal or corn for use in Blue Buffalo's dry food products, or rice or rice hulls for use in Blue Buffalo's grain-free dry food products; and the manufacturers, co-packers, and blenders that Blue Buffalo works with in connection with the manufacture of its dry food products.

**Request No. 18:**

All documents and communications sufficient to identify any inspections, audits or the like that You performed, commissioned or received from any supplier, manufacturer, co-packer, broker or blender of the Blue Buffalo Products related to the ingredient content of the Blue Buffalo Products, including any policies and procedures related thereto.

**Response to Request No. 18:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and sufficient to identify any inspections or audits related to the Challenged Claims.

**Request No. 19:**

All documents and communications sufficient to show (i) the amount of chicken/poultry meal and/or chicken/poultry by-product meal used in the Blue Buffalo Products each year since May 6, 2009; and (ii) the price that Blue Buffalo paid for such chicken/poultry meal and/or chicken/poultry by-product meal.

**Response to Request No. 19:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Blue Buffalo objects to this Request to the extent that it calls for disclosure of trade secrets, including the exact amount of each ingredient in Blue Buffalo's products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show (i) the amount of chicken/poultry meal and/or chicken/poultry by-product meal purchased by or on behalf of Blue Buffalo since May 6, 2013 and (ii) the price that Blue Buffalo paid for such chicken/poultry meal and/or chicken/poultry by-product meal.

**Request No. 20:**

All documents sufficient to show the difference between the price of chicken/poultry meal and chicken/poultry by-product meal month over month since May 6, 2009, including, but not limited to, any documents provided to You by Wilbur-Ellis, American By-Products, Inc., and Darling International Corporation.

**Response to Request No. 20:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search and sufficient to show the difference between the price of chicken/poultry meal and chicken/poultry by-product meal month over month since May 6, 2013.

**Request No. 21:**

All documents and communications related to: (i) any payments made by You to Diversified Ingredients; (ii) any payments that You have received from Diversified Ingredients; (iii) any payments that You have made to Leonard Brennan; (iv) any payments that You have received from Leonard Brennan; (v) any payments made by Diversified Ingredients to Leonard Brennan; and (vi) any payments made by Leonard Brennan to Diversified Ingredients.

**Response to Request No. 21:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to payments (a) Blue Buffalo has made to Leonard Brennan; (b) Blue Buffalo has received from Leonard Brennan; (c) payments made by Diversified Ingredients to Leonard Brennan; and (d) payments made by Leonard Brennan to Diversified Ingredients, as Nestlé Purina's complaint and amended complaint do not make any allegations about Mr. Brennan.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show payments made to or received from Diversified Ingredients related to Blue Buffalo's procurement of poultry meal, and any documents and communications related to whether Blue Buffalo made payments to or received payments from Diversified Ingredients in connection with any procurement of poultry by-product meal.

**Request No. 22:**

All documents and communications related to the following:

(a)     All invoices received and/or paid by You from/to any supplier, manufacturer, distributor, co-packer, broker or blender related to the Blue Buffalo Products; and

(b)     All certifications received and/or made to You by any supplier, manufacturer, distributor, co-packer, broker or blender related to the Blue Buffalo Products.

**Response to Request No. 22:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as vague, ambiguous, and unintelligible, to the extent it seeks documents and communications related to "[a]ll certifications received and/or made to You by any supplier, manufacturer, distributor, co-packer, broker or blender related to the Blue Buffalo products."

18

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged invoices in its possession located after a reasonable search for (1) the purchase of poultry meal, poultry by-product meal or corn for use in Blue Buffalo's dry food products; rice for use in Blue Buffalo's grain-free dry food products; or the nutrients used in LifeSource Bits; or (2) the manufacture of Blue Buffalo's dry food products.

**Request No. 23:**

Documents and communications sufficient to show from whom any chicken/poultry meal or chicken/poultry by-product meal contained within any Blue Buffalo Product was purchased, including the dates, quantity and price of the same.

**Response to Request No. 23:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and related to Blue Buffalo's dry food products.

