# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14-cv-00859 |
| | ) |
| THE BLUE BUFFALO COMPANY LTD., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO THE BLUE BUFFALO COMPANY LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Nestlé Purina PetCare Company ("Purina") hereby requests that Defendant The Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant" or "You") produce for inspection and copying the following documents at the offices of Defendant's counsel, or by such other means and at such other time and place as may be agreed upon by the parties, and that said production be made within 30 days of the date of service of this request. These Requests for Production are deemed continuing in nature as permitted by Rule 26(e) of the Federal Rules of Civil Procedure and are to be supplemented promptly upon Defendant's acquisition of further or additional documents or things.

Plaintiff's requests for documents and things shall be responded to in accordance with the Definitions and Instructions attached hereto as Appendices A and B, respectively.

**REQUESTS FOR PRODUCTION**

**Request No. 124:** All minutes, recordings, summaries or reports of meetings, whether formal or informal, of the members of each board of directors of Blue Buffalo, each committee or subgroup of each board, the members of each committee and any group or subgroup of

711399267

-2-

management employees of Blue Buffalo since January 1, 2007 discussing: (i) the Jolly Joints pet treats ingredients or formulations; (ii) the marketing or advertising of the Jolly Joints pet treats; (iii) any audits, quality control checks or other similar measures taken to evaluate the ingredient content and/or quality of the Jolly Joints pet treats; (iv) the health or nutritional benefits of the Jolly Joints pet treats; (v) any pending or threatened litigation, administrative actions (including NAD proceedings) or like claims related to the Jolly Joints pet treats; or (vi) comparisons between the Jolly Joints pet treats and any competitor products.

**Request No. 125:** All documents and communications related to the pricing of the Jolly Joints pet treats since January 1, 2007, including but not limited to price lists, price schedules, price changes, price announcements, price quotations, proposals or bids, rebate offers or programs or discount sheets.

**Request No. 126:** All documents and communications that relate to or substantiate Your advertised claims (such as on Your website, in Your television commercials and the like) that Your Jolly Joints pet treats offer health benefits and specific nutritional values for pets (including those that You relied upon related to such claims), including "helps promote healthy joints and hips." This request includes, but is not limited to, documents and communications related to or reflecting the identity and quantity of any specific ingredient offering health benefits and nutritional value, as well as any scientific basis for the claim.

**Request No. 127:** All documents supporting or substantiating the contention that the Jolly Joints pet treats "are intended for intermittent or supplemental feeding only."

**Request No. 128:** All documents and communications related to the quality, nutritional value, formulations and/or ingredient contents of any competitor products referenced in Blue Buffalo's advertising (whether by company name or generically), including any comparison of

-2-

(i) any two or more competitor's products; or (ii) any competitor product with the Jolly Joints pet treats.

**Request No. 129:** All documents related to any audit, test, inspection, sampling or quality control procedures performed (including the results thereof) to test or monitor the quality of Your Jolly Joints pet treats and the ingredient contents thereof, including, but not limited to: (i) the vitamin, mineral or antioxidant content of the Jolly Joints pet treats, including but not limited to any special health benefits to pets derived therefrom; or (ii) the glucosamine content of the Jolly Joints pet treats.

**Request No. 130:** All documents and communications related to the formulations and/or ingredient content of the Jolly Joints pet treats.

**Request No. 131:** All documents and communications related to any testing or studies performed related to the nutritional value or health benefits resulting from feeding animals the Jolly Joints pet treats, including all documents and communications related to the results thereof.

**Request No. 132:** All documents and communications between You and Your suppliers, manufacturers, distributors, co-packers, brokers and blenders related to the ingredients purchased for use in connection with and/or used in connection with the Jolly Joints pet treats, including, but not limited to:

(a) All agreements related to the process in which the Jolly Joints pet treats are manufactured;

(b) All agreements related to the ingredients used in connection with the manufacture of the Jolly Joints pet treats;

(c) All documents and communications between You and Pilgrim's Pride Corporation;

(d) All documents and communications between You and Wilbur-Ellis and/or American By-Products, Inc.;

711399267

(e) All documents and communications between You and Darling International Incorporated; and

(f) All documents and communications between Leonard Brennan or persons under his supervision and any supplier of any ingredient used in connection with the Jolly Joints pet treats.

