# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| | ) |
| Plaintiff / Counterclaim Defendant, | ) |
| | ) |
| v. | ) Case No.  4:14-cv-00859-RWS |
| | ) |
| BLUE BUFFALO COMPANY LTD., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant / Counterclaim Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLUE STATE DIGITAL INC., | ) |
| PRCG/HAGGERTY LLC | ) |
| AND JOHN DOES 1-8, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**PLAINTIFF'S FIFTH SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO THE BLUE BUFFALO COMPANY LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Nestlé Purina PetCare Company ("Purina") hereby requests that Defendant The Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant" or "You") produce for inspection and copying the following documents at the offices of Plaintiff's counsel, or by such other means and at such other time and place as may be agreed upon by the parties, and that said production be made within 30 days of the date of service of this request.  These Requests for Production are deemed continuing in nature as permitted by Rule 26(e) of the Federal Rules of Civil Procedure and are to be supplemented promptly upon Defendant's acquisition of further or additional documents or things.

Plaintiff's requests for documents and things shall be responded to in accordance with the Definitions and Instructions attached hereto as Appendices A and B, respectively.

## REQUESTS FOR PRODUCTION

**Request No. 156:** All documents and communications relating to Blue Buffalo's policies or procedures for or practices regarding the removal, deletion or otherwise hiding from public view of comments, questions or any other content posted by third parties to any website maintained by Blue Buffalo or on Blue Buffalo's behalf, including but not limited to www.bluebuffalo.com, or to any of Blue Buffalo's social media accounts, including but not limited to Facebook, Twitter and Instagram.

**Request No. 157:** All documents and communications relating to any comments, questions or any other content  posted by a third party to any website maintained by Blue Buffalo or on Blue Buffalo's behalf, including but not limited to www.bluebuffalo.com, or to any of Blue Buffalo's social media accounts, including but not limited to Facebook, Twitter and Instagram, that reference this lawsuit, any of the Blue Buffalo advertisements or the Blue Buffalo products referenced in Purina's Second Amended Complaint, the nutritional value of the Blue Buffalo Products, vitamin levels in the Blue Buffalo Products or the ingredients in the Blue Buffalo Products and that Blue Buffalo or any third party acting on Blue Buffalo's behalf removed, deleted or otherwise hid from public view from the website or account.

Dated: January 9, 2015

NESTLÉ PURINA PETCARE COMPANY

/s/ Kristine M. Young/ _____

Carmine R. Zarlenga, 386244DC *(Lead attorney)*
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3227
Facsimile: (202) 263-5227
czarlenga@mayerbrown.com

Richard M. Assmus *(pro hac vice)*
Kristine M. Young *(pro hac vice)*

2

MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
rassmus@mayerbrown.com
kyoung@mayerbrown.com

David A. Roodman, 38109MO
BRYAN CAVE LLP
211 North Broadway #3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
daroodman@bryancave.com


*Counsel for Nestlé Purina PetCare Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused a true and correct copy of the foregoing Plaintiff's Fifth Set of Requests for Production of Documents and Things to The Blue Buffalo Company Ltd. to be served upon counsel of record on January 9, 2015 by electronic mail to the addresses indicated below.

Patterson Belknap Webb & Tyler LLP
Attn: Steven A. Zalesin
1133 Avenue of the Americas
New York, NY 10036-6710
Email: sazalesin@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Adeel A. Mangi
1133 Avenue of the Americas
New York, NY 10036-6710
Email: aamangi@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Sean H. Murray
1133 Avenue of the Americas
New York, NY 10036-6710
Email: smurray@pbwt.com

Patterson Belknap Webb & Tyler LLP
Attn: Vivian Storm
1133 Avenue of the Americas
New York, NY 10036-6710
Email: vstorm@pbwt.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Martin Flumenbaum
1285 Avenue of the Americas
New York, NY 10019-6064
Email: mflumenbaum@paulweiss.com

Capes Sokol Goodman & Sarachan PC
Attn: Amy L. Fehr
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Email: fehr@capessokol.com

Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attn: Robert Atkins
1285 Avenue of the Americas
New York, NY 10019-6064
Email: ratkins@paulweiss.com

Carmody MacDonald P.C.
Attn: David H. Luce
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email:  dhl@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Gerard T. Carmody
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email:  gtc@carmodymacdonald.com

Carmody MacDonald P.C.
Attn: Sarah J. Bettag
120 S. Central Avenue, Suite 1800
St. Louis, MO 63105
Email: sjb@carmodymacdonald.com

Capes Sokol Goodman & Sarachan PC
Attn: Michael A. Kahn
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Email: kahn@capessokol.com

Bryan Cave LLP
Attn: Charles A. Weiss
211 North Broadway #3600
St. Louis, MO 63102
Email: caweiss@bryancave.com

By: /s/ Kristine M. Young/_____

## APPENDIX A

### DEFINITIONS

A.      "Advertisements" means any advertising or promotional material, including without limitation advertising plans or strategies, in-store point-of-sale materials, product labels, radio or television commercials, billboards, print advertising, television and movie product placement, direct mail and e-mail, and all online, internet, native, social media or other electronic content, whether generated by Blue Buffalo or by any party with Blue Buffalo's sponsorship or support.

