# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | |
|---|---|
| Nestle Purina PetCare Company,<br>*Plaintiff*<br>v.<br>The Blue Buffalo Company, Ltd.,<br>*Defendant* | )<br>)<br>)  Civil Action No. 4:14-cv-08859<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   The Invus Group, LLC, 750 Lexington Avenue, 30th Floor, New York, NY 10022

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See attached Schedule A.

| Place: Mayer Brown LLP<br>ATTN: Manuel J. Velez<br>1221 Avenue of the Americas, New York, NY 10020-1001 | Date and Time:<br>03/08/2015 9:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ Richard M. Assmus
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Nestle Purina PetCare Company_____, who issues or requests this subpoena, are:

Richard M. Assmus; 71 S. Wacker Drive, Chicago, IL 60606; rassmus@mayerbrown.com; 312-701-8623

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

American LegalNet, Inc.
www.FormsWorkFlow.com

714851602

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:14-cv-00859

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:



714851602

Case: 4:14-cv-00859-RWS   Doc. #:  168-1   Filed: 02/23/15   Page: 4 of 12 PageID #: 4070

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
     **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
     **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
         **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
     **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
     **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---


American LegalNet, Inc.
www.FormsWorkFlow.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00859 |
| | ) | |
| THE BLUE BUFFALO COMPANY LTD., | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULE A

**DEFINITIONS**

The following subpoena requests are subject to the definitions and instructions set forth below:

A. "The Invus Group, LLC," "you," or "your" means the Invus Group, LLC, including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries, affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents and all persons purporting to act on the Invus Group, LLC's behalf.

B. "Advertisements" means any advertising or promotional material, including without limitation advertising plans or strategies, in-store point-of-sale materials, product labels, radio or television commercials, billboards, print advertising, television and movie product placement, direct mail and e-mail, and all online, internet, native, social media or other electronic content.

C. "Blue Buffalo" means defendant The Blue Buffalo Company Ltd., including without limitation any divisions, departments, parents, predecessors, successors, subsidiaries,

affiliates, and other organizational or operating units and present or former officers, directors, employees, or agents and all persons purporting to act on Blue Buffalo's behalf. This definition includes, but is not limited to, any co-packers operating on behalf of Blue Buffalo.

D. "Chicken by-product meal" is defined as the ground, rendered, clean parts of the carcass of slaughtered chicken, such as necks, feet, undeveloped eggs and intestines, exclusive of feathers.

E. "Competitor" means any person other than Blue Buffalo that manufactures, distributes, offers for sale or sells pet food, pet treats, pet products or any products related to the same, including Nestlé Purina PetCare Company.

F. "Co-packer" means any person or entity that is currently or in the past has been responsible for manufacturing and/or packaging the Blue Buffalo Products for sale.

G. "Distributor" means any person or entity that supplies any ingredient included in the Blue Buffalo Products to any manufacturer (including Pilgrim's Pride) or any other person or entity or any person or entity that supplies the Blue Buffalo Products to any retailer or other point-of-sale.

H. "Entity" means legal or business entity of any kind and includes, without limitation, corporations, partnerships, trusts, associations and organizations, or any other form of business or any legal, governmental or business unit.

I. "Litigation" is defined to include the above captioned-matter, *Nestlé Purina PetCare Co. v. The Blue Buffalo Co. Ltd.*, Case No. 4:14-cv-00859 (E.D. Mo.), and the consolidated class action entitled *Alexia Keil, et al. v. The Blue Buffalo Co. Ltd.*, Case No. 4:14-MD-02562 (E.D. Mo.).

J.      "Poultry by-product meal" is defined as the ground, rendered, clean parts of the carcass of slaughtered poultry, such as necks, feet, undeveloped eggs, intestines, exclusive of feathers.

K.      "Person" means any natural person or any business, legal or governmental entity or association.

L.      "Document" is defined as having the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, including without limitation all handwritten, typed, printed, graphic, digital, and/or computer-stored matter, including but not limited to, correspondence, memoranda, notes, reports, minutes or recordings of meetings, and presentations.  "Document" also means an authentic copy where the original is not in your possession, custody or control and every copy of a document where the copy is not an identical duplicate of the original.

M.      "Communication" means any exchange or transmission of words or ideas to another person or an entity, including but not limited to letters, meetings, telephone calls, electronic mail message or other transfer of information, whether written, oral or by any other means, whether direct or indirect, formal or informal.

N.      "Things" means all physical items that are not considered documents and shall have the broadest meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure.

O.      The terms "relate," "refer," "reflect," "concern," and "pertain" mean discussing, evidencing, mentioning, memorializing, describing, constituting, containing, analyzing, studying, reporting on, commenting on, recommending, concerning, reflecting, summarizing, referring to, pertaining to, supporting, refuting, and/or purporting to evidence, mention, memorialize,

3

describe, constitute, contain, concern, reflect, summarize, refer to, support, refute, and/or in any way be relevant, in whole or in part.

P. The term "any" shall be understood in either its most or least inclusive sense as it will bring within the scope of discovery requests all responses that might otherwise be construed to be out of its scope.

