# Exhibit 1

## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

March 12, 2015

Adeel A. Mangi
Partner
(212) 336-2563
Direct Fax:  (212) 336-7947
aamangi@pbwt.com

By Email

Richard M. Assmus, Esq.
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606

>    Re:    *Nestlé Purina PetCare Company v. Blue Buffalo Company Ltd.*,
>            **4:14-cv-00859 (RWS)**

Dear Richard:

We write in response to Nestlé Purina's February 25, 2015 letter concerning Blue Buffalo's responses and objections to Purina's Fourth Set of Requests (the "Objections") for the Production of Documents and Things.

We address Purina's individual requests as follows:

**Request No. 124**

Request No. 124 seeks minutes, recordings, summaries or reports of meetings of the Blue Buffalo board of directors, each committee or subgroup of each board, the members of each committee and any group or subgroup of Blue Buffalo management employees discussing certain topics related to Jolly Joints. Blue Buffalo has already agreed to produce minutes of meetings of the board of directors and minutes, summaries, or reports of meetings of management employees of Blue Buffalo in its possession, located after a reasonable search and related to the marketing or advertising of Jolly Joints pet treats based on the Healthy Joints Claims and the health or nutritional benefits of Jolly Joints to the extent they relate to the Healthy Joints Claims.

Request No. 124(i), as limited, seeks certain documents related to glucosamine in Jolly Joints pet treats. Request No. 124(iii), as limited, seeks documents related to audits or quality control checks to evaluate the amount of glucosamine in Jolly Joints pet treats. Blue Buffalo has already agreed to produce documents sufficient to show the glucosamine content of the Jolly Joints pet treats. To the extent Request No. 124(i) and (iii) seeks additional information, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the Objections, Blue Buffalo will produce non-privileged documents

7716624v.2

Richard M. Assmus
March 12, 2015
Page 2

located after reasonable search that reflect testing of the level of glucosamine in Jolly Joints pet treats.

Request No. 124(v), as narrowed, seeks certain documents concerning threatened litigation, administrative or regulatory agency action or inquiry or similar complaint related to the levels of glucosamine or Blue Buffalo's claim that Jolly Joints help promote healthy joints. Blue Buffalo states that, to the best of its knowledge after reasonable search, no documents responsive to Request No. 124(v) exist.

**Request No. 128**

Request No. 128 seeks documents and communications related to the quality, nutritional value, formulations and/or ingredient contents of any competitor products referenced in Blue Buffalo's advertising.  Purina claims these documents are "relevant to the substantiation for and accuracy of Blue Buffalo's 'True Blue Test'" and advertising claims.  However, in response to Request No. 31, Blue Buffalo agreed to produce documents related to the substantiation for or accuracy of the advertising claims cited in Purina's complaint or amended complaint.  In addition, in response to Request No. 107, Blue Buffalo has already agreed to produce certain documents relating to the substantiation for or accuracy of the "True Blue Test" as it relates to its claims about whether Blue Buffalo's dry food products and competitors' dry food products contain poultry by-products, corn, or wheat.  To the extent Request No. 128 calls for production of additional documents, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 129**

Request No. 129 seeks documents related to any audit, test, inspection, sampling, or quality control procedures performed to test or monitor the quality of Jolly Joints pet treats and the ingredient contents thereof.  Purina now narrows this request to encompass such documents only to the extent they relate to glucosamine.

Request No. 129 is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  However, subject to and without waiving the Objections, Blue Buffalo will produce non-privileged documents located after reasonable search that reflect testing of the level of glucosamine in Jolly Joints pet treats.

**Request No. 130**

Request No. 130, as narrowed, seeks documents and communications related to the glucosamine content of the Jolly Joints pet treats.  Subject to and without waiving the Objections, Blue Buffalo will produce non-privileged documents and communications related to the quantity of glucosamine in Jolly Joints pet treats located after reasonable search.

7716624v.2

Richard M. Assmus
March 12, 2015
Page 3

## Request No. 133

   Request No. 133, as narrowed, seeks documents and communications related to certifications received and/or made to Blue Buffalo by any supplier, manufacturer, distributor, co-packer, broker or blender related to the glucosamine in Jolly Joints pet treats.  Blue Buffalo has already agreed to produce documents sufficient to show the glucosamine content of the Jolly Joints pet treats, documents that reflect testing of the level of glucosamine in the Jolly Joints pet treats, and communications related to the quantity of glucosamine in Jolly Joints pet treats.  To the extent Request No. 133 seeks the production of additional materials, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  However, in the interests of resolving your concerns, Blue Buffalo will produce non-privileged documents located after reasonable search that relate to the level of glucosamine in Jolly Joints pet treats.

## Request No. 136

   Request No. 136 seeks copies of Blue Buffalo's website and any blogs or social media pages through which Blue Buffalo promotes Jolly Joint pet treats.  Blue Buffalo has already produced copies of its website.  Blue Buffalo states that, to the best of its knowledge after reasonable search, it does not possess copies of historical versions of blogs or social media pages through which Blue Buffalo may have promoted Jolly Joints pet treats.

## Requests No. 140 & 141

   Requests No. 140, as narrowed, seeks documents and communications related to the marketing or sales strategies, market shares or projected market shares, market conditions or the profitability of Blue Buffalo, related to the Healthy Joint Claims or claims that Jolly Joints are recommended for intermittent or supplemental feeding.  Requests No. 141, as narrowed, seeks documents and communications related to Blue Buffalo's marketing and advertising plans, proposals, strategies or campaigns to promote and sell the Jolly Joints pet treats related to the Healthy Joint Claims or claims that Jolly Joints are recommended for intermittent or supplemental feeding.

