# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NESTLE PURINA PETCARE COMPANY,

    Plaintiff,

v.                                  Case No. 4:14-cv-00859

THE BLUE BUFFALO COMPANY LTD.,

    Defendant.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO THE BLUE BUFFALO COMPANY LTD.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Nestle Purina PetCare Company ("Purina") hereby requests that Defendant The Blue Buffalo Company Ltd. ("Blue Buffalo" or "Defendant" or "You") produce for inspection and copying the following documents at the offices of Defendant's counsel, or by such other means and at such other time and place as may be agreed upon by the parties, and that said production be made within 30 days of the date of service of this request. These Requests for Production are deemed continuing in nature as permitted by Rule 26(e) of the Federal Rules of Civil Procedure and are to be supplemented promptly upon Defendant's acquisition of further or additional documents or things.

Plaintiff s requests for documents and things shall be responded to in accordance with the Definitions and Instructions attached hereto as Appendices A and B, respectively.

**REQUESTS FOR PRODUCTION**

**Request No. 1:** Documents sufficient to show all full and part-time employees of Blue Buffalo and contractors of Blue Buffalo since May 6, 2009, including: (i) the name of each employee or contractor; (ii) the title(s) of each employee or contractor; (iii) the dates between which each employee or contractor held their respective titles; (iv) whether each employee or

709410336

## **APPENDIX B**

## **INSTRUCTIONS**

A. Unless otherwise noted, these requests require production of documents and things that were prepared, created, written, sent, dated, or received on or after May 6, 2009.

B. The following requests are intended to be construed as broadly as their language permits. They are to be construed independently, except when such construction limits their scope. Any ambiguity should be resolved by selecting the broadest construction possible. If any request or term in these requests is ambiguous or unclear to you, please contact the undersigned counsel as soon as possible so the request can be clarified so as to avoid unnecessary delay in discovery. If an objection is made to part of a request, then that part shall be specified and an answer or production given for the remaining parts.

C. If any responsive document has been lost or destroyed, identify: (i) the author; (ii) the date of loss or destruction; (iii) the reason for loss or destruction; (iv) the identity of those directing the destruction, if any; and (v) the substance of the document.

D. If Blue Buffalo objects to the scope or breadth of any request, Blue Buffalo is directed to (i) respond within the scope or breadth of production that Blue Buffalo contends is proper and (ii) define the scope or breadth in which Blue Buffalo has responded. Any limited response does not preclude Plaintiff from seeking additional discovery of the full scope or breadth of the request.

E. Produce all documents which exist or have **been** maintained in electronic form in the electronic media required to be accessed and read by appropriate electronic equipment or, if necessary, written identification of the electronic equipment or software needed to access the electronic data.

709410336

F. These requests seek all documents, objects, or other tangible things described in the categories below which are in Blue Buffalo's possession, custody or control.

709410336