UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 859 RWS |
| ) | |
| THE BLUE BUFFALO COMPANY LTD., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff, ) | |
| | |
| AND RELATED ACTIONS ) | |

## MEMORANDUM AND ORDER

This matter is before me on third-party defendant Diversified Ingredients, Inc.'s motion to dismiss the Blue Buffalo Company, Ltd.'s claims against it. Blue Buffalo's claims against Diversified arise out of an underlying action in which Nestle Purina Petcare Company alleged that Blue Buffalo falsely advertised its pet foods as free of poultry by-product meal in violation of the Lanham Act, 15 U.S.C. § 1125. Blue Buffalo now admits that poultry by-product was in some of its pet foods. However, it claims that its ingredient supplier, Wilbur-Ellis, and ingredient broker, Diversified Ingredients, deceived Blue Buffalo when they sold it by-product meal instead of chicken and turkey meal. Blue Buffalo brings third-party claims against Wilbur-Ellis and Diversified, alleging that the ingredient suppliers are liable to it for indemnity and contribution for any harm Blue Buffalo is found to have committed against Purina, as well as for additional damages under theories of breach of contract, breach of warranty, fraud, misrepresentation, negligence, unjust enrichment, unfair competition, and other statutory violations.

Diversified now moves to dismiss Blue Buffalo's claims against it for failure to state a claim upon which relief can be granted. For the reasons that follow, I will grant in part and deny in part Diversified's motion.

**Legal Standard**

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (internal citations omitted).

**Discussion**

Diversified argues that I should dismiss Blue Buffalo's third-party claims against it because a) Blue Buffalo cannot seek indemnity or contribution for any Lanham Act liability as a matter of law, and b) Blue Buffalo's remaining claims are improperly joined under Fed. R. Civ. P. 14(a) because they are not derivative of Purina's false advertising claims against Blue Buffalo. In the alternative, Diversified argues that I should sever Blue Buffalo's claims against it from the

underlying case between Purina and Blue Buffalo to avoid needless delay, confusion, and complication.

   A. Indemnity and Contribution Claims

Diversified argues that there is no right to indemnity or contribution for Lanham Act claims. Despite Blue Buffalo's policy argument otherwise, I agree with Diversified that Blue Buffalo's claims for indemnity and contribution for its alleged violation of the Lanham Act are barred as a matter of law. There is no federal common law right to indemnity or contribution under which Blue Buffalo can assert claims for its potential Lanham Act liability. Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 16 (2d Cir. 1988), *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989). Additionally, there is no express right of contribution or indemnity under the Lanham Act. See id. at 16; 15 U.S.C. § 1117. Other courts have addressed the question of whether a right to contribution is impliedly permitted by the Lanham Act and have held that they are not. See, e.g., Wagner v. Circle W. Mastiffs, No. 2:08-CV-00431, 2010 WL 1009904, at *9 (S.D. Ohio Mar. 12, 2010) (compiling cases); Getty Petroleum Corp., 862 F.2d 10, 16 (2d Cir. 1988), cert. denied, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989); Santana Products, Inc. v. Bobrick Washroom Equip., Inc., 69 F. Supp. 2d 678, 684, 687 (M.D. Pa. 1999). I agree with the reasoning in these cases and will also decline to imply a right to indemnity or contribution with respect to Purina's Lanham Act claim against Blue Buffalo.

Diversified also argues that Blue Buffalo may not obtain indemnity or contribution for any liability it is found to have under Purina's claims for unjust enrichment and unfair competition under Missouri common law because they are intentional torts. Under the "intentional misconduct rule," Missouri courts prohibit claims for contribution or indemnity

among willful joint tortfeasors. Missouri Pac. R. Co. v. Whitehead & Kales Co., 566 S.W.2d 466, 469 (Mo. 1978). However, when the underlying causes of action are "broad enough to encompass both intentional and negligent conduct," the intentional misconduct rule might not apply. See Charter Express, Inc. v. United S. Assur. Co., 1990 US. Dist. LEXIS 10301, at *4 (W.D. Mo. July 30, 1990).

