UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>vs. )<br>)<br>THE BLUE BUFFALO COMPANY LTD., )<br>)<br>Defendant/Counterclaim Plaintiff, )<br><br>AND RELATED ACTIONS )| Case No. 4:14 CV 859 RWS |

## MEMORANDUM AND ORDER

This matter is before me on Wilbur-Ellis Company's motion to compel the production of documents from non-party Darling Ingredients, Inc., and Darling Ingredients' cross-motion to quash Wilbur-Ellis' subpoena to produce documents. Because I conclude that I lack jurisdiction over this dispute, I will deny both motions.

Federal Rule of Civil Procedure 45(c)(1)(A)(2)(A) provides that the place of compliance for a subpoena served on a nonparty is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." When a nonparty properly objects to a subpoena, "the serving party may move *the court for the district where compliance is required* for an order compelling production or inspection." FRCP 45(d)(2)(B)(i) (emphasis added). Likewise, the Rules provide that "the court for the district where compliance is required" may quash subpoenas that are improper under the Rules. FRCP 45(d)(3).

Wilbur-Ellis served a subpoena on non-party Darling Ingredients seeking the production of documents. Darling Ingredients resides in Irving, Texas, which is also the location of its

corporate headquarters and all of its decision-makers. *See* Declaration of Steve Thomas [#646] Ex. 3 at ¶ 14. Accordingly, the proper place of compliance for the subpoena would be at a place within 100 miles of Darling Ingredients' location in Irving, Texas, and only a court for the district encompassing the place of compliance has jurisdiction to compel production or quash the subpoena. *See* FRCP 45(c)(1)(A)(2)(A), (d)(2), (d)(3); *see also In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991). This Court is not located within that geographic area, and as a result, I will deny Wilbur-Ellis' motion to compel and nonparty Darling Ingredients' motion to quash for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Wilbur-Ellis' motion to compel #[609] and nonparty Darling Ingredients' motion to quash #[644] are **DENIED** for lack of jurisdiction.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2016.