UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, )<br>)<br>Plaintiff/Counterclaim Defendant, )<br>)<br>vs. )<br>)<br>THE BLUE BUFFALO COMPANY LTD., )<br>)<br>Defendant/Counterclaim Plaintiff, )<br>)<br>AND RELATED ACTIONS )  | Case No. 4:14 CV 859 RWS |

## **MEMORANDUM AND ORDER**

This matter is before me on two related motions: plaintiff Nestle Purina Petcare Company's motion for leave to file third amended complaint against Blue Buffalo and its wholly-owned subsidiary Great Plains Leasing ("GPL"), and defendant Blue Buffalo Company's motion to strike Purina's "Corrected Revised Third Amended Complaint."

As I stated on the record at the February 16, 2016 status conference, I will grant Purina leave to file a third amended complaint. At the February 16, 2016 status conference, however, I instructed Purina to first revise its then-pending proposed third amended complaint to bring it into compliance with the requirement of FRCP 8(a)(2) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and to reduce the exorbitant volume of exhibits Purina had attached to the proposed complaint. I ordered Purina to file a revised version of its third amended complaint for my review to ensure compliance with my order. *See* Order of February 17, 2016 [#637].

On March 1, 2016, Purina filed a revised Third Amended Complaint as instructed. *See* [#648]. On March 15, 2015, Blue Buffalo filed a motion to strike Purina's corrected revised third amended complaint, mostly rearguing the reasons against amendment that it provided in response to Purina's initial motion for leave to amend the complaint.

Having now had the opportunity to review the proposed amendments, and under the standards of FRCP 16(b)(4), I find that Purina has shown that good cause exists to allow it to amend its complaint as proposed. Purina properly seeks leave to amend its complaint to address new facts and information revealed in discovery, to add to two new claims, one for common law injurious falsehood and one under the Connecticut Unfair Trade Practices Act, and to add as defendant Blue Buffalo's wholly-owned subsidiary, Great Plains Leasing, LLC. I also find that, for various reasons related to the complexity of this case and the addition of several new parties over the course of the last year, Purina was diligent in moving to amend. As a result, I will grant Purina's motion for leave to file a third amended complaint.

Additionally, I will deny Blue Buffalo's motion to strike. Under FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f). A motion to strike is a very narrow remedy and is not a substitute for a motion to dismiss. Striking a party's pleadings is an extreme and disfavored measure. Lunsford v. United States, 570 F.2d 221, 229 (8th Cir. 1977). There is general judicial agreement that a motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. North Face Apparel Corp. v. Williams Pharmacy, Inc. and South Butt, LLC, 4:09 CV 2029 RWS, 2010 WL 546928, at *1 (E.D.Mo. Feb. 9, 2010). Moreover, "even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the

moving party." Am. Home Assur. Co. v. Pope, 2 4057 CV C SOW, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (internal citations omitted).  Blue Buffalo has not demonstrated that Purina's third amended complaint includes an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  As a result, its motion to strike will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Purina's motion for leave to file third amended complaint #[469] is **GRANTED**.

**IT IS FURTHER ORDERED** that Purina's motion for leave to file under seal its motion for leave to file third amended complaint #[468] is **GRANTED**.

**IT IS FURTHER ORDERED** that Blue Buffalo's motion to strike #[681] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2016.