| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 859 RWS |
| | ) |
| THE BLUE BUFFALO COMPANY LTD., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff, | ) |
| | |
| AND RELATED ACTIONS | ) |

## MEMORANDUM AND ORDER

This false advertising pet food case is before me on Wilbur-Ellis Company's motion to dismiss Blue Buffalo's claim for contribution. Wilbur-Ellis argues that Blue Buffalo has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because it does not, and cannot, allege that Wilbur-Ellis is a joint tortfeasor for Purina's underlying claims. For the reasons that follow, I will grant Wilbur-Ellis' motion and dismiss Blue Buffalo's claim for contribution from Wilbur-Ellis from the Amended Third Party Complaint.

## Motion to Dismiss Legal Standard

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

## Discussion

Wilbur-Ellis moves to dismiss Blue Buffalo's claim for contribution from Blue Buffalo's Amended Third Party Complaint. Blue Buffalo seeks contribution from Wilbur-Ellis for any liability it is found to have for Purina's underlying claims of unjust enrichment and unfair competition.[1] Wilbur-Ellis argues that Blue Buffalo has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) because it does not, and cannot, allege that Wilbur-Ellis is a joint tortfeasor for Purina's underlying claims.

### 1. Procedural Propriety

Blue Buffalo opposes Wilbur-Ellis' motion, first arguing that it is procedurally improper. Blue Buffalo argues that the motion is procedurally improper under FRCP 12(g) because it is a successive motion to dismiss presenting an argument that was available to Wilbur-Ellis at the time of its first motion to dismiss but that it omitted from its earlier motion. While certain defenses may not be asserted in a successive motion to dismiss, such is not the case here. FRCP 12(g) limits successive motions "except as provided in Rule 12(h)(2)." FRCP 12(h)(2) allows parties to present defenses or objections based on failure to state a claim. *See* FRCP 12(g), 12(h)(2); *see also Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) ("Rule 12(h)(2)

---

[1] I previously dismissed Blue Buffalo's claim for contribution to the extent it sought contribution for any Lanham Act liability. *See* the Court's Memorandum and Order of September 8, 2015 [#450].

specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement.").  Since Wilbur-Ellis seeks dismissal of the contribution claim for failure to state a claim, it is properly within the 12(h)(2) exception.

### 2.  Merits Review

Blue Buffalo also argues that Wilbur-Ellis' motion fails on the merits because Wilbur-Ellis is potentially liable as a joint tortfeasor for Purina's underlying claims of unjust enrichment and unfair competition.

For a right to contribution to exist under Missouri law, defendants must be jointly and severally liable to the plaintiff for the same indivisible harm.  *Gibson v. City of St. Louis*, 349 S.W.3d 460, 466 (Mo. Ct. App. 2011).  "An indivisible injury results when two or more causes combine to produce an injury incapable of division on any reasonable basis and each is a substantial factor in bringing about the harm."  *Id.* (internal citations omitted).

Blue Buffalo has not sufficiently alleged that Wilbur-Ellis is potentially liable to Purina for the same, indivisible injury it is alleged to have caused.  Blue Buffalo's Amended Third-Party Complaint ("Complaint") merely alleges that "Blue Buffalo may be held liable in damages to Nestle Purina . . . even though Wilbur-Ellis . . . [is] partially at fault for those damages."  Blue Buffalo's Amd. Third Pty. Compl. [#467] at    ¶ 277.  The only injuries alleged in Blue Buffalo's Complaint are those to Blue Buffalo.  Blue Buffalo alleges it lost customer goodwill and paid above market-price for the by-product meal it received.  *Id.* at ¶¶ 213-14.  Blue Buffalo also alleges that Wilbur-Ellis' conduct exposed Blue Buffalo to liability in this action and others, and "to the extent any liability is ultimately imposed on Blue Buffalo, this, too, was foreseeable to Wilbur-Ellis."  *Id.* at ¶ 215.  These allegations merely amount to conclusory statements that Wilbur-Ellis is liable to Blue Buffalo for any liability it is found to have to Purina.  Such

conclusory allegations are insufficient to survive a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 678.

Moreover, even if Blue Buffalo had sufficiently alleged how Wilbur-Ellis is potentially liable to Purina for the same, indivisible injury, for the reasons that follow, the contribution claims would fail because Purina could not have brought claims against Wilbur-Ellis for the "same injury" for which it sued Blue Buffalo.

     (a) <u>Contribution for the Unfair Competition Claim</u>

Purina's claim for unfair competition alleges that Blue Buffalo injured it by "making false, misleading and deceptive statements about its products while disparaging the products of competitors . . . . [which] caused and continue to cause consumers to purchase Blue Buffalo's products over the products of competitors, including Purina."  Purina's Second Amd. Compl. [#104] at ¶ 76.[2]  Purina also alleges that "Blue Buffalo acted and continues to act in bad faith in making claims about its products that it knew and knows to be materially false and deceptive." *Id.* at ¶ 77.

