UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 859 RWS |
| | ) | |
| THE BLUE BUFFALO COMPANY LTD., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | | |
| AND RELATED ACTIONS | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Wilbur-Ellis Company's motion to reconsider my Memorandum and Order of March 24, 2016, denying for lack of jurisdiction its motion to compel the production of documents from non-party Darling Ingredients, Inc. ("Darling"). Darling argues that the motion should be denied, but in the alternative, asks me to reconsider my ruling in the same Memorandum and Order of March 24, 2016, in which I also denied Darling's cross-motion to quash the Wilbur-Ellis subpoena. Darling also separately moves to strike the declaration and exhibits Wilbur-Ellis filed in support of its motion to reconsider.

In my Memorandum and Order of March 24, 2016, I denied both Wilbur-Ellis' motion to compel and Darling's cross-motion to quash, finding that I lacked jurisdiction under Federal Rule of Civil Procedure 45(c)(1)(A)(2)(A). FRCP 45(c) provides that the place of compliance for a subpoena served on a nonparty is "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." The subpoena sought compliance in Clayton, Missouri. Darling resisted compliance with the subpoena, arguing that it did not

comply with the geographic limits requirement of Rule 45 because it resides in Irving, Texas, which is where its corporate headquarters and all of its decision-makers are based. Based on Darling's representations, I concluded that the proper place of compliance for the subpoena would be at a place within 100 miles of Darling Ingredients' location in Irving, Texas, and not here in Missouri. As only a court for the district encompassing the place of compliance has jurisdiction to compel production or quash the subpoena, I denied the motions for lack of jurisdiction. *See* FRCP 45(c)(1)(A)(2)(A), (d)(2), (d)(3); *see also In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991).

It has now come to my attention, through both Wilbur-Ellis' and Darlings' pending motions, that Darling regularly transacts business within 100 miles of this Court. In fact, Darling operates its DarPro Solutions facility in East St. Louis, Illinios, which is within 100 miles of Clayton, Missouri.

Darling objects to my reconsideration of my Memorandum and Order of March 24, 2016, for many reasons. Darling argues that the motion to reconsider is improper under FRCP 60 because the Memorandum and Order was not a final order, that Wilbur-Ellis has not demonstrated exceptional circumstances justifying relief because the information on Darling's St. Louis facility was available to it at the time of its motion to compel, and because its St. Louis facility has no connection to the documents Wilbur-Ellis seeks, so compelling production here is against the spirit of FRCP 45. In Darling's motion to strike, it also seeks to strike the declaration filed by Wilbur-Ellis' counsel and the exhibits attached to Wilbur-Ellis' motion to reconsider. Darling contends that these documents should be stricken, arguing again that Wilbur-Ellis has not demonstrated "exceptional circumstances justifying the admission of this late-filed evidence" and because the exhibits were not properly authenticated.

"A Rule 60(b)(6) motion, made within a 'reasonable time,' can provide relief from a judgment, including a default judgment, for 'any other reason justifying relief from the operation of the judgment,' Fed.R.Civ.P. 60(b)(6), thus allowing a district court to inject equity and revive an otherwise lifeless claim." *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999) (internal citations omitted). The United States Court of Appeals for the Eighth Circuit has emphasized that Rule 60(b)(6) provides an equitable remedy that "enables a court to 'accomplish justice.'" *Id.* (citing *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *Hoover v. Valley West DM*, 823 F.2d 227, 230 (8th Cir. 1987)).

Ordinarily, presenting new factual information that was available to the moving party at the time of its earlier motion would not present extraordinary circumstances justifying relief under Rule 60(b)(6). The balance of the equities involved here, however, support a decision to reconsider my previous ruling. It is not disputed that Darling operates a facility within 100 miles of where compliance of the subpoena is requested. Darling itself concedes this is true. As a result, I clearly have jurisdiction over the motion to compel and the cross-motion to quash.[1]

Additionally, FRCP 1 requires that all the Rules, including Rule 60(b), be "construed, administered, and employed by the court [] to secure the *just, speedy, and inexpensive* determination of every action and proceeding." *Id.* (emphasis added). The underlying suit has promulgated a tangled web of discovery disputes. Because I have overseen this case and its many unnecessary discovery disputes since inception, my consideration of the motion to compel and the cross-motion to quash (as opposed to ensnaring an unsuspecting court in this dog fight) will best secure a fair and just resolution of the underlying issues consistent with my previous rulings in this case. This is especially true here, where some of the documents sought appear to

---

[1] Because Darling concedes the existence of its East St. Louis facility, its motion to strike the declaration and exhibits regarding that location is moot as those documents are unnecessary to my consideration of the dispute before me.

be the subject of a similar motion to compel that Wilbur-Ellis filed against Blue Buffalo. *See* [#632]. Granting the motion to reconsider would also help secure a speedy and inexpensive resolution of the dispute, as it is already before me. Denying the motion is sure to do nothing other than create additional motion practice for the parties involved and ultimately the reviewing court.

After weighing the equities, I conclude that the relief Wilbur-Ellis seeks is justified under FRCP 60(b)(6). For the same reasons that support reconsideration of my denial of Wilbur-Ellis's motion to compel, I will also reconsider my denial of Darling's motion to quash. Specifically, I conclude that I do have jurisdiction over and will hear any remaining dispute between Wilbur-Ellis and Darling Ingredients regarding Wilbur-Ellis' subpoena to Darling that seeks compliance in Clayton, Missouri.

I believe, however, that some of my rulings at the last status conference in this case, which took place on April 20, 2016, might help guide Wilbur-Ellis and Darling in being able to resolve their disputes about the subpoenaed documents on their own. Likewise, any progress that Wilbur-Ellis has made in securing related documents from Blue Buffalo since the April 20 status conference might also impact the disputes raised here. As a result, I will order Wilbur-Ellis and Darling to meet and confer and make good faith efforts to resolve their disputes on their own and in accordance with my previous rulings, including the rulings I stated on the record at the April 20, 2016 status conference. If Wilbur-Ellis and Darling are unable to resolve their disputes on their own, they may file appropriate motions for relief with me.

Accordingly,

**IT IS HEREBY ORDERED** that Wilbur-Ellis' motion to reconsider #[725] and Non-party Darling Ingredients' motion in the alternative to reconsider #[741] are **GRANTED** in

accordance with the terms of this Memorandum and Order. I have reconsidered my Memorandum and Order of March 24, 2016, and conclude that I do have jurisdiction over and will hear any remaining dispute between Wilbur-Ellis and Darling Ingredients regarding Wilbur-Ellis' subpoena to Darling that seeks compliance in Clayton, Missouri. Before bringing any remaining dispute to my attention, however, the parties shall meet and confer and make good faith efforts to resolve their disputes on their own and in accordance with my previous rulings, including the rulings I stated on the record at the April 20, 2016 status conference.

**IT IS FURTHER ORDERED** that Non-party Darling Ingredients' motion to strike #[742] is **DENIED** as moot.

RODNEY W. SIPPEL  
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2016.