UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 859 RWS |
| ) | |
| THE BLUE BUFFALO COMPANY LTD., ) | |
| ) | |
| Defendant/Counterclaim Plaintiff, ) | |
| | |
| AND RELATED ACTIONS ) | |

**MEMORANDUM AND ORDER**

This matter is before me on plaintiff/counterclaim defendant Nestle Purina Petcare Company's motion for separate trial. All parties were given an opportunity to respond to Purina's motion in writing and to argue their positions at the July 13, 2016 status conference. I have thoroughly considered the parties arguments and authorities and after much deliberation, I will deny Purina's motion for separate trials and maintain this action as one case.

**Discussion**

A. Purina's Proposal

Purina seeks to separate this case into two separate trials. Under Purina's proposal, the first trial would consist of the claims and counterclaims between plaintiff/counterclaim defendants Purina, Blue State Digital, and PRCG/Haggerty and defendants/counterclaim plaintiffs Blue Buffalo Company and Great Plains Leasing. The second trial would consist of all remaining claims between and among Blue Buffalo and its ingredient suppliers and brokers.

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." When ordering separate trials, however, "the court must preserve any federal right to a jury trial." *Id.* "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b). In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1201-02 (8th Cir. 1990).

Purina and many of the third-party defendants argue that separate trials will avoid further delays on the merits of Purina's claims, prevent jury confusion from having so many parties participating in one trial and presenting several different legal theories for recovery, and promote judicial economy.[1]

Blue Buffalo opposes separate trials, arguing that it would be inefficient because there are many overlapping and intertwined evidentiary and legal issues that are at issue in both suits. Blue Buffalo also argues that its third-party claims will proceed independently of whether Purina is successful in the first trial, so there is no possible outcome that would moot the need for a second trial. Finally, Blue Buffalo argues that its Seventh Amendment rights would be prejudiced by separate trials because two juries will be asked to decide the same or substantially similar essential issues, which increases the risk of inconsistent findings and verdicts.

Although there is much merit in Purina and the other parties' desire to streamline this case, after much deliberation, I conclude that maintaining this action as one action is in the best interests of all parties. Trying all claims together and proceeding to trial just once will best promote judicial economy while preventing any prejudice to or violation of Blue Buffalo's

---

[1] Several of the parties also seek a stay of discovery in the second trial if the cases are separated. Because I am denying the motion for separate trials, there is no reason to grant a stay in this case.

Seventh Amendment rights. Although discovery in this case has become complex and difficult to manage, I do not believe that the essential issues of the case are too complicated for one jury. Additionally, as Blue Buffalo argues, even if the claims involving the third-party defendants were separated out from a first trial, the third-party defendants will still have substantial involvement in several essential issues in the first trial. First, any damages calculation on the claims between Purina and Blue Buffalo will require evidence on and the jury to decide whether the ingredients that both Blue Buffalo and Purina sourced from Wilbur-Ellis contained byproduct. Likewise, Purina's complaint alleges that Blue Buffalo willfully engaged in false advertising. To defend against that claim, Blue Buffalo intends to present evidence that is also at the heart of its third-party claims, which allege that it was an unknowing victim of its ingredient suppliers and brokers. As a result, the claims between Purina and Blue Buffalo are so intertwined with the claims at issue in the cases involving the third-party defendants that there would be little, if any, efficiencies gained by separating the case into two trials. As a result, I will deny Purina's motion for separate trials.

  B. <u>Alternate Proposals</u>

Both Wilbur-Ellis and Blue Buffalo presented alternate proposals in response to Purina's motion. However, because I find that neither of these alternate proposals would serve the interests of clarity, efficiency, judicial economy, or otherwise benefit the parties and the court, I will also decline to adopt either of these proposals.

  C. <u>Case Management</u>

Finally, as all parties agree, this case is in need of an amended case management schedule. Having concluded that this case will proceed to trial in one action, the parties should now be able to propose an amended joint scheduling plan for my review, which I will take up at

the September 21, 2016 status conference. The parties shall meet and confer and submit a joint proposed amended scheduling plan consistent with the requirements of Fed. R. Civ. P. 16 by **no later than September 16, 2016**.

Accordingly,

**IT IS HEREBY ORDERED** that Purina's motion for separate trials #[837] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the parties shall submit a joint proposed amended scheduling plan **no later than September 16, 2016**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2016.