UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 859 RWS |
| | ) | |
| THE BLUE BUFFALO COMPANY LTD., | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff, | ) | |
| | | |
| AND RELATED ACTIONS | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Defendant/Counterclaim Plaintiff The Blue Buffalo Company, Ltd.'s motion for leave to further amend its answer and counterclaim [#784] and Plaintiff/Counterclaim Defendant Nestle Purina Petcare Company's related motion to dismiss defendants' affirmative defenses of unclean hands and laches [#824]. I heard oral argument on both motions, and they are both fully briefed and ready for review. For the reasons stated below, I will grant Blue Buffalo leave to amend its counterclaim and its affirmative defense of laches, will deny it leave to amend its affirmative defense of unclean hands, and will deny without prejudice as moot Purina's motion to dismiss.

## Background

Familiarity with this case and its history is presumed, but a brief review of the background as relevant to the two motions that are at issue is as follows.

On April 21, 2016, I granted Purina leave under Rule 16(b)(4) to file a third amended complaint to address new facts and information revealed in discovery, to add to two new claims,

one for common law injurious falsehood and one under the Connecticut Unfair Trade Practices Act, and to add as a defendant Blue Buffalo's wholly-owned subsidiary, Great Plains Leasing, LLC. *See* [#768]. In my Memorandum and Order of April 21, 2016, I also ordered that if Blue Buffalo wanted to amend its responsive pleading beyond what was necessary to directly respond to the new allegations in Purina's third amended complaint, it must first seek leave to do so.[1] *See id.*

On May 12, 2016, Blue Buffalo, consistent with my Order, filed its motion for leave to further amend its answer and counterclaim. Blue Buffalo seeks to include new factual allegations in its Lanham Act counterclaim against Purina to allege that Purina falsely advertised some of its own products as being by-product free. Blue Buffalo also seeks to amend its affirmative defenses of laches and unclean hands to include additional detail related to this alleged false advertising by Purina and Purina's alleged delay in bringing this suit.

After Blue Buffalo filed its motion to further amend its responsive pleadings, Purina filed a related motion to dismiss Blue Buffalo's defenses of unclean hands and laches. As it must, Purina's motion challenges Blue Buffalo's defenses as presented in Blue Buffalo's currently operative pleading, not those in its proposed amended affirmative defenses.

## Discussion

A. Blue Buffalo's Motion for Leave to Further Amend its Answer and Counterclaim

Blue Buffalo contends that it is entitled to amend its answer and counterclaim in response to Purina's third amended complaint under the standards of *Tralon Corp. v. Cedarapids, Inc.*,

---

[1] Blue Buffalo complains that this order was only directed to it, and none of the other parties in the case. The reason I directed this order to Blue Buffalo was because it had specifically indicated its intent to file a substantial new amendment to its pleading despite the fact that the deadline in the case management order had long-past expired. As all the parties should know, however, because the case management deadline for amendment of pleadings has passed, leave must be sought before a party may amend their pleadings, except where, as will be discussed *infra*, Section A, they are responding to another party's amended pleading that changes the theory or scope of the case.

966 F. Supp. 812 (N.D. Iowa 1997), aff'd, 205 F.3d 1347 (8th Cir. 2000). Under *Tralon*, "when a plaintiff files an amended complaint which changes the theory or scope of the case, the defendant is allowed to plead anew as though it were the original complaint filed by the Plaintiff." *Id.* at 832.

*Tralon* does not help Blue Buffalo here because Purina's third amended complaint did not change the theory or scope of the case. Rather, as Blue Buffalo itself argued at the time it opposed Purina's motion for leave to amend its complaint, the amendments in the third amended complaint merely added an additional defendant who could be liable for some of the same harms Blue Buffalo is alleged to have caused, and added two state law claims that were substantially similar to the existing Lanham Act claim. As a result, Blue Buffalo does not have an automatic right to amend its responsive pleading.

