UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NESTLÉ PURINA PETCARE COMPANY, | ) |
| | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 859 RWS |
| | ) |
| THE BLUE BUFFALO COMPANY LTD., | ) |
| | ) |
| Defendant/Counterclaim Plaintiff, | ) |
| | |
| AND RELATED ACTIONS | ) |

## MEMORANDUM AND ORDER

This false advertising pet food case is before me on two motions to dismiss: Diversified Ingredients' motion to dismiss counts 1 and 10 of Blue Buffalo's second amended third-party complaint, and Wilbur-Ellis' joinder to Diversified Ingredients' motion to dismiss counts 1 and 10 of Blue Buffalo's second amended third-party complaint. *See* [#819], [#827]. Blue Buffalo has filed a partial opposition to the motions to dismiss, and both Diversified and Wilbur-Ellis have filed reply briefs in support of their motions to dismiss.[1] The issues are fully briefed and ready for review. For the reasons that follow, I will grant both motions to dismiss.

### Background

Plaintiff Nestle Purina Petcare Company brought this case against The Blue Buffalo

---

[1] On August 23, 2016, after the motions were filed and fully briefed, Blue Buffalo filed an amended pleading, which included a slightly revised version of its second amended third-party complaint. *See* [#965]. On September 9, 2016, Diversified filed a renewed motion to dismiss counts 1 and 10 as alleged in Blue Buffalo's August 23, 2016 pleading, incorporating its arguments in its original motion to dismiss. Counts 1 and 10 in Blue Buffalo's August 23 pleading essentially restate the same allegations against Diversified and Wilbur-Ellis as they did in the originally-challenged May 12, 2016 pleading. Because the substance of the pleading is the same, the parties need not re-brief the issues raised in the original motions to dismiss, and my rulings in this Memorandum and Order will apply to Blue Buffalo's latest, operative pleading.

Company, alleging that Blue Buffalo falsely advertises its pet foods as free of poultry by-product meal and meeting other nutritional claims in violation of the Lanham Act, 15 U.S.C. § 1125. Blue Buffalo has since admitted that poultry by-product was in some of its pet foods. However, it claims that its ingredient supplier, Wilbur-Ellis, and ingredient broker, Diversified Ingredients, deceived Blue Buffalo when they sold it by-product meal instead of high quality chicken and turkey meal. Blue Buffalo has brought third-party claims against Diversified and Wilbur-Ellis, alleging that they are liable for Blue Buffalo's damages. In their motions to dismiss, Diversified and Wilbur-Ellis seek to dismiss Blue Buffalo's claims for breach of contract (Count 1) and indemnification (Count 10).

## Legal Standard

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Unlike state courts which often require detailed statements of fact in a petition, however, the federal rules require only notice pleading. Under Fed. R. Civ. P. 8(a):

> [A] complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.

*Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002).

## Discussion

A. Breach of Contract (Count 1)

In Count 1, Blue Buffalo brings a breach of contract claim against Diversified and Wilbur-Ellis. Both Diversified and Wilbur-Ellis argue that I should dismiss the breach of contract claim because it is subsumed by Blue Buffalo's warranty claims. As discussed in my Memorandum and Order of April 19, 2016, *see* [#756], and as the Missouri Supreme Court has held:

> Under Missouri law, remedies for economic loss sustained by reason of damage to or defects in products sold are limited to those under the warranty provisions of the UCC. The UCC recognizes that breach of contract and breach of warranty are not the same cause of action. The remedies for breach of contract are set forth in section 2–711 and are available to a buyer "[w]here the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance." § 400.2–711.1. The remedies for breach of warranty are set forth in section 2–714 and are available to a buyer who has finally accepted goods, but discovers that the goods are defective in some manner. § 400.2–714; *see also* 1 White & Summers, *UCC* 702–3 ("We believe that only buyers who have accepted and neither rightfully rejected nor effectively revoked can use 2–714."). Here, the plaintiffs do not assert that Great Plains failed to make delivery or repudiated or that Crush rightfully rejected or justifiably revoked acceptance. There is no dispute that Crush accepted delivery of the T1055 and notified Great Plains about the machine's inability to perform terrain leveling adequately. Accordingly, Renaissance and TEAM cannot recover under section 400.2–711 for breach of contract. Their contract claims are subsumed by their breach of warranty claims for damages under section 400.2–714, which already have been addressed above. Plaintiffs' breach of contract claims fail as a matter of law.

*Renaissance Leasing, LLC v. Vermeer Mfg. Co.*, 322 S.W.3d 112, 130-31 (Mo. 2010) (internal citations omitted).

Here, Blue Buffalo expressly alleges that it took delivery of goods from Diversified. Moreover, in its partial opposition to Diversified's motion to dismiss, Blue Buffalo concedes that its breach of contract claim against Diversified is subsumed by its warranty claims. As a result, I will dismiss Count 1 against Diversified.

Blue Buffalo does oppose dismissal of its breach of contract claim against Wilbur-Ellis, arguing that whether its breach of contract claim is subsumed by its warranty claims depends on the state law that applies to its claims against Wilbur-Ellis. Blue Buffalo contends that either Connecticut, California, or Texas law will likely apply to its claims against Wilbur-Ellis, that breach of contract claims are not subsumed by warranty claims in Connecticut and California, and that it is too early to resolve the present choice of law issue.

