UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BLUE BUFFALO COMPANY, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14 CV 859 RWS |
| ) | |
| WILBUR-ELLIS COMPANY, LLC and, ) | |
| DIVERSIFIED INGREDIENTS, INC., ) | |
| ) | |
| Defendants. ) | |
| ——————————————— | |
| AND RELATED ACTIONS ) | |

## ORDER AND MEMORANDUM

This matter is before me on Wilbur-Ellis's motion for reconsideration, or in the alternative, for certification to the Eighth Circuit, of my ruling on Blue Buffalo's motion to compel production of the Ironshore Brief. Wilbur-Ellis contends that I should reconsider that order because I failed to properly consider California's interest in protecting Wilbur-Ellis in this matter, and because I failed to properly articulate my authority to deny Blue Buffalo's motion. In the alternative, Wilbur-Ellis argues that this is a question of extraordinary significance, and I should therefore certify my resolution of this discovery dispute for appeal. For the reasons below, I will deny Wilbur-Ellis's motion.

## I. Motion to Reconsider

Wilbur-Ellis moves for me to reconsider the original order under Federal Rule of Civil Procedure 54(b), which provides that an order like the one at issue "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), I have "wide discretion over whether to grant a motion for reconsideration of a prior order." SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (citing In re Charter Commc'ns, Inc., Sec. Litig., 443 F.3d 987, 993 (8th Cir. 2006)), reh'g denied (Feb. 1, 2019).

In its original opposition to Blue Buffalo's motion, Wilbur-Ellis discussed the importance of comity. In its memorandum in support of reconsideration, Wilbur-Ellis contends that I did not properly consider the importance of comity. Wilbur-Ellis argues that while "there is no rule requiring a court to deny a motion to compel a sealed document," I should apply a different test and more fully consider California's interest in protecting Wilbur-Ellis from providing discovery material in this litigation. [See Wilbur-Ellis Reply, ECF Doc. No. 1380, at 1]. In making this argument, Wilbur-Ellis provides a more in-depth discussion of the comity argument it raised in its original motion. The memorandum comprehensively reviews cases in which other judges facing different circumstances have decided to defer to state court protective orders.

To the extent Wilbur-Ellis discusses comity in a novel way in its memorandum in support of reconsideration, it does so based on "facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015). As part of the basis for its motion to reconsider, Wilbur-Ellis argues I should consider Riddell, Inc v. Super. Ct., a relatively new case that it contends expanded the Montrose Doctrine protections available to California policyholders. See Riddell, 14 Cal. App. 5th 755 (Ct. App. 2017) (discussing Montrose Chem. Corp. v. Super. Ct., 6 Cal. 4th 287 (1993)).

Wilbur-Ellis could have submitted Riddell between when it filed its original brief and the date of my order, January 4, 2019. Regardless, the case supports my authority to order production of the Ironshore Brief. In Riddell, the California Court of Appeal determined that the Montrose Doctrine supported a stay of discovery so that the insured party could avoid developing facts that are prejudicial to it in the underlying action. This was, in part, because a federal district court "is not bound by a state court confidentiality order in the coverage action." Riddell, 14 Cal. App. 5th at 768 (Ct. App. 2017).

When I originally ordered that Wilbur-Ellis must produce the Ironshore Brief, I was aware that I could decline to order the brief's production out of deference to the state court. I acknowledged the comity interests at play and

ordered production despite the fact that my order ran contrary to the state court's aim of constraining discovery in the litigation before me. In making the determination that Wilbur-Ellis must produce the brief, I considered and gave little weight to the state court's application of California's interest insofar as it was specifically designed to help Wilbur-Ellis avoid discovery in this case.

The California case law that the parties have provided me supports Blue Buffalo's argument that the appropriate effectuation of the <u>Montrose</u> Doctrine is a stay, not a protective order. In this case, the protective order relied on what appears to be a novel, or at best rarely used, application of the <u>Montrose</u> Doctrine. I agree with Wilbur-Ellis that the values of comity and federalism are important in our federal system. I do not agree that this is a situation in which I should defer to the state court's sealing order, and I will not reconsider my initial order.

## II. Motion to Certify the Question to the Eighth Circuit Court of Appeals

This dispute does not present a question for which certification to the Eighth Circuit is appropriate. A district court may certify an appeal to the circuit court when an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); <u>see</u> <u>also</u> <u>Union Cty., Iowa v. Piper Jaffray & Co.</u>, 525 F.3d 643, 646 (8th Cir. 2008) (setting forth the certification factors as a three part test).

4

Interlocutory review under § 1292(b) "must be granted sparingly" and "only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994) (concluding that a district court abused its discretion in certifying an interlocutory appeal of a discovery dispute) (quoting S.Rep. No. 2434, 85th Cong., 2d Sess. (1958)).

Wilbur-Ellis concedes that my decision did not violate an applicable rule of law. [See Wilbur-Ellis Reply, ECF Doc. No. 1380, at 8]. Wilbur-Ellis nonetheless contends that the discovery dispute presents a controlling question of law: the extent to which I correctly considered comity, federalism, judicial administration, and deference to California's applicable public policy. An "allegation of abuse [of discretion] does not create a legal issue." White v. Nix, 43 F.3d 374, 377 (8th Cir. 1994); see also id. at 377-78 ("the discretionary resolution of discovery issues precludes the requisite controlling question of law."). Because Wilbur-Ellis has not identified a controlling question of law, and the "the requirements of § 1292(b) are jurisdictional," I will deny Wilbur-Ellis's motion for certification under 28 U.S.C. § 1292(b).

Accordingly,

**IT IS HEREBY ORDERED** that Wilbur-Ellis's motion for reconsideration, or in the alternative, for certification under 28 U.S.C. § 1292(b) [1371], is **DENIED.**

                                                      RODNEY W. SIPPEL
                                                    UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2019.