UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BLUE BUFFALO COMPANY, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:14 CV 859 RWS |
| WILBUR-ELLIS COMPANY, LLC ) | |
| and DIVERSIFIED INGREDIENTS, ) | |
| INC., ) | |
| ) | |
| Defendants, ) | |
| ) | |
| AND RELATED ACTIONS ) | |

### MEMORANDUM AND ORDER

This matter is before me on Defendant Wilbur-Ellis's objection to Special Master Bradley A. Winters's Omnibus Order No. 14, ECF No. [1705]. For the reasons explained below, I will overrule the objection in part.

### BACKGROUND

In Omnibus Order No. 14, as in Omnibus Order No. 11, the Special Master resolved the privilege status of documents on Wilbur-Ellis's Peppercomm Documents Privilege Log. Wilbur-Ellis objects to 27 of these determinations. The communications fall into one of three categories: (1) communications drafted by Wilbur-Ellis's in-house counsel relating to this litigation; (2) communications containing information that Wilbur-Ellis employees created or compiled for and at

1

the direction of counsel; and (3) communications discussing Wilbur-Ellis's outside counsel's substantive commentary about draft press statements.

## ANALYSIS

I. *Communications drafted by Wilbur-Ellis's in-house counsel relating to this litigation*

Documents 10 and 12 appear to be the same draft response, written by Wilbur-Ellis's in-house counsel, David Granoff, to an inquiry from a Diversified Ingredients employee. Wilbur-Ellis argues that this communication is entitled to "almost absolute immunity" from discovery because it "contains Mr. Granoff's mental impressions concerning the relevant facts and what statements might or might not elicit potential liability." See Baker v. Gen. Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). Wilbur-Ellis also represents that it previously asserted attorney-client privilege and work product protection over this same communication in its own privilege log, and the Special Master sustained that claim of privilege in Omnibus Order No. 11.

Blue Buffalo questions whether the Special Master previously sustained Wilbur-Ellis's objection as to this specific draft response. Reviewing the draft now, I find that it is privileged. Wilbur-Ellis's objection is therefore sustained.

II.   *Documents containing information that Wilbur-Ellis employees created or compiled for and at the direction of counsel*

Wilbur-Ellis contends that a second set of communications are privileged because they contain information that was "prepared, collected, or provided at Mr. Granoff's direction in anticipation [of] or in connection with [this] litigation."

The first set of documents in this category—132, 133, 134, 135, 136, 137, 138, 139, 140, 141, and 142—are emails from an October 2014 chain in which Mr. Rusu, a manager at Wilbur-Ellis, asked Mr. Granoff if they could discuss, over the phone, Mr. Rusu's response to an inquiry from one of Wilbur-Ellis's customers. The exchange does not contain a draft response from Mr. Granoff, does not memorialize any legal advice that Mr. Granoff may have offered, and does not convey his mental impressions concerning this litigation. To the extent Wilbur-Ellis believes that the facts Mr. Rusu provided to Mr. Granoff in advance of the phone conversation are privileged, I disagree, as the facts he shared concerned Wilbur-Ellis's contractual relationship with the customer and and were not rendered in anticipation of litigation.

The second set of documents—241, 243, 244, 245, 249, and 250—originate from a March 2017 email chain discussing a proposed press release. The Special Master permitted partial redactions to three emails written by Mr. Granoff. These redactions were appropriate. Wilbur-Ellis's other proposed redactions are not. The rest of the messages in this exchange do not contain privileged information. Mr.

3

Granoff offered minor edits to a public document that discusses the Rosser facility for public relations/brand strategy purposes. Additionally, the factual information relayed by other employees in this exchange was not done in anticipation of the litigation.

As a result, I agree with the Special Master's determination that none of these communications are privileged.

> III. *Documents containing Wilbur-Ellis's outside counsel's substantive commentary about draft press statements*

This category includes Documents 68, 70, 72, 73, 74, 75, and 76. These communications originate from the same email chain, dated October 9, 2014, in which the participants discussed a press statement drafted by Peppercomm and reviewed by Wilbur-Ellis's outside litigation counsel. The Special Master sustained Wilbur-Ellis's objection regarding one email authored by Mr. Granoff at 9:43 a.m. but overruled its objections as to two emails he sent at 5:57 p.m. and 10:19 p.m.

After careful consideration, I find that these emails contain privileged information, as they communicate Mr. Granoff's insights into Wilbur-Ellis's potential liability. Wilbur-Ellis's objection as to these communications is therefore sustained.

Based on my review of the communications at issue, I will overrule Wilbur-Ellis's objection and adopt the Special Master's Omnibus Order No. 14 in its entirety, with the exceptions discussed above.

Accordingly,

**IT IS HEREBY ORDERED that** Wilbur-Ellis's objection to Omnibus Order No. 14, [1720], is **OVERRULED** except with respect to the exceptions discussed in this order.

                                                                              */s/ Rodney W. Sippel*
                                                                              RODNEY W. SIPPEL
                                                                              UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2022.