UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BLUE BUFFALO COMPANY, LTD., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14 CV 859 RWS |
| WILBUR-ELLIS COMPANY LLC, et al., | ) |
| Defendants. | ) |
| AND RELATED ACTIONS | ) |

## MEMORANDUM AND ORDER

Before the Court are numerous motions for leave to file under seal pursuant to E.D. Mo. Local Rule 13.05(A)(4).  [1796, 1799, 1801, 1805, 1810, 1811, 1815, 1817, 1822].  For the reasons set forth below, the motions are all granted.  In addition, as further set forth below, the Court provisionally authorizes the parties to file confidential information under seal as necessary in the future without filing separate motions for leave to file under seal.

Throughout this litigation, the parties have sought to seal a number of filings from the public docket due to the confidential nature of the information contained in those filings.  At issue in the instant motions are confidential documents that have been submitted by the parties in connection with dispositive and *Daubert* motions.

"Generally speaking, there is a common-law right of access to judicial records, but that right is not absolute." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978), and *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013)). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings, and 'to keep a watchful eye on the workings of public agencies.'" *IDT Corp.*, 709 F.3d at 1222 (quoting *Nixon*, 435 U.S. at 598) (internal citation omitted). "The decision whether to seal a judicial record is left to the sound discretion of the trial court 'in light of the relevant facts and circumstances of the particular case.'" *Wishah v. City of Country Club Hills*, 2021 WL 3860328, at *2 (E.D. Mo. Aug. 30, 2021) (quoting *Nixon*, 435 U.S. at 599). "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223. "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).

The parties have submitted legal memoranda in support of each of the motions, indicating that the documents sought to be filed under seal are subject to the protective order previously entered in this case as either confidential documents or documents marked with the "confidential – attorneys' eyes only" designation. The parties have filed redacted copies of their documents on the public docket, with redactions that the Court finds to be reasonable in scope and targeted at information designated as confidential in nature.

Upon careful review of the documents at issue, the Court determines that the information the parties seek to file under seal meets the confidential designations of the protective order and the parties' interest in maintaining the confidentiality in the material at issue outweighs the public's right of access. *See IDT Corp.*, 709 F.3d at 1224 (affirming the district court's decision to seal certain "confidential and competitively sensitive business information"); *Eagan,* 2021 WL 6134381, at *2 (noting that parties have a legitimate interest in keeping private financial information confidential); *In re Bair Hugger Forced Air Warming Devices Prod. Liab. Litig.*, 2020 WL 4035548, at *2 (D. Minn. July 27, 2020) ("Unsealing documents containing confidential business operations communications would provide competitors with insight into how [the company makes] business decisions, which would give competitors the ability to make strategic decisions to negative impact [the company's] market share.").

3

Given the Court's familiarity with this litigation, it expects more motions for leave to file under seal in connection with further briefing.  Due to the unusually high volume of motions to seal that the parties have had to file in this matter, coupled with the consistently meritorious nature of their motions thus far, the Court will take the highly unusual step of provisionally authorizing the sealing of memoranda and exhibits that contain sensitive information, assuming that information is similar in kind to the information the Court has already authorized the parties to file under seal.  **The parties have leave of Court to file such documents under seal *without filing motions requesting permission to seal*.  The parties must continue to file redacted versions of any sealed documents on the public docket, however, and they are cautioned to be as judicious in future redactions as they have been thus far.**

Because this ruling is provisional and prospective in nature, the Court reserves the right to revisit it, and if the Court determines that anything filed under seal does not meet the legal standard for sealing, it may order such information unsealed after appropriate notice to the parties.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Leave to File Under Seal [1796, 1799, 1801, 1805, 1810, 1811, 1815, 1817, 1822] are **GRANTED.**

**IT IS FURTHER ORDERED** that the parties have provisional leave to file

4

any documents and exhibits containing confidential information under seal in the manner described herein, without first filing a motion for leave to file under seal. The parties must still file on the public docket redacted versions of such documents or explain to the Court why such redaction is not possible.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2023.