**Request No. 24:**

All documents and communications between You and Diversified Ingredients related to any ingredient used in the Blue Buffalo Products, including chicken/poultry meal, chicken/poultry by-product meal and any artificial colors, flavors or preservatives.

**Response to Request No. 24:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications between Blue Buffalo and Diversified Ingredients in its possession located after a reasonable search and related to whether or not Blue Buffalo purchased chicken/poultry by-product meal.

**Request No. 25:**

All documents sufficient to support the contention in Your counterclaim that any of Purina's allegations of false advertising in the above-captioned matter are false.

19

**Response to Request No. 25:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 26:**

All documents and communications related to testing or evaluations that You have performed related to the nutritional value or ingredient content of competitor products, including all documents and communications related to the results thereof

**Response to Request No. 26:**

Blue Buffalo objects to this Request as duplicative of Request 9.

Subject to and without waiving the foregoing, Blue Buffalo will produce responsive and non-privileged documents and communications in its possession located after a reasonable search in accordance with its response to Request 9.

**Request No. 27:**

True and accurate copies of all labels and packaging used on or in connection with the Blue Buffalo Products since May 6, 2009.

**Response to Request No. 27:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged color images of all labels and packaging located after a reasonable search and used on the container for or to otherwise identify Blue Buffalo's dry food products since May 6, 2013.

**Request No. 28:**

True and accurate copies of Your website <bluebuffalo.com> and any blogs or social media pages through which You promote Blue Buffalo and the Blue Buffalo Products as currently displayed and as displayed historically since May 6, 2009, including all documents related to changes in Your website.

**Response to Request No. 28:**

        Blue Buffalo objects to this Request as overbroad and unduly burdensome.  Blue Buffalo further objects to this request to the extent that the documents requested are publicly available.

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

        Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged copies of its website as displayed after May 6, 2013 located after a reasonable search.

**Request No. 29:**

        True and accurate copies of all Advertisements for the Blue Buffalo Products within the past seven (7) years promoting or advertising the Blue Buffalo Products as either: (i) containing no chicken/poultry or animal by-products; (ii) containing no chicken/poultry or animal by-product meals; (iii) containing no artificial colors, flavors or preservatives; (iv) being grain free; (v) being nutritionally superior to any competitors' products; (vi) being fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (vii) containing no corn, wheat or soy; or (viii) containing only the "finest natural ingredients."

**Response to Request No. 29:**

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents within the past seven (7) years.

        Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

        Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged copies of Advertisements in its possession located after a reasonable search and related to Blue Buffalo's dry food products since May 6, 2013.

7198124v.3

**Request No. 30:**

All documents and communications reflecting Your advertising expenditures since May 6, 2009, including, but not limited to, documents and communications sufficient to show (i) any amounts paid by You to any person or entity; (ii) the person or entity to whom such payment was made; and (iii) the services received.

**Response to Request No. 30:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and sufficient to show Blue Buffalo's advertising expenditures for dry food products since May 6, 2013.

**Request No. 31:**

All documents and communications between You and any advertising agencies or the like related to any of the topics referenced in Purina's complaint or amended complaint.

**Response to Request No. 31:**

Blue Buffalo objects to the phrase "the like" as vague and ambiguous and overbroad and unduly burdensome.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to the substantiation for or accuracy of the advertising claims cited in Nestlé Purina's complaint or amended complaint.

**Request No. 32:**

All documents and communications related to the marketing or sales strategies (including all strategic plans, long-range plans and business plans), market shares or projected market shares, market conditions or the profitability of Blue Buffalo since May 6, 2009 that also reference the advertising and promotion of the Blue Buffalo Products as either: (i) containing no chicken/poultry by-products; (ii) containing no chicken/poultry by-product meals; (iii) containing no artificial colors, flavors or preservatives; (iv) being grain free; (v) being nutritionally superior to any competitors' products; (vi) being fit for human consumption, including using the slogan

"Love them like family, feed them like family" or similar slogans; (vii) containing no corn, wheat or soy; or (viii) containing only the "finest natural ingredients".

**Response to Request No. 32:**

   Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

   Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

   Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

   Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and related to Blue Buffalo's dry food products and the substantiation for or accuracy of the advertising claims cited in Nestlé Purina's complaint or amended complaint since May 6, 2013.