**Request No. 133:** All documents and communications related to the following:

(a) All invoices received and/or paid by You from/to any supplier, manufacturer, distributor, co-packer, broker or blender related to the Jolly Joints pet treats; and

(b) All certifications received and/or made to You by any supplier, manufacturer, distributor, co-packer, broker or blender related to the Jolly Joints pet treats.

**Request No. 134:** All documents and communications between You and Diversified Ingredients related to any ingredient used in the Jolly Joints pet treats.

**Request No. 135:** True and accurate copies of all labels and packaging used on or in connection with the Jolly Joints pet treats since January 1, 2007.

**Request No. 136:** True and accurate copies of Your website <bluebuffalo.com> and any blogs or social media pages through which You promote Jolly Joints pet treats as currently displayed and as displayed historically since January 1, 2007, including all documents related to changes in Your website.

**Request No. 137:** True and accurate copies of all Advertisements for the Jolly Joints pet treats since January 1, 2007 promoting or advertising the Jolly Joints pet treats as either: (i) providing health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) being nutritionally superior to any competitors' products; (iii) being fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) containing glucosamine; (v) containing 300mg/kg of glucosamine; or (vi) being recommended for "intermittent or supplemental feeding."

711399267

**Request No. 138:** Documents sufficient to identify all advertising agencies that You use to create, deploy or assist with your Advertisements related to the Jolly Joint pet treats in any way.

**Request No. 139:** All documents and communications between You and any advertising agencies or the like related to promoting or advertising the Jolly Joints pet treats as either: (i) providing health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) being nutritionally superior to any competitors' products; (iii) being fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) containing glucosamine; (v) containing 300mg/kg of glucosamine; or (vi) being recommended for "intermittent or supplemental feeding."

**Request No. 140:** All documents and communications related to the marketing or sales strategies (including all strategic plans, long-range plans and business plans), market shares or projected market shares, market conditions or the profitability of Blue Buffalo since January 1, 2007 that also reference the advertising and promotion of the Jolly Joints pet treats as either: (i) providing health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) being nutritionally superior to any competitors' products; (iii) being fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) containing glucosamine; (v) containing 300mg/kg of glucosamine; or (vi) being recommended for "intermittent or supplemental feeding."

**Request No. 141:** All documents and communications related to Your marketing and advertising plans, proposals, strategies or campaigns to promote and sell the Jolly Joints pet treats (regardless of whether such plans, proposals strategies or campaigns were implemented) based on or including Your claims that the Jolly Joints pet treats: (i) provide health benefits,

including, but not limited to, "helps promote healthy joints and hips"; (ii) are nutritionally superior to any competitors' products; (iii) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) contain glucosamine; (v) contain 300mg/kg of glucosamine; or (vi) are recommended for "intermittent or supplemental feeding."

**Request No. 142:** All documents sufficient to show separately by year:

(a)   total dollar sales of all Jolly Joints pet treats;

(b)   total dollar sales of all Jolly Joints pet treats by SKU; and

(c)   total unit sales of all Jolly Joints pet treats by SKU.

**Request No. 143:** All documents and communications related to Your training and education of employees and contractors, including, but not limited to, Pet Detectives, related to the Jolly Joints pet treats and the marketing and advertising messages to be conveyed to consumers about the Jolly Joints pet treats, including any messages that the Jolly Joints pet treats: (i) provide health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) are nutritionally superior to any competitors' products; (iii) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) contain glucosamine; (v) contain 300mg/kg of glucosamine; or (vi) are recommended for "intermittent or supplemental feeding." This request includes specifically, but is not limited to, all documents and communications related to the training and education of employees and contractors who advertise and market the Jolly Joints pet treats on location at retail stores such as PetSmart.

711399267

**Request No. 144:** All documents sufficient to show the vitamin, mineral, antioxidant, and nutrient content of the Jolly Joints pet treats, including, but not limited to, the precise quality of each of the following contained in the Jolly Joints pet treats:

- (a) Chicken;
- (b) Dried Cane Molasses;
- (c) Salt;
- (d) Vitamin E Supplement;
- (e) Glucosamine Hydrochloride;
- (f) Chondroitin Sulfate; and
- (g) Rosemary.