B.      "Blue Buffalo," "Defendant," "You" and "Your" means defendant The Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents and all persons acting or purporting to act on Blue Buffalo's behalf.

C.      "Blue Buffalo Products" means any and all pet food products, pet treat products, litter products and the like, sold or offered for sale by Blue Buffalo currently or since May 6, 2009.

D.      "Communication" means any exchange or transmission of words or ideas to another person or an entity, including without limitation conversations, discussions, letters, correspondence, memoranda, meetings, notes, speeches, cable, facsimile, telex, telephone call, electronic mail message or other transfer of information, whether written, oral or by any other means, whether direct or indirect, formal or informal, and includes any document which abstracts, digests, transcribes or records any such communication.

E.      "Document" is defined as having the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation all handwritten, typed, printed, graphic, digital, and/or computer-stored matter such as correspondence, memoranda, notes, desk calendars, logs, drafts, work papers, blueprints, drawings or sketches, minutes or recordings of meetings,

1

speeches, presentations, conversations or telephone calls (whether recorded in writing, mechanically or electronically), records, studies, analyses, reports, forecasts, schedules, surveys, invoices, receipts, check stubs, CD-ROMs, computer data, any retrievable data, computer printouts, financial statements, balance sheets, profit and loss statements, statements of earnings, statements of net worth, credit reports, statements of operations, audit reports, financial summaries, statements of lists or assets, figures, statistics, agreements, government filings, inquires, reports, contracts, expense reports, photographs, slides, videos, communications (including without limitation electronic mail and web site information), and information or statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally or otherwise).  "Document" also means an authentic copy where the original is not in Blue Buffalo's possession, custody or control and every copy of a document where the copy is not an identical duplicate of the original.

F. "Purina" means plaintiff Nestlé Purina PetCare Company, including all of its officers, directors, employees, agents, consultants, attorneys, predecessors, subsidiaries and affiliates.

G. The terms "relate," "refer," "reflect," "concern," and "pertain" mean discussing, evidencing, mentioning, memorializing, describing, constituting, containing, analyzing, studying, reporting on, commenting on, recommending, concerning, reflecting, summarizing, referring to, pertaining to, supporting, refuting, and/or purporting to evidence, mention, memorialize, describe, constitute, contain, concern, reflect, summarize, refer to, support, refute, and/or in any way be relevant, in whole or in part.

H. The term "any" shall be understood in either its most or least inclusive sense as it will bring within the scope of discovery requests all responses that might otherwise be construed to be out of its scope.

I. The use of a singular form of any word includes the plural and vice versa.

J. The connectives "and" and "or" shall be construed both disjunctively and conjunctively so as not to exclude any information otherwise within the scope of any discovery request.

## APPENDIX B

### INSTRUCTIONS

A.      Unless otherwise noted, these requests require production of documents and things that were prepared, created, written, sent, dated, or received on or after May 6, 2009.

B.      The requests are intended to be construed as broadly as their language permits.  They are to be construed independently, except when such construction limits their scope.  Any ambiguity should be resolved by selecting the broadest construction possible.  If any request or term in these requests is ambiguous or unclear to you, please contact the undersigned counsel as soon as possible so the request can be clarified so as to avoid unnecessary delay in discovery.  If an objection is made to part of a request, then that part shall be specified and an answer or production given for the remaining parts.

C.      If any responsive document has been lost or destroyed, identify: (i) the author; (ii) the date of loss or destruction; (iii) the reason for loss or destruction; (iv) the identity of those directing the destruction, if any; and (v) the substance of the document.

D.      If Blue Buffalo objects to the scope or breadth of any request, Blue Buffalo is directed to (i) respond within the scope or breadth of production that Blue Buffalo contends is proper and (ii) define the scope or breadth in which Blue Buffalo has responded.  Any limited response does not preclude Plaintiff from seeking additional discovery of the full scope or breadth of the request.

E.      Produce all documents which exist or have been maintained in electronic form in the electronic media required to be accessed and read by appropriate electronic equipment or, if necessary, written identification of the electronic equipment or software needed to access the electronic data.

F.      These requests seek all documents, objects, or other tangible things described therein which are in Blue Buffalo's possession, custody or control.

1