Q. The use of a singular form of any word includes the plural and vice versa.

R. The connectives "and" and "or" shall be construed both disjunctively and conjunctively so as not to exclude any information otherwise within the scope of any discovery request.

**INSTRUCTIONS**

A. Unless otherwise noted, these requests require production of documents and things that were prepared, created, written, sent, dated, or received on or after May 6, 2009.

B. These requests are continuing. In the event any responsive information or materials come to your attention, please produce such information as soon as possible.

C. The following requests are intended to be construed as broadly as their language permits. They are to be construed independently, except when such construction limits their scope. Any ambiguity should be resolved by selecting the broadest construction possible.

D. If any responsive document has been lost or destroyed, identify: (i) the author; (ii) the date of loss or destruction; (iii) the reason for loss or destruction; (iv) the identity of those directing the destruction, if any; and (v) the substance of the document.

E. If you object to the scope or breadth of any request, you are directed to (i) respond within the scope or breadth of production that you contend is proper and (ii) define the scope or

breadth in which you have responded.  Any limited response does not preclude Purina from seeking additional discovery of the full scope or breadth of the request.

      F.      If any request or term in these requests is ambiguous or unclear to you, please contact Richard M. Assmus at rassmus@mayerbrown.com or at 312-701-8623 as soon as possible so the request can be clarified so as to avoid unnecessary delay.  If an objection is made to part of a request, then that part shall be specified and an answer or production given for the remaining parts.

      G.      Produce all documents which exist or have been maintained in electronic form in the electronic media required to be accessed and read by appropriate electronic equipment or, if necessary, written identification of the electronic equipment or software needed to access the electronic data.

      H.      These requests seek all documents, objects, or other tangible things described in the categories below which are in your possession, custody, or control.

**REQUESTS FOR PRODUCTION**

**Request No. 1:** Documents sufficient to show the ownership stake or interest You have in Blue Buffalo and any changes in your ownership stake or interest.

**Request No. 2:** All documents and communications reflecting or relating to the inclusion in any Blue Buffalo product of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on the label of that Blue Buffalo product.

**Request No. 3:** All documents and communications reflecting or relating to any agreement regarding the content of any product sold to Blue Buffalo, or ingredient specifications provided by Blue Buffalo.

**Request No. 4:** All documents and communications reflecting or relating to any investigation or inquiry relating to the inclusion in any Blue Buffalo product of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on the label of that Blue Buffalo product.

**Request No. 5:** All documents and communications related to any Blue Buffalo Advertisement including, but not limited to, Your review, approval, disapproval, or any other comments pertaining to any Blue Buffalo Advertisement.

**Request No. 6:** All documents and communications related to the effectiveness of Blue Buffalo's Advertisements and any gains in market share over Competitors.

**Request No. 7:** All documents and communications referring or relating to the Litigation or to any allegation contained in the corresponding complaints (attached hereto as Exhibits 1 and 2, respectively), including, but not limited to:

(a) communications with Blue Buffalo or any third party pertaining to any public or media responses to the Litigation or to any allegation contained in the corresponding complaints;

(b) communications with current or former investors;

(c) communications with any current or former officers, directors, employees, or agents and all persons purporting to act on behalf of any banking or investment banking entity;

(d) emails exchanged between Blue Buffalo and The Invus Group, LLC, including, but not limited to, emails to or from Roderick Hood, Evren Bilimer, Philippe Amouyal, Afalo Guimaraes, and Raymond Debbane;

(e) Your criticism, disapproval, or any other comments on the quality or effectiveness of Blue Buffalo's management, quality control, and/or legal compliance as related in any way to the Litigation or any of the issues raised by the Litigation; and

(f) Blue Buffalo's exposure in the Litigation, including, but not limited to, any evaluation of loss contingencies or establishment of financial reserves.

**Request No. 8:** All documents and communications pertaining to any communication between Buffalo Blue and any governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) related to:

(a) The inclusion of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on any Blue Buffalo Product labels in ingredients shipped to any of Blue Buffalo's Co-Packers by any of Blue Buffalo's Distributor;

(b) and the resulting governmental or regulatory agency, administration or entity (including, but not limited to, the United States Food and Drug Administration) action or response, if any.

**Request No. 9:** All documents and communications related to or referring to Wilbur Ellis or Diversified Ingredients

**Request No. 10:** All documents and communications related to or referring to the October 14, 2014 letter from Bill Bishop entitled "Regarding the Issue Pertaining to Wilbur Ellis' Texas Plant."

7

**Request No. 11:** All documents and communications related to competitive analysis, including, but not limited to, studies, reports, summaries, surveys, polls, investigations, or any other competitive intelligence pertaining to Nestlé Purina PetCare Company or any of its products.

**Request No. 12:** All documents and communications sufficient to show the financial performance of Blue Buffalo since January 1, 2010, including the calendar year of 2014.

**Request No. 13:** All documents and communications referring or relating to any claims, lawsuits, counterclaims, or potential claims against Nestlé Purina PetCare Company.

**Request No. 14:** All documents and communications related to any recalls involving the Blue Buffalo Products or the ingredient content thereof since January 1, 2006, including all documents and communications related to Blue Buffalo's response or reaction to such recalls.