   Blue Buffalo has already agreed to produce documents related to the substantiation for or accuracy of the Healthy Joints Claims or claims that Jolly Joints pet treats are recommended for intermittent or supplemental feeding.  In response to Request No. 137, Blue Buffalo also has agreed to produce final copies of national print, television, and internet Advertisements based on the Healthy Joints Claims or promoting or advertising Jolly Joints as being recommended for intermittent or supplemental feeding.  Purina contends that additional documents would be relevant to "the overall competitive landscape" and Purina's damages analysis, but does not explain how additional documents concerning sales strategies, market shares, projected market shares, market conditions, or marketing and advertising plans, proposals, strategies or campaigns would meaningfully affect Purina's damages calculation.  To

Richard M. Assmus
March 12, 2015
Page 4

the extent Requests No. 140 & 141 seek the production of additional materials, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  However, in the interests of resolving your concerns, Blue Buffalo will produce non-privileged documents located after reasonable search that relate specifically to the level of glucosamine in Jolly Joints pet treats.

## Request No. 142

Request No. 142 seeks documents sufficient to show separately by year total dollar sales of all Jolly Joints pet treats; total dollar sales of all Jolly Joints pet treats by SKU; and total unit sales of all Jolly Joints pet treats by SKU.  Subject to and without waiving its Objections, Blue Buffalo will produce non-privileged documents sufficient to show the net dollar sales of Jolly Joints pet treats, net dollar sales of Jolly Joints pet treats by SKU, and the total unit sales of Jolly Joints pet treats by SKU.

## Requests No. 146-148, 150

Requests No. 146-148 and 150 seek documents and communications related to consumer reactions, feedback, or comments to advertising for Jolly Joints pet treats, documents and communications that Blue Buffalo has provided to any retailer related to the Jolly Joints pet treats promoting the nutritional quality and/or ingredient content of Jolly Joints pet treats, and documents and communications related to on-site education and training programs Blue Buffalo has provided or offered to retailers of Jolly Joints pet treats related to the ingredient content or nutritional value of the Jolly Joints pet treats.

Blue Buffalo has already agreed to produce certain documents responsive to these requests that relate to the Healthy Joints Claims.  Purina now seeks additional documents related to the recommendation that the treats are used for intermittent or supplemental feeding.  The accuracy of Blue Buffalo's claim that the treats are recommended for intermittent or supplemental feeding is not in dispute.  As a result, to the extent these requests seek additional information about that claim, they are overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

## Request No. 151

Request No. 151 seeks copies sufficient to show the retail locations at which the Jolly Joints pet treats are or have been sold.  Subject to and without waiving the Objections, Blue Buffalo will produce non-privileged documents, located after a reasonable search, and sufficient to show the retail stores and distributors to which Blue Buffalo has directly shipped Jolly Joints pet treats since May 6, 2009.

Richard M. Assmus
March 12, 2015
Page 5

**Requests No. 153-154**

   Requests No. 153 seeks documents and communications exchanged between Blue Buffalo and any governmental or regulatory agency, administration, or entity related to (a) the inclusion of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredients not reflected on any Blue Buffalo labels in ingredients shipped to Blue Buffalo's Co-Packers by Wilbur Ellis; (b) the October 14, 2014 letter from Bill Bishop entitled "Regarding the Issue Pertaining to Wilbur Ellis' Texas Plaint;" and (c) the resulting governmental or regulatory agency, administration or entity action or response.  Request No. 154 seeks internal documents or communications that relate to the communications between Blue Buffalo and any governmental or regulatory agency, administration, or entity pertaining to the inclusion of chicken by-product meal, poultry by-product, artificial preservatives, soy, corn or any other ingredient not reflected on any Blue Buffalo product labels in ingredients shipped to Blue Buffalo's co-packers by Wilbur Ellis.

   Purina contends that these documents "bear on the substantiation for the advertising claims at issue[.]"  However, in response to Request No. 31, Blue Buffalo already agreed to produce documents related to the substantiation for or accuracy of the advertising claims cited in Purina's complaint or amended complaint.  To the extent non-privileged communications exchanged between Blue Buffalo and any governmental or regulatory agency, or internal communications related thereto located after reasonable search, relate to the substantiation for or accuracy of the advertising claims cited in Purina's complaint or amended complaint, Blue Buffalo will produce them.   To the extent Request No. 154 calls for production of additional documents, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 155**

   Request No. 155 calls for documents or communications that relate to any veterinarians or animal nutritionists that Blue Buffalo or any member of the Bishop family communicated with or consulted to develop Blue Buffalo pet food.  Purina contends that "[i]nformation responsive to this request is relevant to the substantiation for and accuracy of Blue Buffalo's advertising claims[.]"  However, in response to Request No. 31, Blue Buffalo already agreed to produce documents related to the substantiation for or accuracy of the advertising claims cited in Purina's complaint or amended complaint.  To the extent Request No. 155 calls for production of additional documents, it is overbroad, unduly burdensome, and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.

* * * * *

   We look forward to discussing these issues with your further next week.

Richard M. Assmus
March 12, 2015
Page 6

Sincerely,

Adeel A. Mangi