Here, Purina's claims against Blue Buffalo for unjust enrichment and unfair competition are pleaded broadly enough to encompass both intentional and negligent conduct. Moreover, at this stage of the case, I must accept Blue Buffalo's factual allegations as true, including its allegation that that the byproduct was in its food without its knowledge or intent. Additionally, the extent or basis of Blue Buffalo's potential liability on these claims is yet to be determined. As a result, I cannot say that Blue Buffalo has failed to state a claim for indemnity or contribution for Purina's unjust enrichment and unfair competition claims.

B. Joinder of Claims

Diversified argues that I should dismiss Blue Buffalo's remaining claims as improperly joined under Fed. R. Civ. P. 14. because they are independent actions not derived from Purina's claims against Blue Buffalo. Rule 14(a)(1) allows a defendant to, "as a third-party plaintiff, serve . . . a nonparty who is or may be liable to it for all or part of the claim against it." Diversified concedes that in addition to permitting impleader of third-party defendants when they may have derivative liability, joinder is also proper under Rule 14 if a party is secondarily liable for claims of contribution and indemnity. Having already found that Blue Buffalo may maintain its third-party claims for contribution and indemnity arising out of Purina's unfair competition and unjust enrichment claims, it follows that joinder of Diversified is proper under Rule 14. Additionally, to the extent that any of Blue Buffalo's remaining claims are not based on

derivative liability, they are still properly joined under Fed. R. Civ. P. 18. Rule 18 provides that "[a] party asserting a . . . third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). As a result, I will not dismiss Blue Buffalo's remaining claims against Diversified.

   C. <u>Severance in the Court's Discretion</u>

Diversified's final argument is that I should sever the claims and case against it from the underlying action filed by Purina against Blue Buffalo because confusion, delay, and needless complication will result if Diversified remains in the action. The right to implead third parties is not automatic and the decision to permit impleader rests within the sound discretion of the trial court. <u>City of St. Louis v. Cernicek, et al.</u>, No. 400-CV-1895, 2001 WL 34134733, at *3 (E.D. Mo. Sept. 25, 2001). In determining whether impleader is appropriate, a district court must balance the benefits derived from impleader – the benefits of settling related matters in one suit — against possible prejudice to the plaintiffs and the third party defendants, the complication of issues at trial, the merit of the third-party complaint, and any additional expense that would be incurred by the parties. <u>Id.</u>

There is a risk that allowing Blue Buffalo's third-party claims to proceed will prejudice and impose additional expense on the third-party defendants. However, the addition of the third-party defendants is not likely to complicate the issues at trial because whether the third-parties are in the action or not, the focus of the suit will remain the same: determining what is in Blue Buffalo's food, and Blue Buffalo's knowledge, if any. Additionally, although the third-party defendants may incur some additional expense related to their inclusion in this admittedly highly contentious suit, Diversified need not participate in any issues that arise solely between Purina and Blue Buffalo that do not relate to Blue Buffalo's claims against Diversified. Furthermore, if

5

the parties were required to litigate these same issues in a separate suit, they would also incur expenses that could have been avoided by trying the claims in one action. Moreover, settling all related matters in one suit greatly benefits the other parties to the suit and interests in judicial economy.[1] As a result, I conclude that the benefits of allowing Blue Buffalo to implead Diversified outweigh the possible prejudice, complication, and expense that could be incurred by the parties.

Accordingly,

**IT IS HEREBY ORDERED** that Diversified Ingredients' motion to dismiss [389] is **GRANTED** in part and **DENIED** in part. Blue Buffalo shall file an amended third-party complaint no later than **September 25, 2015** in accordance with the terms of this Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2015.

---

[1] Third-party defendant Wilbur-Ellis has not moved for severance, and the claims against Wilbur-Ellis involve and will require discovery on many of the same issues raised in Blue Buffalo's claims against Diversified. Additionally, Purina consented to the addition of the third-party defendants at the May 6, 2015 status hearing in this case. See Transcript of Status Conference, #[270].