Blue Buffalo argues that Purina could have brought claims against Wilbur-Ellis for these same injuries.  Blue Buffalo relies on a recent decision from the United States Court of Appeals for the Eleventh Circuit, which held that a plaintiff may bring a claim for "contributory false advertising" under the Lanham Act.  *See Duty Free Americas, Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1277 (11th Cir. 2015).  In *Duty Free Americas*, the Eleventh Circuit held that, to prove a claim of contributory false advertising, "[f]irst, the plaintiff must show that a third party in fact directly engaged in false advertising that injured the plaintiff.  Second, the plaintiff must

_____

[2] Purina recently filed a motion for leave to file a Third Amended Complaint ("TAC"), which is currently under consideration by the Court.  The proposed changes to the TAC do not materially affect the issues involved in this motion and therefore I find no need to postpone ruling on this motion.

allege that the defendant contributed to that conduct either by knowingly inducing or causing the conduct, or by materially participating in it." *Id.*

Missouri common law claims for unfair competition are coextensive with federal law, and specifically with the general principles of unfair competition expressed in the Lanham Act. *WSM, Inc. v. Hilton*, 724 F.2d 1320, 1332 n.6 (8th Cir. 1984). As a result, Blue Buffalo argues that the Eleventh Circuit's reasoning in *Duty Free Americas* should guide my analysis here and I should conclude that Purina could have brought a claim for unfair competition against Blue Buffalo.

Blue Buffalo's argument raises a conundrum. In ruling on Wilbur-Ellis' first motion to dismiss, I concluded that there is no federal common law right to contribution under the Lanham Act, nor is there an express right of contribution under the Lanham Act. I also declined to imply a right to contribution for Purina's underlying Lanham Act claim against Blue Buffalo. *See* Memorandum and Order of September 8, 2015 [#450] (citing *Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir. 1988), cert. denied, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989)). As a result, to the extent that Blue Buffalo urges me to rely on Lanham Act jurisprudence to determine whether a right to contribution for unjust enrichment exists under Missouri common law, which is coextensive with federal law, Blue Buffalo's argument appears to defeat itself. While the Eleventh Circuit's reasoning in support of recognizing a right to contributory false advertising is sound, it is not persuasive enough to compel me to reconsider my previous ruling or to reject the line of cases holding that no such right exists. *See id.* at 9-10 (citing cases rejecting contributory liability for Lanham Act claims).[3]

---

[3] Although Blue Buffalo has not moved for reconsideration of my ruling my Memorandum and Order of September 8, 2015, my agreement with their argument here and interests in consistency would essentially compel a reconsideration of my previous ruling. Rule 60(b) "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). If I were to construe Blue Buffalo's

(b) <u>Contribution for the Unjust Enrichment Claim</u>

The only other avenue through which Blue Buffalo may seek contributory recovery from Wilbur-Ellis is for any liability it is found to have under Purina's unjust enrichment claim. The elements of an unjust enrichment claim are "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable or unjust circumstances." *Myers v. Sander*, No. 4:13CV2192 CDP, 2014 WL 409081, at *8 (E.D. Mo. Feb. 3, 2014).

Here, there is no allegation that Purina conferred a benefit on Wilbur-Ellis, nor could there be. Purina's claim for unjust enrichment merely alleges that it conferred a benefit on Blue Buffalo, pleading that "Blue Buffalo has enjoyed substantial profits from the sale of its products to consumers who purchased Blue Buffalo's products over the products of competitors based on false statements made by Blue Buffalo, including that Blue Buffalo's pet food products do not contain chicken/poultry by-products meals when its products in fact do. . . . includ[ing] false comparative statements about the ingredients and nutritional values of Blue Buffalo's product as compared to those of competitors, including Purina." *Id.* at ¶ 80. Purina further alleges that "Blue Buffalo would not have made such sales or earned the profits therefrom but for the misrepresentations and false statements . . . . Blue Buffalo's profits were further inflated via cost savings for less expensive ingredients than advertised." *Id.* at ¶ 81.

As stated above, for a right to contribution to exist under Missouri law, defendants must be jointly and severally liable to the plaintiff for the same indivisible harm. *Gibson v. City of St. Louis*, 349 S.W.3d 460, 466 (Mo. Ct. App. 2011). Purina's injuries from Blue Buffalo's alleged unjust enrichment are not the same as the injuries Wilbur-Ellis is alleged to have caused, nor

---

arguments here as a motion for reconsideration, I would deny it because, although Blue Buffalo brings new legal authority in the form of the *Duty Free Americas* opinion, the arguments presented do not raise any legal or factual issues that were not considered by me in my previous order.

could Purina have brought claims against Wilbur-Ellis for these same alleged injuries. The injuries Purina is alleged to have suffered are lost profits and goodwill resulting from Blue Buffalo's alleged false advertising, false comparative statements, and inflated profits. As a supplier, Wilbur-Ellis could not be found liable for Purina's claims that Blue Buffalo knowingly and in bad faith engaged in false advertising or that it made false comparative statements.[4] As a result, Blue Buffalo's claim for contribution for any underlying liability based on unjust enrichment fails as a matter of law.

Having found that Blue Buffalo has failed to state a claim for contribution against Wilbur-Ellis, I will grant Wilbur-Ellis' motion to dismiss Count Eleven from Blue Buffalo's Amended Third Party Complaint. Blue Buffalo shall file an amended complaint in compliance with this Memorandum and Order by no later than April 29, 2016.

Accordingly,

**IT IS HEREBY ORDERED** that Wilbur-Ellis Company's motion to dismiss #[500] is **GRANTED**.

**IT IS FURTHER ORDERED** that Blue Buffalo shall file an amended complaint in compliance with this Memorandum and Order by **no later than April 29, 2016**.


RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of April, 2016.

---

[4] Moreover, Purina's claim that Blue Buffalo profited from using less expensive ingredients is in direct tension with Blue Buffalo's claim that Wilbur-Ellis charged Blue Buffalo above market-rate for the less expensive by-product ingredients it actually received.