Blue Buffalo argues that even if I find that it has no automatic right to amend, it should still be granted leave to amend under Federal Rules of Civil Procedure 16(b) and/or 15(a). Where, as here, a party seeks leave to amend the pleadings after the case management deadline to do so has passed, courts must determine whether good cause exists under Rule 16(b)(4)'s good cause standard. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). Then, if good cause is established, courts will consider whether amendment is proper under Rule 15(a). *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (citing *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir.2003)).

Under Rule 16(b)(4), "'[t]he primary measure of good cause is the movant's diligence in attempting to meet the [case management] order's requirements.' While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the

3

scheduling order's deadlines." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008).

For the reasons Blue Buffalo articulates in its memorandum in support of its motion for leave to amend, *see* Blue Buffalo's Memorandum in Support of its Motion for Leave to Further Amend its Answer and Counterclaim, pp. 7-10 [#785], I conclude that Blue Buffalo was diligent in seeking leave to amend. It learned of the alleged facts supporting its amendments during a January 20, 2016 deposition. It investigated this new information and sought related discovery over the course of the next two months, and gave the parties and the Court notice that it would seek to amend its answer and counterclaims if Purina's then-pending motion for leave to file its third amended complaint were granted. Once Purina's motion for leave to amend was granted, Blue Buffalo promptly sought leave to bring the current amendments. As a result, Blue Buffalo was diligent in seeking leave to amend.

Purina argues that it will be prejudiced if leave to amend is granted because the proposed amendments will drastically expand the scope of the case and therefore delay the case. While the current scope of discovery in this case will likely expand with Blue Buffalo's amendments, the "burden of undertaking [additional] discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525-26 (8th Cir. 2000). Additionally, discovery is still open, and the specific discovery that Blue Buffalo will likely seek in support of its amendments is discovery it would have been entitled to anyway because it relates to Purina's claims for damages. Purina's damages theory appears to be that Blue Buffalo's false advertising enabled it to capture a part of the pet food market that otherwise would have belonged to Purina, among others. But if Purina included byproduct in its products that were advertised as being byproduct free during the same time period it alleges Blue

Buffalo was falsely advertising, Purina's claims of damages during that period will be impaired. Blue Buffalo is entitled to this information to defend against Purina's damages claims whether or not it brings these amendments. As a result, I conclude that granting leave to amend will not cause undue prejudice to Purina.

Accordingly, Blue Buffalo has established that there is good cause for granting it leave to amend.

Having established that good cause exists, I turn next to the Rule 15(a) analysis. Under FRCP 15(a), leave to amend "should normally be granted absent good reason for a denial." *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). "The classic 'good reasons' for rejecting an amendment are: 'undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . .'" *Id.* The decision of whether to grant leave to amend is within the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-32 (1971). With one exception, none of the classic good reasons for denying leave to amend are present here.

For the reasons articulated above, there is no evidence of "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the non-moving party. *Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000). Nor does Purina argue that granting Blue Buffalo leave to amend its counterclaim would be futile.

I also cannot say that granting Blue Buffalo leave to amend its laches defense would be futile. "The two elements of laches are (1) unreasonable delay by the plaintiff in filing suit and (2) undue prejudice to the defendant caused by the delay." *Hurst v. U.S. Postal Serv.*, 586 F.2d

1197, 1199-200 (8th Cir. 1978). Purina argues that Blue Buffalo cannot establish that Purina unreasonably delayed filing suit because the statute of limitations has not expired. Laches is ordinarily unavailable if a plaintiff sues within the statute of limitations. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962, 1973-74 (2014). However, Congress did not include a statute of limitations in the Lanham Act. As a result, I will not bar application of the laches defense now based on the fact that Purina did not file suit outside of the statute of limitations. *See id.* at 1973-74, n.15 (differentiating cases where Congress enacted a statute of limitations and therefore laches cannot be invoked to bar legal relief from Lanham Act cases which contain no statute of limitations). Additionally, the inquiry into whether a plaintiff unreasonably delayed in filing suit is fact-sensitive and is typically better resolved on summary judgment. *See JDR Indus. V. McDowell*, 121 F. Supp. 3d 872, 889 (D. Neb. Aug. 4, 2015). As there are disputed issues of fact regarding whether Purina unreasonably delayed in filing suit, I cannot say that amendment of Blue Buffalo's laches defense would be futile.