As Wilbur-Ellis argues, however, there is no choice of law issue here. It is the UCC itself (and the corresponding state laws adopting the UCC in each of the relevant states) that distinguishes between breach of contract and warranty claims. Specifically, the UCC provides that warranty claims are properly brought when a buyer accepts nonconforming product, while breach of contract claims apply when a buyer rejects acceptance of nonconforming goods. *See* Cal. Com. Code §§ 2712-2714; Conn. Gen. Stat. Ann. §§ 42a-2-712-714; Mo. Ann. Stat. §§ 400.2-712-714; Tex. Bus. & Com. Code Ann. §§ 2.712-2.714; *see also* 1 White, Summers, & Hillman, Uniform Commercial Code § 11:1 (6th ed.) ("We believe that only buyers who have accepted and neither rightfully rejected nor effectively revoked can use 2-714. Thus, in our view, sections 2-713 and 2-712 on the one hand and 2-714 on the other are mutually exclusive.") (collecting cases). Although Blue Buffalo has cited to a few cases from Connecticut and

California that included claims for both breach of contract and for breach of warranty, those cases did not directly address whether the breach of contract claims are subsumed by breach of warranty claims, and therefore do not have precedential value.

Here, Blue Buffalo does not allege that Wilbur-Ellis failed to make delivery or that Blue Buffalo rejected acceptance. Rather, the complaint establishes that Blue Buffalo accepted delivery of numerous shipments originating from Wilbur-Ellis. As a result, its breach of contract claim is subsumed by its warranty claims as a matter of law, whether under Missouri, California, Connecticut, or Texas law, and I will dismiss Count 1 against Wilbur-Ellis.

B. Implied-in-Fact Indemnity (Count 10)

Diversified and Wilbur-Ellis move to dismiss Count 10 (Indemnification), to the extent it seeks implied-in-fact indemnity,[2] arguing that Blue Buffalo has failed to plead any facts showing the parties intended there to be an indemnity provision in their contracts.

> Implied-in-fact contractual indemnity stems from the existence of a binding contract between two parties that necessarily implied the right of indemnification. The party asserting such indemnity must show that the parties to the contract "*intended* the indemnitor to be responsible for the loss." Thus, a claim of implied-in-fact indemnity asserts a contractual right to indemnity, even though no express contract for indemnity exists.

*Am. Nat. Prop. & Cas. Co. v. Ensz & Jester, P.C.*, 358 S.W.3d 75, 84 (Mo. Ct. App. 2011) (internal citations omitted) (emphasis in original).

In its indemnification claim, Blue Buffalo alleges that "Blue Buffalo's contracts with Wilbur-Ellis and Diversified entitle Blue Buffalo to implied-in-fact indemnity. The contracting parties intended that, in such a situation, Wilbur-Ellis and/or Diversified would be responsible for the loss." *See* [#783 at ¶ 273], [#965 at ¶ 296]. As Diversified and Wilbur-Ellis note, this

---

[2] Although the motions are titled as motions to dismiss "Counts 1 and 10," the parties only challenge Count 10 to the extent it seeks implied-in-fact indemnity. There is no argument or request to dismiss Count 10 to the extent it seeks equitable indemnity. As a result, this Memorandum and Order does not address or dismiss Blue Buffalo's claim for equitable indemnity.

conclusory allegation does not meet the pleading standards of *Iqbal*. 556 U.S. at 678. Blue Buffalo argues that its factual allegations throughout the complaint, however, support its claim for implied-in-fact indemnity, such as its allegations that both Diversified and Wilbur-Ellis acknowledged in company emails that they might be liable for Blue Buffalo's losses once this lawsuit was filed. Blue Buffalo argues that these factual allegations support its claim for implied-in-fact indemnity because it shows that its damages were foreseeable consequential damages caused by Diversified and Wilbur-Ellis' alleged breaches. Foreseeability of damages, however, is not the relevant inquiry. As stated above, "The party asserting [implied-in-fact] indemnity must show that the parties to the contract '*intended* the indemnitor to be responsible for the loss.'" *Am. Nat. Prop. & Cas. Co.*, 358 S.W.3d at 84 (Mo. Ct. App. 2011) (internal citations omitted) (emphasis in original).

While Blue Buffalo's complaint certainly alleges that its damages were foreseeable to Diversified and Wilbur-Ellis, which is relevant to any damage calculations that might arise from Blue Buffalo's warranty or equitable indemnity claims, these allegations do not support its claim for implied-in-fact indemnity. Blue Buffalo has not alleged any facts to plausibly suggest that the parties *intended* that Blue Buffalo have a right of indemnification against Diversified or Wilbur-Ellis, which is the relevant inquiry. As a result, I will dismiss Blue Buffalo's claim for implied-in-fact indemnity against both Diversified and Wilbur-Ellis.

Accordingly,

**IT IS HEREBY ORDERED** that Diversified Ingredients' motions to dismiss counts 1 and 10 of Blue Buffalo's second amended third-party complaint, #[819] and #[989], are **GRANTED** in accordance with the terms of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Wilbur-Ellis's joinder to Diversified Ingredients' motion to dismiss counts 1 and 10 of Blue Buffalo's second amended third-party complaint #[827] is **GRANTED** in accordance with the terms of this Memorandum and Order.

**IT IS FURTHER ORDERED** that Blue Buffalo shall file an amended third-party complaint to bring it into compliance with the terms of this Memorandum and Order **no later than September 30, 2016**.

                                                _/s/ Rodney W. Sippel_
                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE

Dated this 15th day of September, 2016.