**Request No. 33:**

   All documents and communications related to Your marketing and advertising plans, proposals, strategies or campaigns to promote and sell the Blue Buffalo Products (regardless of whether such plans, proposals strategies or campaigns were implemented) based on or including Your claims that the Blue Buffalo Products: (i) contain no chicken/poultry by-products; (ii) contain no chicken/poultry by-product meals; (iii) contain no artificial colors, flavors or preservatives; (iv) are grain free; (v) are nutritionally superior to any competitors' products; (vi) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (vii) contain no corn, wheat or soy; or (viii) contain only the "finest natural ingredients".

**Response to Request No. 33:**

   Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

   Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

23

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to Blue Buffalo's dry food products and the substantiation for or accuracy of the advertising claims cited in Nestlé Purina's complaint or amended complaint.

**Request No. 34:**

All documents and communications related to strategic plans, long-range plans and business plans that also reference Purina and/or any of Purina's products.

**Response to Request No. 34:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to strategic plans, long-range plans, and business plans that relate to Blue Buffalo's dry food products and the substantiation for or accuracy of the advertising claims cited in Nestlé Purina's complaint or amended complaint since May 6, 2013.

**Request No. 35:**

All documents sufficient to show separately by year:

(a)     total dollar sales of all Blue Buffalo Products;

(b)     total dollar sales of all Blue Buffalo Products by SKU; and

(c)     total unit sales of all Blue Buffalo Products by SKU.

**Response to Request No. 35:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession, located after a reasonable search and sufficient to show total dollar sales of Blue Buffalo's dry food products.

24

**Request No. 36:**

        All documents and communications related to Your advertised claims (including those that You relied upon related to such claims) that the Blue Buffalo Products contain:

       (a)     "NO chicken/poultry by-product meals";

       (b)     "NO artificial preservatives, colors or flavors"; and

       (c)     "Only the Finest Natural Ingredients."

**Response to Request No. 36:**

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications about Blue Buffalo's use of "only the finest natural ingredients" and "the presence of absence of artificial preservatives, color, or flavors" other than those documents related to the presence or absence of poultry by-product meal.

        Blue Buffalo objects to this Request as duplicative of Requests 12, 19, and 23.

        Subject to and without waiving the foregoing, and to the extent not produced in response to Requests 12, 19, and 23, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and concerning the substantiation and accuracy of Blue Buffalo's advertising claims that Blue Buffalo's dry food products contain "NO chicken/poultry by-product meals"; "NO artificial preservatives, colors or flavors"; and "Only the Finest Natural Ingredients."

**Request No. 37:**

        All documents and communications related to Your training and education of employees and contractors, including, but not limited to, Pet Detectives, related to the Blue Buffalo Products and the marketing and advertising messages to be conveyed to consumers about the Blue Buffalo Products, including any messages that the Blue Buffalo Products: (i) contain no chicken/poultry by-products; (ii) contain no chicken/poultry by-product meals; (iii) contain no artificial colors, flavors or preservatives; (iv) are grain free; (v) are nutritionally superior to any competitors' products; (vi) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (vii) contain no corn, wheat or soy; or (viii) contain only the "finest natural ingredients". This request includes specifically, but is not limited to, all documents and communications related to the

training and education of employees and contractors who advertise and market the Blue Buffalo Products on location at retail stores such as PetSmart.

**Response to Request No. 37:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and related to Blue Buffalo's training and education of employees and contractors who market Blue Buffalo's dry food products directly to consumers based on the Challenged Claims.

**Request No. 38:**

All documents sufficient to show the vitamin, mineral, antioxidant, and nutrient content of Blue Buffalo's LifeSource Bits, including, but not limited to, the precise quality of each of the following contained in the LifeSource Bits:

(a)     Omega 3 fatty acids;

(b)     Omega 6 fatty acids;

(c)     Yucca schidigera extract;

(d)     Taurine;

(e)     L-Lysine;

(f)     Vitamin D;

(g)     Vitamin B12;

(h)     L-Carnitine;

(i)     Kelp;

(j)     Vitamin E;

(k)     Vitamin C;

26

      (l)     Beta Carotene;

      (m)   Vitamin A;

      (n)    Blueberries; and

      (o)    Barley Grass.