**Request No. 145:** Documents sufficient to show the source of each of the ingredients listed in Request No. 144 above, including, but not limited to the supplier's name, the account representative(s) for each supplier, and the quantity supplied by year.

**Request No. 146:** All documents and communications containing, reflecting, summarizing, or analyzing consumer reactions, interpretations, responses, questions, or comments related to You promoting or advertising the Jolly Joints pet treats as either: (i) providing health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) being nutritionally superior to any competitors' products; (iii) being fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans;  (iv) containing glucosamine; (v) containing 300mg/kg of glucosamine; or (vi) being recommended for "intermittent or supplemental feeding."

**Request No. 147:** All documents and communications that You have provided to any retailer related to the Jolly Joints pet treats promoting the nutritional quality and/or ingredient

content of the Jolly Joints pet treats, including any documents containing, promoting or discussing Your claims that the Jolly Joints pet treats: (i) provide health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) are nutritionally superior to any competitors' products; (iii) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) contain glucosamine; (v) contain 300mg/kg of glucosamine; or (vi) are recommended for "intermittent or supplemental feeding."

**Request No. 148:** All documents and communications related to any on-site education and training programs that You have provided or offered to retailers of the Jolly Joints pet treats related to the ingredient content or nutritional value of the Jolly Joints pet treats.

**Request No. 149:** All documents and communications related to any recalls involving the Jolly Joints pet treats or the ingredient content thereof since January 1, 2007, including all documents and communications related to Blue Buffalo's response or reaction to such recalls.

**Request No. 150:** All documents and communications related to any consumer comments, feedback or complaints regarding the Jolly Joints pet treats and Blue Buffalo's claims that that the Jolly Joints pet treats: (i) provide health benefits, including, but not limited to, "helps promote healthy joints and hips"; (ii) are nutritionally superior to any competitors' products; (iii) are fit for human consumption, including using the slogan "Love them like family, feed them like family" or similar slogans; (iv) contain glucosamine; (v) contain 300mg/kg of glucosamine; or (vi) are recommended for "intermittent or supplemental feeding." This request also includes all documents and communications related to any of Blue Buffalo's responses to any such consumer comments, feedback or complaints.

711399267

**Request No. 151:** True and accurate copies sufficient to show the retail locations at which the Jolly Joints pet treats are sold or have been sold since January 1, 2007.

**Request No. 152:** All non-privileged documents related to any lawsuits, administrative actions or other claims that have been filed, made or threatened by any person or entity related to the ingredient content, nutritional quality or health benefits of the Jolly Joints pet treats, including any settlement agreements reached to resolve such matters.

**Request No. 153:** All documents and communications exchanged between Blue Buffalo and any governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) related to:

(a) The inclusion of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on any Blue Buffalo Product labels in ingredients shipped to Blue Buffalo's Co-Packers by Wilbur Ellis;

(b) the October 14, 2014 letter from Bill Bishop entitled "Regarding the Issue Pertaining to Wilbur Ellis' Texas Plant;" and

(c) the resulting governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) action or response, if any.

**Request No. 154:** All internal documents or communications (e.g., memoranda, notes, logs, reports, minutes of meetings, etc.) that relate to communications between Blue Buffalo and any governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) pertaining to the inclusion of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on any Blue Buffalo Product labels in ingredients shipped to Blue Buffalo's Co-packers by Wilbur Ellis.

711399267

**Request No. 155:** All documents or communications that relate to any veterinarians or animal nutritionists, including but not limited to the veterinarians and animal nutritionists referred to by the Blue Buffalo website at http://www.bluesbuddies.com/about, that Blue Buffalo or any member of the Bishop family communicated with or consulted to develop Blue Buffalo pet food.