I do find, however, that amendment of Blue Buffalo's unclean hands defense would be futile because Blue Buffalo's use of the defense lacks a substantive nexus to the claims against Blue Buffalo. Purina's main claim against Blue Buffalo is that it falsely advertised its pet foods as byproduct-free when in fact they were not. Blue Buffalo's proposed unclean hands defense is that Purina's hands are unclean because Purina engaged in its own false advertising because it marketed certain of its own pet food products as byproduct-free when in fact they were not. While many other courts across the country support Blue Buffalo's more broad view of the defense, the United States Court of Appeals for the Eighth Circuit does not. In *Shaver v. Heller & Merz Co.*, the Eighth Circuit held that the unclean hands doctrine would not apply in circumstances similar to those here. As the *Shaver* Court explained:

6

> The principle that 'he who comes into equity must do so with clean hands' . . . . does not repel all sinners from courts of equity, nor does it disqualify any complainant from obtaining relief there who has not dealt unjustly *in the very transaction concerning which he complains*. The iniquity which will repel him must have an immediate and necessary relation to the equity for which he sues.

*Shaver v. Heller & Merz Co.*, 108 F. 821, 834 (8th Cir. 1901) (emphasis added); *see also* 6 MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 31:48 (2015). Because the defendant in *Shaver* was complaining that the plaintiff had engaged in the same type of false or misleading advertising it was accused of committing but in regards to its own product, rather than affecting the defendant's product, the Eighth Circuit rejected the defense for lack of a substantive nexus to plaintiff's claims. *Id.* Likewise, because Blue Buffalo attempts to use the unclean hands defense to challenge conduct related to *Purina's* rather than *Blue Buffalo's* products, Blue Buffalo is not claiming that Purina "dealt unjustly in the very transaction concerning which he complains." *Shaver,* 108 F. at 834. As a result, the defense fails as a matter of law.[2]

Blue Buffalo argues that a United States Supreme Court case, *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245-46, 54 S. Ct. 146, 147-48, 78 L. Ed. 293 (1933), supports its broader view of the unclean hands doctrine. The *Keystone* Court described the unclean hands doctrine as follows:

> [C]ourts of equity do not make the quality of suitors the test. They apply the maxim requiring clean hands only where some unconscionable act of one coming for relief has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation. [Courts] do not close their doors because of

---

[2] Blue Buffalo's proposed use of the unclean hands defense also appears to lack a temporal nexus to the claims against Blue Buffalo. "The plaintiff's position must be judged by the facts as they were when the suit was begun, not by the facts of a different condition and an earlier time." *Coca-Cola v. Koke Co.*, 254 U.S. 143, 147 (1920). Blue Buffalo's proposed amendment to its unclean hands defense alleges in conclusory terms that Purina's false advertising and other inequitable conduct was still ongoing. However, courts will not presume conclusory allegations to be true in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because I have already concluded that Blue Buffalo's unclean hands defense lacks a substantive nexus to Purina's claims against it, however, I need not and will not decide whether the apparent lack of a temporal nexus is also grounds for finding that leave to amend should be denied as frivolous.

> plaintiff's misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication. They apply the maxim, not by way of punishment for extraneous transgressions, but upon considerations that make for the advancement of right and justice. They are not bound by formula or restrained by any limitation that tends to trammel the free and just exercise of discretion.

*Keystone Driller Co.*, 290 U.S. 240, 245-46 (1933) (internal citations omitted). Blue Buffalo focuses on the Court's statement that unclean hands applies "for such violations of conscience as in some measure affect the equitable relations between the parties *in respect of something brought before the court for adjudication*" for support. *Id.* at 245. A careful read of the *Keystone Driller* case, however, reveals that the Court's holding does not require the broad reading of the doctrine that Blue Buffalo advocates.