**Response to Request No. 38:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search and related to the vitamin, mineral, antioxidant, and nutrient content of Blue Buffalo's LifeSource Bits, including the precise quality of the omega 3 fatty acids, omega 6 fatty acids, yucca schidigera extract, taurine, L-Lysine, Vitamin D, Vitamin B12, L-Carnitine, kelp, Vitamin E, Vitamin C, beta carotene, Vitamin A, blueberries, and barley grass contained in Blue Buffalo's LifeSource Bits.

**Request No. 39:**

All documents that support Blue Buffalo's claim that "LifeSource Bits contain ingredients that help support a pet's immune system, including, but not limited to, the identity and quantity of each such ingredient as well as any scientific basis for the claim of immune system support.

**Response to Request No. 39:**

Blue Buffalo objects to this Request to the extent that it calls for disclosure of trade secrets, including the exact content of each ingredient in Blue Buffalo's products.

Blue Buffalo objects to this Request as duplicative of Request 8.

Subject to and without waiving the foregoing, and to the extent not produced in response to Request 8, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 40:**

Documents sufficient to show the source of each of the ingredients listed in Request No. 37 above, including, but not limited to the supplier's name, the account representative(s) for each supplier, and the quantity supplied by year.

**Response to Request No. 40:**

Blue Buffalo understands this Request to include a typographical error and to be requesting documents sufficient to show the source of each of the ingredients lists in Request 38, not Request 37 as stated in the Request.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 41:**

All documents that support or substantiate Blue Buffalo's advertising claims that "[o]ther manufacturers process their foods with heat as high as 350°. High heat can destroy the potency of many of the vitamins, minerals, antioxidants, and important enzymes," including, but not limited to, the names of each "other manufacturer" and all testing or other scientific data showing that any pet food manufacturer's products have reduced potency as a result of heat processing.

**Response to Request No. 41:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 42:**

Documents sufficient to show the heat processing protocols applied to Blue Buffalo products.

**Response to Request No. 42:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 43:**

All documents that refer or relate to the identity or actual name of all companies that produce "big name dog food" or use a "big name brand."

**Response to Request No. 43:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it "all documents" that are responsive to the Request.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession, located after a reasonable search and sufficient to show the identities of all companies that produce "big name dog food" or use a "big name brand."

28

**Request No. 44:**

All documents supporting or substantiating the contention that corn, corn meal, or gluten is not good for dogs to consume.

**Response to Request No. 44:**

Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that "corn, corn meal, or gluten is not good for dogs to consume."

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 45:**

All documents containing, reflecting, summarizing, or analyzing consumer reactions, interpretations, responses, questions, or comments to any Blue Buffalo advertising referenced in Purina's complaint.

**Response to Request No. 45:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession, located after a reasonable search and related to the Challenged Claims.

**Request No. 46:**

All documents and communications that You have provided to any retailer related to the Blue Buffalo Products promoting the nutritional quality and/or ingredient content of the Blue Buffalo Products, including any documents containing, promoting or discussing Your claims that the Blue Buffalo Products: (i) contain no chicken/poultry by-products; (ii) contain no chicken/poultry by-product meals; (iii) contain no artificial colors, flavors or preservatives; (iv) are grain free; (v) are nutritionally superior to any competitors' products; (vi) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (vii) contain no corn, wheat or soy; or (viii) contain only the "finest natural ingredients".

**Response to Request No. 46:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of

admissible evidence to the extent it "all documents and communications" provided to "any retailer," including all copies of Blue Buffalo's product labels on all product supplied.

Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession, located after a reasonable search and related to Blue Buffalo's dry food products and the Challenged Claims.

**Request No. 47:**

All documents and communications related to any on-site education and training programs that You have provided or offered to retailers of the Blue Buffalo Products related to the ingredient content or nutritional value of the Blue Buffalo Products.