Dated: December 4, 2014

NESTLÉ PURINA PETCARE COMPANY

*/s/ Richard Assmus*

Carmine R. Zarlenga, 386244DC *(Lead attorney)*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3227
Facsimile: (202) 263-5227
czarlenga@mayerbrown.com

Richard M. Assmus *(pro hac vice)*
Kristine M. Young *(pro hac vice)*
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
rassmus@mayerbrown.com
kyoung@mayerbrown.com

David A. Roodman, 38109MO
BRYAN CAVE LLP
211 North Broadway #3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
daroodman@bryancave.com

*Counsel for Nestlé Purina PetCare Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he/she caused a true and correct copy of the foregoing Plaintiff's Fourth Set of Requests for Production of Documents and Things to The Blue Buffalo Company Ltd. to be served upon counsel of record on December 4, 2014 by electronic mail to the addresses indicated below.

Patterson Belknap Webb & Tyler LLP
Attn: Steven A. Zalesin
1133 Avenue of the Americas
New York, NY 10036-6710
Email: sazalesin@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Adeel A. Mangi
1133 Avenue of the Americas
New York, NY 10036-6710
Email: aamangi@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Sean H. Murray
1133 Avenue of the Americas
New York, NY 10036-6710
Email: smurray@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Vivian Storm
1133 Avenue of the Americas
New York, NY 10036-6710
Email: vstorm@pbwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Martin Flumenbaum
1285 Avenue of the Americas
New York, NY 10019-6064
Email: mflumenbaum@paulweiss.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Robert Atkins
1285 Avenue of the Americas
New York, NY 10019-6064
Email: ratkins@paulweiss.com

Carmody MacDonald P.C.
Attn: David H. Luce
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: dhl@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Gerard T. Carmody
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: gtc@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Sarah J. Bettag
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: sjb@carmodymacdonald.com

By: _/s/_____

# APPENDIX A

## DEFINITIONS

A.  "Advertisements" means any advertising or promotional material, including without limitation advertising plans or strategies, in-store point-of-sale materials, product labels, radio or television commercials, billboards, print advertising, television and movie product placement, direct mail and e-mail, and all online, internet, native, social media or other electronic content, whether generated by Blue Buffalo or by any party with Blue Buffalo's sponsorship or support.

B.  "Blender" means any person or entity, including Wilbur-Ellis and American By-Products, Inc., who is responsible for combining any two or more ingredients to create any mixture, such as poultry/chicken meal and poultry/chicken by-product meal, that has been used or is currently used in any Blue Buffalo Product.

C.  "Blue Buffalo," "Defendant," "You" and "Your" means defendant The Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents and all persons acting or purporting to act on Blue Buffalo's behalf.

D.  "Blue Buffalo Products" means any and all pet food products, pet treat products, litter products and the like, sold or offered for sale by Blue Buffalo currently or since January 1, 2007.

E.  "Broker" means any person or entity responsible for purchasing or otherwise procuring any ingredient that has been or is currently being used in any Blue Buffalo Product.

F.  "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation conversations, discussions, letters,

711399267

correspondence, memoranda, meetings, notes, speeches, cable, facsimile, telex, telephone call, electronic mail message or other transfer of information, whether written, oral or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

G. "Competitor" means any person or entity other than Blue Buffalo that manufactures, distributes, offers for sale or sells pet food, pet treats, pet products or any products related to the same, including Purina.

H. "Co-packer" means any person or entity that is currently or in the past has been responsible for compiling and/or packaging Blue Buffalo Products for sale.

I. "Declaration" means the declaration of Dr. Vinayak P. Dravid that was filed under seal with the Court in the above-captioned matter (Case No. 4:14-cv-859-RWS) in support of Blue Buffalo's Reply Memorandum of Blue Buffalo Company Ltd. In Support of its Cross-Motion to Compel Dr. Makowski's Deposition by Defendant The Blue Buffalo Company Ltd. on September 6, 2014 at Dkt. No. 60 and the Exhibit thereto.

J. "Distributor" means any person or entity who supplies any ingredient included in the Blue Buffalo Products to any manufacturer or any other person or entity or any person or entity who supplies the Blue Buffalo Products to any retailer or other point-of-sale.