First, the first sentence of the paragraph quoted above shows that the *Keystone Driller* Court made that statement to distinguish between bad *actors* and bad *acts*, holding that the doctrine of unclean hands applies only to those who commit bad acts related to the cause of action at issue – not just those who have blemished records. Second, other language the Court uses underscores that the inequity that the Court was concerned with is that which would give one party an unfair advantage over the other – which supports the Eighth Circuit's interpretation limiting the doctrine to bad acts related to the same transaction at issue in the plaintiff's case. *See id.* at 245 ("The equitable powers of this court can never be exerted in behalf of one who has acted fraudulently, or who by deceit or any unfair means has gained an advantage.").

Additionally, the Court's discussion of the doctrine cannot be divorced from the context of the case. In *Keystone Driller*, the Court upheld the application of the unclean hands defense to a plaintiff patentee who had engaged in fraud in a previous proceeding regarding the patent that was the very basis of the instant lawsuit. This application is entirely consistent with the

8

Eighth Circuit's interpretation of the doctrine, which limits it to unclean conduct relating to the *very transaction* or occurrence that is the subject matter of the plaintiff's claims.

Moreover, even if the Keystone Driller opinion could be read to allow a broad application of the unclean hands doctrine in the appropriate case, it does not require it. As the Court emphasizes, the application of the doctrine is a matter of equity and it is within a court's broad discretion to apply it "for the advancement of right and justice." *Keystone Driller Co.*, 290 U.S. at 245. Here, in addition to finding that Blue Buffalo's proposed application of the unclean hands defense lacks the requisite substantive nexus, I would also conclude that application of the doctrine as proposed would not do justice. Even in circuits that allow a broader application of the doctrine, courts will not apply it where doing so would "leave two wrongs at large" that could ultimately harm the public. 6 MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION § 31:53 (2015) (collecting cases). In fact, in such scenarios, courts often hold that the unclean hands defense does not apply to bar relief, and will instead direct the defendant to bring its proposed unclean hands claims as counterclaims or as claims in a separate suit. *See id.*

That is exactly what will happen here. As discussed above, Blue Buffalo may amend its counterclaim to allege that Purina falsely advertised some of its own products as byproduct-free. That is the same argument Blue Buffalo wishes to advance in its unclean hands defense. Presenting this argument as a counterclaim rather than an affirmative defense that could otherwise bar relief will make sure we do not leave "two wrongs at large" while still enabling Blue Buffalo to present its theory of its case as it sees fit.

For all of these reasons, I will deny Blue Buffalo leave to amend its unclean hands defense because doing so would be futile. Having concluded that Blue Buffalo's proposed

9

defense of unclean hands is barred as a matter of law, I will also order Blue Buffalo to strike the defense from its pleadings.  *See* Fed. R. Civ. P. 12(f)(a).

> B. <u>Purina's Motion to Dismiss Defendants' Affirmative Defenses of Unclean Hands and Laches</u>

As noted above, Purina filed its motion to dismiss Blue Buffalo's affirmative defenses after Blue Buffalo sought leave to amend its answer and counterclaim.  As a result, Purina's motion to dismiss challenges Blue Buffalo's operative pleading at the time the motion was filed – its answer and counterclaim to Purina's third amended complaint.  *See* [#783].  Having decided that I will grant in part Blue Buffalo leave to amend its answer and counterclaim, Purina's motion to dismiss the current operative pleading is moot.  As a result, I will deny Purina's motion to dismiss without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Blue Buffalo's Motion for Leave to Further Amend its Answer and Counterclaim #[784] is **GRANTED** in part and **DENIED** in part.  It is granted to the extent Blue Buffalo seeks leave to amend its counterclaim and its affirmative defense of laches, and it is denied to the extent Blue Buffalo seeks leave to amend its affirmative defense of unclean hands.

**IT IS FURTHER ORDERED** that Blue Buffalo shall strike its unclean hands defense from its pleadings.  Fed. R. Civ. P. 12(f).

**IT IS FURTHER ORDERED** that Purina's Motion to Dismiss Defendants' Affirmative Defenses of Unclean Hands and Laches #[824] is **DENIED** without prejudice as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2016.