**Response to Request No. 47:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to the term "any on-site education and training program" as overbroad, unduly burdensome, vague, and ambiguous.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to Blue Buffalo's dry food products and the Challenged Claims.

**Request No. 48:**

All documents and communications related to or referencing the ruling of the National Advertising Division (NAD) of the Council of Better Business Bureaus (hereinafter the "NAD") in Case #5696, decided on March 11, 2014, including, but not limited to: (i) any documents that You submitted to the NAD in connection with this proceeding; and (ii) any documents related to Your decision to modify or not to modify Your advertising practices as a result of the ruling.

**Response to Request No. 48:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Blue Buffalo further objects to this Request on the grounds that materials submitted to NAD are confidential, pursuant to Policies and Procedures by the Advertising Self-Regulatory Counsel (2012) Rules 2.1(e) and 5.5.

**Request No. 49:**

        All documents and communications related to or referencing the ruling of the NAD in Case #4892, decided July 31, 2008, including, but not limited to: (i) any documents that You submitted to the NAD in connection with this proceeding; and (ii) any documents related to Your decision to modify or not to modify Your advertising practices as a result of the ruling.

**Response to Request No. 49:**

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Blue Buffalo further objects to this Request on the grounds that materials submitted to NAD are confidential, pursuant to Policies and Procedures by the Advertising Self-Regulatory Counsel (2012) Rules 2.1(e) and 5.5.

**Request No. 50:**

        All documents and communications related to any recalls involving the Blue Buffalo Products or the ingredient content thereof since January 1, 2006, including all documents and communications related to Blue Buffalo's response or reaction to such recalls.

**Response to Request No. 50:**

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications since January 1, 2006.

        Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products.

        Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to product recalls based on the presence of poultry by-product meal or corn in its dry food products, or based on the presence of rice in its grain-free dry food products from May 6, 2013 to the present.

**Request No. 51:**

        All documents and communications related to any consumer comments, feedback or complaints regarding the Blue Buffalo Products and Blue Buffalo's claims that that the Blue Buffalo Products: (i) contain no chicken/poultry by-products; (ii) contain no chicken/poultry by-product meals; (iii) contain no artificial colors, flavors or preservatives; (iv) are grain free; (v) are nutritionally superior to any competitors' products; (vi) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (vii) contain

no corn, wheat or soy; or (viii) contain only the "finest natural ingredients". This request also includes all documents and communications related to any of Blue Buffalo's responses to any such consumer comments, feedback or complaints.

**Response to Request No. 51:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents and communications related to Blue Buffalo products other than Blue Buffalo's dry food products, or related to Blue Buffalo's use of "only the finest natural ingredients" and "the presence of absence of artificial preservatives, color, or flavors" other than those documents and communications related to the presence or absence of poultry by-product meal.

Blue Buffalo objects to this Request as a mischaracterization of Blue Buffalo's advertising, as Blue Buffalo does not claim that Blue Buffalo's dry food products are nutritionally superior to any competitor's products or fit for human consumption.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents and communications in its possession located after a reasonable search and related to Blue Buffalo's dry food products.

**Request No. 52:**

All documents and communications sufficient to show any donations or contributions that You made to any charitable organizations or foundations, including the Blue Buffalo Foundation for Pet Cancer Research, including: (i) the amount of each donation; and (ii) the date on which each donation was made.

**Response to Request No. 52:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 53:**

All documents and communications sufficient to show: (i) the arrangement between Blue Buffalo and any other person or entity, including PetSmart and PetCo, related to any joint efforts or campaigns to raise money for any charitable purposes, including to raise money for pet cancer awareness; (ii) the amount of money raised as a result of such joint efforts each month since May 6, 2009; (iii) the ways in which any money raised as a result of such joint efforts was used; and (iv) each and every public advertisement or statement made by Blue Buffalo related to such joint efforts.

**Response to Request No. 53:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 54:**

True and accurate copies sufficient to show the retail locations at which the Blue Buffalo Products are sold or have been sold since May 6, 2009.

**Response to Request No. 54:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent that it requests documents since May 6, 2009.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search and related to Blue Buffalo's dry food products and sufficient to show the types of retail stores to which Blue Buffalo has directly shipped dry food products since May 6, 2013.