K. "Document" is defined as having the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation all handwritten, typed, printed, graphic, digital, and/or computer-stored matter such as correspondence, memoranda, notes, desk calendars, logs, drafts, work papers, blueprints, drawings or sketches, minutes or recordings of meetings, speeches, presentations, conversations or telephone calls (whether recorded in writing, mechanically or electronically), records, studies, analyses, reports,

711399267

forecasts, schedules, surveys, invoices, receipts, check stubs, CD-ROMs, computer data, any retrievable data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earnings, statements of net worth, credit reports, statements of operations, audit reports, financial summaries, statements of lists or assets, figures, statistics, agreements, government filings, inquires, reports, contracts, expense reports, photographs, slides, videos, communications (including without limitation electronic mail and web site information), and information or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally or otherwise). "Document" also means an authentic copy where the original is not in Blue Buffalo's possession, custody or control and every copy of a document where the copy is not an identical duplicate of the original.

    L.    "Entity" means legal or business entity of any kind and includes, without limitation, corporations, partnerships, trusts, associations and organizations, or any other form of business or any legal, governmental or business unit.

    M.    "Identify" when used with reference to a natural person means to give, to the extent known, the person's full name, present or last-known address, and the present or last known place of employment. "Identify" when used with reference to any other type of person, means to give the person's full name (including any assumed or business name), address(es) and form of organization (i.e., corporation, partnership, unincorporated association, etc.). Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    N.    "Jolly Joints pet treats" means any and all pet treat products and the like sold or offered for sale by Blue Buffalo currently or since January 1, 2007.

711399267

O.     "Manufacturer" means any person or entity who is responsible for creating any Blue Buffalo Product and/or assembling any Blue Buffalo Product into the form in which it is sold to consumers.

P.     "Person" means any natural person or any business, legal or governmental entity or association.

Q.     "Purina" means plaintiff Nestlé Purina PetCare Company, including all of its officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries and affiliates.

R.     "Supplier" means any person or entity from whom Blue Buffalo purchases or has purchased any of the ingredients used in the Blue Buffalo Products, including Diversified Ingredients and Darling International Incorporated.

S.     "Things" means all physical items that are not considered documents and shall have the broadest interpretation of that term in Rule 34(a) of the Federal Rules of Civil Procedure.

T.     The terms "relate," "refer," "reflect," "concern," and "pertain" mean discussing, evidencing, mentioning, memorializing, describing, constituting, containing, analyzing, studying, reporting on, commenting on, recommending, concerning, reflecting, summarizing, referring to, pertaining to, supporting, refuting, and/or purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, support, refute, and/or in any way be relevant, in whole or in part.

U.     The term "any" shall be understood in either its most or least inclusive sense as it will bring within the scope of discovery requests all responses that might otherwise be construed to be out of its scope.

V.  The use of a singular form of any word includes the plural and vice versa.

W.  The connectives "and" and "or" shall be construed both disjunctively and conjunctively so as not to exclude any information otherwise within the scope of any discovery request.

711399267

## APPENDIX B

## INSTRUCTIONS

A.     Unless otherwise noted, these requests require production of documents and things that were prepared, created, written, sent, dated, or received on or after <u>January 1, 2007</u>.

B.     The following requests are intended to be construed as broadly as their language permits. They are to be construed independently, except when such construction limits their scope. Any ambiguity should be resolved by selecting the broadest construction possible. If any request or term in these requests is ambiguous or unclear to you, please contact the undersigned counsel as soon as possible so the request can be clarified so as to avoid unnecessary delay in discovery. If an objection is made to part of a request, then that part shall be specified and an answer or production given for the remaining parts.

C.     If any responsive document has been lost or destroyed, identify: (i) the author; (ii) the date of loss or destruction; (iii) the reason for loss or destruction; (iv) the identity of those directing the destruction, if any; and (v) the substance of the document.

D.     If Blue Buffalo objects to the scope or breadth of any request, Blue Buffalo is directed to (i) respond within the scope or breadth of production that Blue Buffalo contends is proper and (ii) define the scope or breadth in which Blue Buffalo has responded. Any limited response does not preclude Plaintiff from seeking additional discovery of the full scope or breadth of the request.

E.     Produce all documents which exist or have been maintained in electronic form in the electronic media required to be accessed and read by appropriate electronic equipment or, if necessary, written identification of the electronic equipment or software needed to access the electronic data.

711399267

F. These requests seek all documents, objects, or other tangible things described in the categories below which are in Blue Buffalo's possession, custody or control.

711399267