**Request No. 55:**

All non-privileged documents related to any lawsuits, administrative actions or other claims that have been filed, made or threatened by any person or entity related to the ingredient content, nutritional quality or health benefits of the Blue Buffalo Products, including any settlement agreements reached to resolve such matters.

**Response to Request No. 55:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents related to Blue Buffalo products other than Blue Buffalo's dry food products.

Blue Buffalo objects to this Request to the extent that it seeks documents related to NAD cases, for the reasons set forth in Blue Buffalo's response to Requests 48 and 49.

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search and

33

related to lawsuits, or administrative actions that have been filed, made, or threatened between May 6, 2013 and May 6, 2014, related to the Challenged Claims.

**Request No. 56:**

Any and all other documents that relate to or support, or that You intend to rely upon, to establish Your position that Purina's claims in the above-captioned matter are false and/or defamatory.

**Response to Request No. 56:**

Subject to and without waiving the foregoing, Blue Buffalo will produce existing responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 57:**

All documents which in any way support or relate to Your answers to any interrogatories propounded by Purina.

**Response to Request No. 57:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Blue Buffalo objects to this Request as premature, as Nestlé Purina has not served interrogatories on Blue Buffalo.

Subject to and without waiving the foregoing, Blue Buffalo will meet and confer with Nestlé Purina if Nestlé Purina serves interrogatories on Blue Buffalo to discuss an appropriate response to this Request.

**Request No. 58:**

All documents that constitute, reflect or otherwise relate to the communications of Bill Bishop on May 6, 2014 after 10:00 a.m. EDT concerning any of the allegations of Purina's complaint filed on that day, including, but not limited to, telephone records, emails (including drafts thereof), notes, memoranda (including drafts thereof), calendar entries and the like.

**Response to Request No. 58:**

Blue Buffalo objects to this Request as overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing, Blue Buffalo will produce responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 59:**

All documents relating to Bill Bishop's letter to "Pet Parents" dated May 6, 2014, including, but not limited to the substantiation for all statements contained therein, as well as all drafts, revisions, input and sources relied upon.

**Response to Request No. 59:**

Subject to and without waiving the foregoing, Blue Buffalo will produce responsive and non-privileged documents in its possession located after a reasonable search.

**Request No. 60:**

All documents relating to internal or external investigations conducted by Blue Buffalo concerning any allegations in Purina's complaint or its amended complaint.

**Response to Request No. 60:**

Blue Buffalo objects to this Request on the ground of privilege and the work product doctrine.

Blue Buffalo will not produce documents in response to this Request, as it has no non-privileged documents that are responsive to the Request.

Dated:  August 4, 2014

/s/ Steven A. Zalesin

Steven A. Zalesin, Lead Attorney (*pro hac vice*)
Adeel A. Mangi (*pro hac vice*)
Vivian Storm (*pro hac vice*)
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
Tel.: (212) 336-2000
Fax: (212) 336-2222
*Attorneys for Blue Buffalo Company Ltd.*

Martin Flumenbaum (*pro hac vice*)
Robert Atkins (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

35

1285 Avenue of the Americas
New York, NY  10019-6064
Telephone: 212-373-3000
Fax: 212-757-3990

Gerard T. Carmody, #24769
David H. Luce, #36050
CARMODY MACDONALD P.C.
120 S. Central Avenue
Suite 1800
St. Louis, MO 63105
Telephone: 314-854-8600
Fax: 314-854-8660

Of counsel:

    Richard MacLean, Esq.
    Blue Buffalo Company, Ltd.

7198124v.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2014, I caused the foregoing to be served by email on the following counsel of record:

Carmine R. Zarlenga
MAYER BROWN LLP
1999 K Street
Washington, DC 20006
czarlenga@mayerbrown.com

Richard M. Assmus
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
rassmus@mayerbrown.com

Kristine M. Young
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
kyoung@mayerbrown.com

David A. Roodman
BRYAN CAVE LLP
211 North Broadway #3600
St. Louis, Missouri 63102
daroodman@bryancave.com

By: /s/ Vivian Storm

7198124v.3